1   Patrick J. Reilly
    Nevada Bar No. 6103
2   BROWNSTEIN HYATT FARBER SCHRECK, LLP
    100 North City Parkway, 16th Floor
3   Las Vegas, Nevada 89106
    Telephone: 702.382.2101
4   Facsimile: 702.382.8135
    preilly@bhfs.com
5
    Mark Oakes (*pro hac vice* petition pending)
6   Zach McHenry (*pro hac vice* petition pending)
    Ethan Glenn (*pro hac vice* petition pending)
7   NORTON ROSE FULBRIGHT US LLP
    98 San Jacinto Boulevard, Suite 1100
8   Austin, Texas  78701-4255
    Telephone: (512) 474-5201
9   Facsimile: (512) 536-4598
    mark.oakes@nortonrosefulbright.com
10  zach.mchenry@nortonrosefulbright.com
    ethan.glenn@nortonrosefulbright.com
11
    *Attorneys for Defendants*
12

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

13

14                  **UNITED STATES DISTRICT COURT**

15                       **DISTRICT OF NEVADA**

16   PARADISE ENTERTAINMENT LIMITED, a
17   Bermuda corporation; and LT GAME                Case No. 2:24-cv-00428
     (CANADA) LIMITED, a Nevada corporation,
18
                    *Plaintiffs,*
19           v.
                                                     **ANSWER AND COUNTERCLAIMS of**
20   EMPIRE TECHNOLOGICAL GROUP                       **EMPIRE TECHNOLOGICAL GROUP**
     LIMITED, a Nevada corporation; GAMING           **LIMITED, a Nevada corporation;**
21   SPECIALIZED LOGISTICS LLC, a Nevada             **GAMING SPECIALIZED LOGISTICS**
     limited liability company; LINYI FENG, an       **LLC, a Nevada limited liability company;**
22   individual; ROY KELCEY ALLISON, an              **LINYI FENG, an individual; ROY**
     individual; and DARYN KIELY, an individual,     **KELCEY ALLISON, an individual; and**
23                                                    **DARYN KIELY**
                    *Defendants.*
24                                                    **JURY TRIAL DEMANDED**
25

26

27

28
                                      1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

## ANSWER TO COMPLAINT

Defendants Empire Technological Group Limited ("Empire"), Mr. Linyi Feng ("Mr. Feng"), Gaming Specialized Logistics LLC ("GSL"), Roy Kelcey Allison ("Mr. Allison"), and Daryn Kiely ("Mr. Kiely") (collectively, "Defendants"), by and through their undersigned counsel answer the claims of Plaintiffs Paradise Entertainment Limited ("Paradise") and LT Game (Canada) Limited ("LTGC")[1] (collectively, "Plaintiffs") as follows:

## RESPONSE TO ALLEGATIONS IN COMPLAINT[2]

1. Defendants admit the general description in Paragraph 1, but deny any allegations therein.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendants dispute that Plaintiffs are entitled to any relief but do not dispute subject matter jurisdiction for purposes of this case.

10. Defendants dispute that Plaintiffs are entitled to any relief but do not dispute personal jurisdiction for purposes of this case.

11. Defendants dispute that Plaintiffs are entitled to any relief but do not dispute venue for purposes of this case.

12. Admitted that Paradise is a supplier of electronic gaming equipment and systems,

---

[1] For the avoidance of doubt, LTGC refers solely to Plaintiff LT Game (Canada) Limited. The Complaint refers Plaintiff LT Game (Canada) Limited as "LT Game," which introduces confusion in light of the allegation that "Paradise operates its worldwide electronic gaming equipment and systems business under the brand name 'LT Game.'" (*See* Dkt. #1, ¶ 14).

[2] Each numbered paragraph in this Answer corresponds to the same numbered paragraph in the Complaint.

2

and is listed on the Honk Kong stock exchange. The remaining allegations are denied.

13. Admitted that Paradise has developed gaming equipment technology, and that Paradise and its subsidiaries have developed, sold, and leased electronic gaming products. The remaining allegations are denied.

14. Admitted that LTGC is a subsidiary of Paradise. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations, and thus deny them.

15. Defendants deny that the electronic gaming equipment and systems business is a highly competitive industry. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations, and thus deny them.

16. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

17. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

18. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

19. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

20. Admitted that Dr. Jay Chun ("Dr. Chun") leads Paradise. It is further admitted that Dr. Chun has experience in the gaming industry. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

21. Admitted.

22. Admitted that, prior to 2008, Mr. Feng had no employment experience in the gaming industry. The remaining allegations set forth in Paragraph 22 are denied.

23. Denied.

24. Admitted that, in February 2008, Paradise incorporated LTGC in Ontario, Canada, to explore the North American market for its electronic gaming products, and that LTGC is now a Nevada corporation. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations, and thus deny them.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

25.     Admitted that Mr. Feng. Served as LTGC's president, secretary, treasurer, and sole director from February 19, 2008, until to February 28, 2022.  The remaining allegations are denied.

26.     Admitted that Mr. Feng, in his capacity as LTGC's president, secretary, treasurer, and director, had access to information concerning LTGC's business.  The remaining allegations set forth in Paragraph 26 are denied.

27.     Admitted that LT Game International Limited was incorporated in the British Virgin Islands in 2012 and Mr. Wang Tao Feng ("Mr. Wang") was the sole shareholder of the company. The remaining allegations set forth in Paragraph 27 are denied.

28.     Admitted that, shortly after the company was incorporated, LT Game International Limited changed its name to LT Game International (US) Limited; and, in May 2016, after Mr. Feng acquired the company, he changed LT Game International (US) Limited's name to "Empire Technological Group Limited."  The remaining allegations are denied.

29.     Admitted that, from 2014 until February 2022, Mr. Feng served as a consultant for LifeTec with respect to casino gaming equipment sales and services, and received some compensation for his work under that arrangement.  The remaining allegations are denied.

30.     Admitted that, in 2015, Mr. Feng acquired Empire (then known as LT Game International (US) Limited) from Mr. Wang for $1.  The remaining allegations are denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Admitted that Empire has had a business relationship with Paradise over the years that was intended to be mutually beneficial.  The allegations set forth in Paragraph 34 mischaracterize the business relationship between Empire and Paradise, and therefore are denied.

35.     Admitted that, while Mr. Feng operated Empire, he continued to hold the titles of president, secretary, treasurer, and director of LTGC, until February 28, 2022, when he resigned from LTGC.  The remaining allegations are denied.

36.     Denied.

37.     Admitted that Mr. Feng and Mr. Allison would have had discussions regarding the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

slot machine business at various points in time. It is further admitted that, in 2018, Mr. Allison was the sole owner and operator of GSL, which is a company that provides consulting services relating to the gaming industry. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

38.    Admitted that Mr. Allison previously worked for Aruze Gaming America in various capacities, including serving as the CEO of that company for roughly one year.

39.    Admitted that Empire engaged GSL to provide consulting services to Empire with respect to distributing Paradise and/or LTGC's products. Defendants further admit that Empire discussed this arrangement with Paradise. The remaining allegations are denied.

40.    Denied.

41.    Denied.

42.    Admitted that LTGC provided Empire warehouse space for a certain period of time, and that this arrangement was governed by, and memorialized in, a written "Shared Services Agreement" signed by Empire and LTGC. It is further admitted that Empire later moved to a new facility and terminated the Shared Services Agreement. The remaining allegations are denied.

43.    Denied.

44.    Admitted that Paradise and/or LTGC paid for some of the required certifications of its own gaming equipment, which Empire distributed. The remaining allegations are denied.

45.    Admitted that, for the benefit of LTGC, certain LTGC employees had Empire email accounts. The remaining allegations are denied.

46.    Admitted that Mr. Kiely served as the Executive Director of Engineering and the VP of Engineering for LTGC from February 2016 until 2019, at which time Mr. Kiely's titled changed to Chief Technology Officer. It is further admitted that Mr. Kiely began working concurrently for Empire in February 2019. The remaining allegations are denied.

47.    Admitted that, in 2019, Mr. Feng considered assigning approximately 5% of shares in Empire to Mr. Kiely. The remaining allegations are denied.

48.    Admitted.

49.    Defendants deny the characterizations of the content of Exhibit A, as the document

5

speaks for itself. The remaining allegations are denied.

50.     Admitted that, as Chief Technology Officer of LTGC, Mr. Kiely managed LTGC's technical teams, worked with only a subset of Paradise's research and development teams on certain projects, and reported to Mr. Feng. The remaining allegations are denied.

51.     Admitted that Mr. Kiely, as LTGC's Chief Technology Officer, had access to information concerning LTGC's business. The remaining allegations are denied.

52.     Admitted that Mr. Kiely, as LTGC's Chief Technology Officer, had access to a gaming platform licensed from Aspect Group Limited. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

53.     Admitted that Mr. Kiely, as LTGC's Chief Technology Officer, had access to a computer program called "LTShoe," including that program's source code, which was used in smart card shoes. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

54.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

55.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

56.     Admitted that Mr. Kiely, as LTGC's Chief Technology Officer, had access to a computer program called "Paradise Golden Frog Baccarat." Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

57.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

58.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

59.     Defendants deny the characterizations of the content of Exhibit A, as the document speaks for itself. The remaining allegations are denied.

60.     Denied.

61.     Admitted.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

6

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

62. Defendants deny the characterizations of the content of Exhibit D, as the document speaks for itself. The remaining allegations are denied.

63. Defendants deny the characterization of Mr. Allison's duties. Defendants admit that Mr. Allison's January 1, 2020 Employment Contract purports to describe his job duties, but deny that this description reflects his actual duties. Defendants admit that Mr. Allison reported to Mr. Feng. The remaining allegations are denied.

64. Admitted that, as Senior Vice President of Operations and Business Development of LTGC, Mr. Allison had access to limited information concerning LTGC's business. The remaining allegations are denied.

65. Admitted that, in 2022, LTGC entered into an agreement with GSL. Defendants deny the characterizations of Exhibit E, as the document speaks for itself. The remaining allegations are denied.

66. Admitted that, in 2022, LTGC entered into an agreement with GSL, the terms of which speak for themselves. The remaining allegations are denied.

67. Denied.

68. Denied.

69. Admitted that, in certain instances, Paradise and/or LTGC reimbursed expenses incurred by Empire to obtain product approvals for Paradise and LTGC products, as required by applicable gaming regulators. The remaining allegations are denied.

70. Admitted that a Nevada gaming license is expensive to obtain. The remaining allegations are denied.

71. Denied.

72. Denied.

73. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

74. Admitted that, on November 1, 2018, Empire entered into an agreement with Commerce Casino to lease Smart Card Shoes owned by LTGC to Commerce Casino containing the LTShoe program, which was signed by Mr. Feng for Empire and by Jeffrey Harris for

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

Commerce Casino.  Defendants further admit that Smart Card Shoes are software-controlled playing card dispensing machines used by card dealers.  The remaining allegations are denied.

75.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

76.    Defendants have been unable to locate the communication referenced in Paragraph 76 and therefore are unable to admit or deny that Paragraph 76 is an accurate representation of the alleged communication; however, Defendants admit that Mr. Feng sent a similar communication to Dr. Chun on or around January 21, 2022.

77.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

78.    Admitted that, in February 2022, Mr. Feng resigned as President of LTGC.  The remaining allegations are denied.

79.    Defendants have been unable to locate the communication referenced in Paragraph 79 and therefore lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

80.    Defendants deny the allegations, except admit that Mr. Feng remained President of Empire.

81.    Denied.

82.    Admitted that Mr. Kiely's final day of employment at LTGC was March 31, 2023. It is further admitted that Mr. Kiely's public LinkedIn profile indicates that he was working concurrently at Empire and LTGC.  The remaining allegations are denied.

83.    Denied.

84.    Denied.

85.    Defendants deny the allegations, except admit that Mr. Allison's public LinkedIn profile indicates that he was working concurrently at Empire and LTGC.

86.    Denied.

87.    Denied.

88.    Denied.

89. Denied.

90. Denied.

91. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them, except that Empire purchased certain Aruze assets.

92. Denied.

93. Denied.

94. Admitted that Mr. Feng has maintained that he had no obligations to Paradise or LTGC with respect to Empire. The remaining allegations are denied.

95. Admitted.

96. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 96, and thus deny them. The remaining allegations set forth in Paragraph 96 are denied.

97. Denied.

98. Denied.

99. Denied.

100. Admitted.

101. Admitted that on December 14, 2019, Empire filed a trademark application with the United States Patent and Trademark Office for "GOLDEN FROG BACCARAT," U.S. Serial No. 88727507, and that the application was later abandoned. The remaining allegations are denied.

102. Admitted that, in July 2020, a US provisional patent application was filed that later resulted in U.S. Patent No. 11,341,807 entitled "Display Assembly for Relevant Messaging for Gaming Apparatus and Methods Therefor," that Mr. Feng and Mr. Kiely were the inventors listed thereon, and that the patent was assigned to Empire. It is further admitted that, on or about June 8, 2022, Empire filed a patent infringement lawsuit against Light & Wonder, Inc. and SG Gaming, Inc. It is further admitted that Mr. Feng and Mr. Kiely are the named inventors on other patents that are assigned to Empire. The remaining allegations are denied.

103. Denied.

104. Admitted that Jeff Conradi was a software engineer employed by LTGC.

9

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations, and thus deny them.

105.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

106.    Defendants have been unable to locate the communication referenced in Paragraph 106 and therefore lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

107.    Admitted that, in or around August 2020, Playful Interactive released an app called "Golden Frog Baccarat," which was available on the Apple App Store and Android Google Play. The remaining allegations are denied.

108.    Defendants deny the allegations set forth in Paragraph 108, except admit that Mr. Feng set up a Nevada company called Akkadian Enterprises ("Akkadian") on May 21, 2021.

109.    Admitted that, in 2021, Akkadian purchased intellectual property from Synergy Blue LLC. The remaining allegations set forth in Paragraph 109 are denied.

110.    Denied.

111.    Admitted.

112.    Admitted that, in 2021, Mr. Feng formed the following companies: (1) Solution Gaming Technologies ("Solution Gaming"); (2) Victorian Investment Holdings; (3) Ephesus Holdings; (4) F&T Holdings LLC; (5) F&T LV Real Estate 1, LLC; (6) F&T LV Real Estate 2, LLC; and (7) F&T LV Real Estate 3, LLC. The remaining allegations are denied.

113.    Defendants admit the allegations set forth in Paragraph 113, except clarify that Empire indicated on the trademark application that the first use date was at least as early as January 7, 2019, and the first use in commerce date was at least as early as April 16, 2019.

114.    Admitted that Empire entered into an agreement with Sockeye Software, effective February 8, 2022, to license software for computerized slot machines. The remaining allegations are denied.

115.    Denied.

116.    Defendants deny the allegations set forth in Paragraph 116, except admit that

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

LTGC's card shoes were removed from Commerce Casino at the direction of Commerce Casino, and other LTGC card shoes were subsequently placed at Commerce Casino. The remaining allegations are denied.

117.    Denied.

118.    Admitted that Empire has offered a smart card shoe product called "SMRT Power Shoe," which LTGC had provided to Empire. The remaining allegations are denied.

119.    Admitted that Empire entered into an agreement with Solution Gaming on June 6, 2022, whereby Empire sold gaming equipment that belonged to LTGC to Solution Gaming. The remaining allegations set forth in Paragraph 119 are denied.

120.    Defendants deny the allegations set forth in Paragraph 120, except admit that, since October 2023, Empire has been doing business as Aruze Gaming Global.

121.    Admitted that, at a point in time, the Empire/Aruze website listed Golden Frog Baccarat as one of its electronic table game products. The Golden Frog Baccarat description stated, "Our POWER SHOE and SMRT BOARD allows casinos to eliminate dealer errors and needless keypad entries, while providing valuable gaming data for analytics and game protection." The remaining allegations are denied.

122.    Admitted that the Empire's Golden Frog Baccarat electronic table games are currently in use at some or all of the following casinos: (1) Durango Station (Las Vegas, NV); (2) Red Rock Resort (Las Vegas, NV); (3) Rampart Casino (Las Vegas, NV); (4) Santa Fe Station (Las Vegas, NV); (5) Agua Caliente (Palm Springs, CA, and Rancho Mirage, CA); (6) Bay 101 (San Jose, CA); (7) Graton Casino (Rohnert Park, CA); (8) Red Hawk Casino (Placerville, CA); (9) Hard Rock Sacramento (Wheatland, CA); (10) Cache Creek Casino (Brooks, CA); (11) Monarch Casino (Black Hawk, CO); and (12) Hard Rock Biloxi (Biloxi, MS). The remaining allegations are denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations, and thus deny them.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

**RESPONSE TO COUNT ONE[3]**
**(Misappropriation of Trade Secrets Under Defend Trade Secrets Act)**

127.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

128.    Paragraph 128 is Plaintiffs' statement of claim and does not require a response. To the extent Paragraph 128 requires a response, Defendants deny the same.

129.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

130.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

131.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

132.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

133.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

134.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

135.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

136.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

137.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

138.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

---

[3] Defendants deny any and all other paragraphs, headings, titles, claims for relief, and all other allegations or averments, numbered or unnumbered, not specifically responded to herein.

139.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

140.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

141.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

142.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

143.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

144.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

145.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

146.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

**RESPONSE TO COUNT TWO**
**(Misappropriation of Trade Secrets Under Nevada Uniform Trade Secrets Act)**

147.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

148.    This paragraph is Plaintiffs' statement of claim and does not require a response.  To the extent this paragraph requires a response, Defendants deny the same.

149.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

150.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

151.    This paragraph purports to set forth legal conclusions to which no response is

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

152.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

153.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

154.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

155.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

156.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

157.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

158.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

159.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

160.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

161.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

162.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

163.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

164.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

165.    This paragraph purports to set forth legal conclusions to which no response is

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.

14

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

## RESPONSE TO COUNT THREE
### (Copyright Infringement)

166.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

167.    This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

168.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied. This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

169.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

170.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

171.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

172.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

173.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

174.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

175.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

176.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

177.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

**RESPONSE TO COUNT FOUR**
**(Fraud)**

178.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

179.    This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

180.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

181.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

182.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

183.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

184.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

185.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

186.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

187.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

188.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

189.    This paragraph purports to set forth legal conclusions to which no response is

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

190.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

191.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

192.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

193.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

194.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

195.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

196.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

**RESPONSE TO COUNT FIVE**
**(Constructive Fraud)**

197.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

198.    This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

199.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

200.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

201.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

202.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

203.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

### RESPONSE TO COUNT SIX
### (Conspiracy)

204.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

205.    This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

206.    This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

207.    This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

208.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

209.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

210.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

### RESPONSE TO COUNT SEVEN
### (Conversion)

211.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

212.    This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

213.    This paragraph purports to set forth legal conclusions to which no response is

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

214.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

215.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

216.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

### RESPONSE TO COUNT EIGHT
### (Racketeer Influenced and Corrupt Organizations)

217.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

218.    This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

219.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

220.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

221.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

222.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

223.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

224.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

**RESPONSE TO COUNT NINE**
**(Unjust Enrichment)**

225.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

226.    This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

227.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

228.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

229.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

230.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

**RESPONSE TO COUNT TEN**
**(Breach of Fiduciary Duty)**

231.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

232.    This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

233.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

234.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

235.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

236.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

237. This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

238. This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

239. This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

240. This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

241. This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

242. This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

### RESPONSE TO COUNT ELEVEN
### (Aiding and Abetting)

243. Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

244. This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

245. This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

246. This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

247. This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

248. This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

249. This paragraph is Plaintiffs' request for damages and does not require a response.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

To the extent this paragraph requires a response, Defendants deny the same.

250.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

## RESPONSE TO COUNT TWELVE
### (Breach of Contract)

251.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

252.    This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

253.    This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

254.    This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

255.    This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

256.    This paragraph purports to set forth legal conclusions to which no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

257.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

258.    This paragraph is Plaintiffs' request for relief and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

259.    This paragraph is Plaintiffs' request for relief and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

260.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

**RESPONSE TO COUNT THIRTEEN**
**(Tortious Interference with Contract)**

261.    Defendants incorporate their responses to the foregoing paragraphs as though fully set forth herein.

262.    This paragraph is Plaintiffs' statement of claim and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

263.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

264.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

265.    This paragraph purports to set forth legal conclusions to which no response is required.  To the extent this paragraph contains any factual allegations, those allegations are denied.

266.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

267.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

268.    This paragraph is Plaintiffs' request for damages and does not require a response. To the extent this paragraph requires a response, Defendants deny the same.

## AFFIRMATIVE AND OTHER DEFENSES

**FIRST DEFENSE**
**(Failure to State a Claim)**

Plaintiffs' claims fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**
**(Unclean Hands)**

Plaintiffs are barred from obtaining the relief sought in the Complaint by the doctrine of unclean hands.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRD DEFENSE
### (Retention of Counsel)

Defendants have been forced to retain counsel to defend against Plaintiffs' claims, and Defendants are entitled to an award of reasonable attorney fees.

### FOURTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs have failed to properly mitigate damages so as to prevent or reduce the extent of damages sustained, if any.

### FIFTH DEFENSE
### (Voluntary Payment Doctrine)

Plaintiffs are barred from obtaining the relief sought in the Complaint by the voluntary payment doctrine.

### SIXTH DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations.

### SEVENTH DEFENSE
### (Laches)

Plaintiffs' claims are barred by the doctrine of laches.

### EIGHTH DEFENSE
### (Affirmative Defenses Pursuant to FRCP 8)

Defendants hereby incorporate those affirmative defenses enumerated in FRCP 8 as if fully set forth herein. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

### **RESERVATION OF RIGHTS**

Defendants reserve the right to amend, supplement, alter, and/or change this Answer, including asserting additional affirmative defenses, upon the revelation of more definite facts during and/or upon the completion of further discovery and investigation.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

## COUNTERCLAIMS

Empire Technological Group Limited ("Empire"), Mr. Linyi Feng ("Mr. Feng"), Gaming Specialized Logistics LLC ("GSL"), Roy Kelcey Allison ("Mr. Allison"), and Daryn Kiely ("Mr. Kiely") (collectively, "Counterclaimants"), by and through their undersigned counsel, hereby assert the following counterclaims against Paradise Entertainment Limited ("Paradise") and LT Game (Canada) Limited ("LTGC") (collectively, "Counterdefendants") as follows:

1.     Counterclaimants incorporate by reference the paragraphs above as if fully set forth herein.

## COUNT ONE
### Breach of Contract
### (Against LTGC)

2.     Counterclaimants incorporate by reference the paragraphs above as if fully set forth herein.

3.     Counterclaimant Mr. Allison asserts this claim for breach of contract against LTGC.

4.     Counterdefendants have alleged, and Counterclaimants admit, that, in 2020, LTGC hired Mr. Allison to be its Senior Vice President of Operations and Business Development. (*See* Dkt. #1, ¶ 61). A copy of the employment agreement between LTGC and Mr. Allison, dated January 1, 2020, is attached to Counterdefendants' Complaint as Exhibit D. (*See* Dkt. #1-4).

5.     Among other wages and benefits, Mr. Allison's January 1, 2020 Employment Contract provides that he was entitled to receive sales commission. (*Id*. at pg. 4, § 4.b).

6.     Specifically, Mr. Allison's January 1, 2020 Employment Contract states:

> You will receive sales commission according to the Company's policy (which is now 0.25%). The rate will be calculated from the monthly revenue which the Company actually receives from customers and will be paid to you the following month on the pay date 15th of such month. You will continue to receive the commission rate as long as you are employed by the Company. The Company shall reserve the right to adjust or change the commission rate and the payment date at its sole discretion.

*Id*.

7.     Mr. Allison was employed by LTGC until June 30, 2022.

25

8.      During the course of his employment with LTGC, and during the time his January 1, 2020 Employment Contract was in effect, Mr. Allison made sales on behalf of LTGC for which he was entitled to receive commission payments pursuant to his January 1, 2020 Employment Contract.

9.      LTGC never paid Mr. Allison any of the sales commission payments he was owed.

10.     LTGC breached its employment agreement with Mr. Allison by failing to pay Mr. Allison the sales commission payments he was owed.

11.     Mr. Allison suffered substantial monetary losses as a result of the breaches alleged herein.

12.     Mr. Allison seeks compensation for his monetary losses.

13.     As a direct and proximate result of the breaches alleged herein, Mr. Allison has been injured and damaged in an amount to be proven at trial plus applicable interest, attorneys' fees, and costs.

## COUNT TWO
### Breach of Contract
### (Against LTGC)

14.     Counterclaimants incorporate by reference the paragraphs above as if fully set forth herein.

15.     Counterclaimant GSL asserts this claim for breach of contract against LTGC.

16.     In December 2018, LTGC entered into an agreement with GSL pursuant to which GSL would provide consultancy services to LTGC.  A copy of this December 2018 Consultancy Services Agreement is attached as **Exhibit A**.

17.     Among other fees, the December 2018 Consultancy Services Agreement provides that LTGC would pay GSL sales commission payments.

18.     GSL provided consultancy services to LTGC until June 2023.

19.     During the course of its relationship with LTGC, and during the time the December 2018 Consultancy Services Agreement was in effect, GSL made sales on behalf of LTGC for which

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

it was entitled to receive commission payments pursuant to the December 2018 Consultancy Services Agreement.

20.     LTGC never paid GSL any of the sales commission payments it was owed.

21.     LTGC breached its agreement with GSL by failing to pay GSL the sales commission payments it was owed.

22.     GSL suffered substantial monetary losses as a result of the breaches alleged herein.

23.     GSL seeks compensation for its monetary losses.

24.     As a direct and proximate result of the breaches alleged herein, GSL has been injured and damaged in an amount to be proven at trial plus applicable interest, attorneys' fees, and costs.

## COUNT THREE
### Attorneys' Fees Pursuant to Nev. Rev. Stat. § 600A.060
### (Against Paradise and LTGC)

25.     Counterclaimants incorporate by reference the paragraphs above as if fully set forth herein.

26.     Counterclaimants assert this claim for attorneys' fees against Paradise and LTGC.

27.     Counterdefendants have claimed that Counterclaimants have misappropriated Counterdefendants' confidential and trade secret information in violation of the Nevada Uniform Trade Secrets Act, Nev. Rev. Stat. §§ 600A, *et seq.* (Dkt. #1, ¶¶ 147-165).

28.     As stated herein at paragraphs 147-165, Counterclaimants deny the allegations forming the basis of Counterdefendants' misappropriation of trade secrets claim.

29.     Counterclaimants are entitled to recover their reasonable and necessary attorneys' fees, expenses and costs incurred in defending against this action pursuant to Nev. Rev. Stat. § 600A.060 because Counterdefendants brought and made its misappropriation of trade secrets claim in bad faith.  Specifically, Counterdefendants brought and made their misappropriation of trade secrets claim against Counterclaimants with full knowledge that there existed and exists no ground in fact or law to assert any such claims, and such claim is knowingly frivolous and without merit. Counterdefendants' misappropriation of trade secrets claim is groundless, brought in bad faith, and

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

1   for the improper purpose of harassment, especially considering that each allegation and factual

2   contention asserted in support of Counterdefendants' misappropriation of trade secrets claim lacks

3   evidentiary support.

4        30.     For the foregoing reasons, Counterclaimants seek the recovery of their reasonable

5   and necessary attorneys' fees, expenses and costs incurred in defending against this action.

6

7                              **PRAYER FOR RELIEF**

8        WHEREFORE, Defendants and Counterclaimants, respectfully request judgment as

9   follows: (i) Dismissing the Complaint, together with attorneys' fees, costs, and disbursements; and

10  (ii) Awarding Defendants and Counterclaimants such other and further relief to which they may be

11  entitled, both at law and in equity.  Defendants and Counterclaimants seek a trial by jury on all

12  issues so triable.

13

14        DATED this 26th day of April 2024.

15

16                                   */s/ Patrick J. Reilly*
                                     Patrick J. Reilly
17                                   BROWNSTEIN HYATT FARBER
                                     SCHRECK, LLP
18                                   100 North City Parkway, 16th Floor
                                     Las Vegas, Nevada 89106
19
20                                   Mark Oakes (*pro hac vice* petition pending)
                                     Zach McHenry (*pro hac vice* petition
21                                   pending)
                                     Ethan Glenn (*pro hac vice* petition pending)
22                                   NORTON ROSE FULBRIGHT US LLP
                                     98 San Jacinto Boulevard, Suite 1100
23                                   Austin, Texas  78701-4255
24                                   *Attorneys for Defendants*
25
26
27
28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **ANSWER AND COUNTERCLAIMS of EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; and DARYN KIELY** was served via electronic service on the 26th day of April, 2024, to all parties on the CM/ECF service list.


*/s/ Dominique Hoskins*
An employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382