OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
**HOLLEY DRIGGS**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 791-0308
Fax: (702) 791-1912
Email: opancheri@nevadafirm.com
        jlujan@nevadafirm.com

JEAN-PAUL CIARDULLO, ESQ. (*pro hac vice*)
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500
Fax: (213) 486-0065
Email: jciardullo@foley.com

ROBERT T. STEWART, ESQ.
Nevada Bar No. 13770
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, UT 84111
Tel.: (801) 401-8900
Email: rtstewart@foley.com

*Attorneys for Plaintiffs/Counterdefendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARADISE ENTERTAINMENT LIMITED, a Bermuda corporation; and LT GAME (CANADA) LIMITED, a Nevada corporation, <br><br> Plaintiffs, <br><br> v. <br><br> EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; and DARYN KIELY, an individual, <br><br> Defendants. | Case No. 2:24-cv-00428-JCM-BNW <br><br> **ANSWER TO COUNTERCLAIMS of PARADISE ENTERTAINMENT LIMITED and LT GAME (CANADA) LIMITED** <br><br> **JURY DEMAND** |

**ANSWER TO COUNTERCLAIMS**

Plaintiffs and Counterdefendants Paradise Entertainment Limited ("Paradise") and LT Game (Canada) Limited ("LT Game") (collectively, "Plaintiffs" or "Counterdefendants"), by and through their counsel of record, answer the Counterclaims of Defendants and Counterclaimants Empire Technological Group Limited ("Empire"); Gaming Specialized Logistics LLC ("GSL"); Mr. Linyi "Frank" Feng ("Mr. Feng"); Mr. Roy Kelcey Allison ("Mr. Allison"); and Mr. Daryn Kiely ("Mr. Kiely") (collectively, "Defendants" or "Counterclaimants") as follows:

1.    Counterdefendants incorporate by reference the allegations set forth in their Complaint (ECF No. 1) as if fully set forth herein.

**RESPONSE TO COUNT ONE**

2.    After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice. *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two). To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows. Counterdefendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

3.    After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice. *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two). To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows. Paragraph 3 is Mr. Allison's statement of claim and does not require a response. To the extent Paragraph 3 requires a response, Counterdefendants deny the same.

4.    After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice. *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two). To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows. Admitted.

5.    After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice. *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two). To the extent Count One of Counterclaimants'

ANSWER TO COUNTERCLAIMS

Counterclaims requires a response, Counterdefendants respond as follows.  Paragraph 5 purports to characterize the content of Exhibit D to the Complaint (ECF No. 1-4), but the document speaks for itself, and Counterdefendants deny any different characterizations of what the document says.

6.    After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two).  To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows.  Paragraph 6 purports to characterize the content of Exhibit D to the Complaint (ECF No. 1-4), but the document speaks for itself, and Counterdefendants deny any different characterizations of what the document says.

7.    After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two).  To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows.  Denied.

8.    After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two).  To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows.  Denied.

9.    After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two).  To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows.  Denied.

10.    After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two).  To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows.  Paragraph 10 purports to set forth legal conclusions to which no response is required.  To the extent Paragraph 10 contains any factual allegations, those factual allegations are denied.

11.    After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One

ANSWER TO COUNTERCLAIMS

of Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two).  To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows.  Paragraph 11 purports to set forth legal conclusions to which no response is required.  To the extent Paragraph 11 contains any factual allegations, those factual allegations are denied.

12.     After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two).  To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows.  Paragraph 12 is Mr. Allison's request for damages and does not require a response.  To the extent Paragraph 12 requires a response, Counterdefendants deny the same.

13.     After meeting and conferring with Plaintiffs, Mr. Allison agreed to withdraw Count One of Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two).  To the extent Count One of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows.  Paragraph 13 is Mr. Allison's request for damages and does not require a response.  To the extent Paragraph 13 requires a response, Counterdefendants deny the same.

**RESPONSE TO COUNT TWO**

14.     After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two).  To the extent Count Two of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows.  Counterdefendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

15.     After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two).  To the extent Count Two of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows.  Paragraph 15 is GSL's statement of claim and does not require a response.  To the extent Paragraph 15 requires a response, Counterdefendants deny

ANSWER TO COUNTERCLAIMS

the same.

16.    After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of Counterclaimants' Counterclaims without prejudice. *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two). To the extent Count Two of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows. Paragraph 16 purports to characterize the content of Exhibit A to the Counterclaims, but the document speaks for itself, and Counterdefendants deny any different characterizations of what the document says.

17.    After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of Counterclaimants' Counterclaims without prejudice. *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two). To the extent Count Two of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows. Paragraph 17 purports to characterize the content of Exhibit A to the Counterclaims (ECF No. 17-1), but the document speaks for itself, and Counterdefendants deny any different characterizations of what the document says.

18.    After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of Counterclaimants' Counterclaims without prejudice. *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two). To the extent Count Two of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows. Counterdefendants admit that GSL provided consultancy services to LT Game until June 2023 but deny any suggestion that the December 2018 Consultancy Services Agreement was in effect for the entirety of that time period.

19.    After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of Counterclaimants' Counterclaims without prejudice. *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two). To the extent Count Two of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows. Denied.

20.    After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of Counterclaimants' Counterclaims without prejudice. *See* (ECF No. 28) (Stipulation and Order to Dismiss Counterclaim Counts One and Two). To the extent Count Two of Counterclaimants' Counterclaims requires a response, Counterdefendants respond as follows. Denied.

21.    After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of

1   Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss
2   Counterclaim Counts One and Two).  To the extent Count Two of Counterclaimants' Counterclaims
3   requires a response, Counterdefendants respond as follows.  Paragraph 21 purports to set forth legal
4   conclusions to which no response is required.  To the extent Paragraph 21 contains any factual allegations,
5   those factual allegations are denied.

6          22.    After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of
7   Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss
8   Counterclaim Counts One and Two).  To the extent Count Two of Counterclaimants' Counterclaims
9   requires a response, Counterdefendants respond as follows.  Paragraph 22 purports to set forth legal
10  conclusions to which no response is required.  To the extent Paragraph 22 contains any factual allegations,
11  those factual allegations are denied.

12         23.    After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of
13  Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss
14  Counterclaim Counts One and Two).  To the extent Count Two of Counterclaimants' Counterclaims
15  requires a response, Counterdefendants respond as follows.  Paragraph 23 is GSL's request for damages
16  and does not require a response.  To the extent Paragraph 23 requires a response, Counterdefendants deny
17  the same.

18         24.    After meeting and conferring with Plaintiffs, GSL agreed to withdraw Count Two of
19  Counterclaimants' Counterclaims without prejudice.  *See* (ECF No. 28) (Stipulation and Order to Dismiss
20  Counterclaim Counts One and Two).  To the extent Count Two of Counterclaimants' Counterclaims
21  requires a response, Counterdefendants respond as follows.  Paragraph 24 is GSL's request for damages
22  and does not require a response.  To the extent Paragraph 24 requires a response, Counterdefendants deny
23  the same.

24                              **RESPONSE TO COUNT THREE**

25         25.    Counterdefendants incorporate their responses to the foregoing paragraphs as if set forth
26  fully herein.

27         26.    Paragraph 26 is Counterclaimants' statement of claim and does not require a response.  To
28  the extent Paragraph 26 requires a response, Counterdefendants deny the same.

                                          ANSWER TO COUNTERCLAIMS

27.     Admitted.

28.     Counterdefendants admit that Counterclaimants have denied allegations in Plaintiffs' Complaint relating to trade secret misappropriation.  To the extent that Paragraph 28 incorporates any factual allegations set forth in Defendants' Answer, those factual allegations are denied.

29.     Paragraph 29 purports to set forth legal conclusions to which no response is required.  To the extent Paragraph 29 contains any factual allegations, those factual allegations are denied.

30.     Paragraph 30 is Counterclaimants' request for damages and does not require a response.  To the extent Paragraph 30 requires a response, Counterdefendants deny the same.

## PRAYER FOR RELIEF

Counterdefendants deny that Counterclaimants are entitled to the requested monetary and equitable relief.  Counterdefendants seek judgment consistent with their Complaint.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Counterdefendants hereby demand a trial by jury for all issues triable by jury.

### First Affirmative Defense—Failure to State a Claim

Counterclaimants' Counterclaims fail to state a claim on which relief may be granted.

### Second Affirmative Defense—Unclean Hands

Counterclaimants are barred from obtaining the relief sought in the Counterclaims by the doctrine of unclean hands, for reasons set forth in Plaintiffs' Complaint.

### Third Affirmative Defense—Estoppel

Counterclaimants are barred from obtaining the relief sought in the Counterclaims by the doctrine of estoppel, for reasons set forth in Plaintiffs' Complaint.

### Fourth Affirmative Defense—Laches

Counterclaimants are barred from obtaining the relief sought in the Counterclaims by the doctrine of laches, for reasons set forth in Plaintiffs' Complaint.

### Fifth Affirmative Defense—Fraud

Counterclaimants are barred from obtaining the relief sought in the Counterclaims because of Counterclaimants' fraud, for reasons set forth in Plaintiffs' Complaint

1

**Sixth Affirmative Defense—Unjust Enrichment**

2      Counterclaimants are barred from obtaining the relief sought in the Complaint because

3 Counterclaimants have been unjustly enriched, for reasons set forth in Plaintiffs' Complaint.

4      **Seventh Affirmative Defense—Affirmative Defenses Pursuant to Fed. R. Civ. P. 8**

5      Counterdefendants hereby incorporate those affirmative defenses enumerated in Fed. R. Civ. P. 8

6 as if fully set forth herein.  Such defenses are herein incorporated by reference for the specific purpose of

7 not waiving any such defense.

8      **Reservation of Rights**

9      Counterdefendants reserve the right to amend, supplement, alter, and/or change this Answer to

10 Counterclaims, including asserting additional affirmative defenses, upon the revelation of more definite

11 facts during and/or upon the completion of further discovery and investigation.

12 DATED:  June 7, 2024                    **HOLLEY DRIGGS**

13

14                                         */s/ Jessica M. Lujan*
                                         OLIVER J. PANCHERI, ESQ. (NBN 7476)
15                                         JESSICA M. LUJAN, ESQ. (NBN 14913)
                                         300 South Fourth Street, Suite 1600
16                                         Las Vegas, Nevada 89101
                                         Tel.: (702) 791-0308
17                                         Fax: (702) 791-1912
                                         Email: opancheri@nevadafirm.com
18                                              jlujan@nevadafirm.com

19                                         JEAN-PAUL CIARDULLO, ESQ. (*pro hac vice*)
20                                         California Bar No. 284170
                                         **FOLEY & LARDNER LLP**
21                                         555 Flower Street, Suite 3300
                                         Los Angeles, California 90071
22                                         Tel: (213) 972-4500
                                         Fax: (213) 486-0065
23                                         Email: jciardullo@foley.com

24                                         ROBERT T. STEWART, ESQ. (NBN 13770)
25                                         **FOLEY & LARDNER LLP**
                                         95 South State Street, Suite 2500
26                                         Salt Lake City, UT 84111
                                         Tel.: (801) 401-8900
27                                         Email: rtstewart@foley.com

28                                         *Attorneys for Plaintiffs/Counterdefendants*

ANSWER TO COUNTERCLAIMS