OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
**HOLLEY DRIGGS**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 791-0308
Fax: (702) 791-1912
Email: opancheri@nevadafirm.com
       jlujan@nevadafirm.com

JEAN-PAUL CIARDULLO, ESQ. (*pro hac vice*)
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500
Fax: (213) 486-0065
Email: jciardullo@foley.com

ROBERT T. STEWART, ESQ.
Nevada Bar No. 13770
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, UT 84111
Tel.: (801) 401-8900
Email: rtstewart@foley.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PARADISE ENTERTAINMENT LIMITED, a Bermuda corporation; and LT GAME (CANADA) LIMITED, a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; and DARYN KIELY, an individual,<br><br>Defendants. | Case No. 2:24-cv-00428-JCM-BNW<br><br>**PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiffs and Defendants (together, the "**Parties**"), by and through their respective undersigned counsel, hereby stipulate and agree to the following discovery plan and scheduling order in this matter pursuant to Fed. R. Civ. P. 26(f) and LR 26-1. Attached as an Appendix, *infra*, is a **Proposed Schedule** that the Parties respectfully request the Court to adopt, subject to the Court's own review and approval.

**A.     Fed. R. Civ. P. 26(f) Conference:** On May 28, 2024, the Parties held a conference to discuss issues required by Fed. R. Civ. P. 26(f) and LR 26-1.  Jean-Paul Ciardullo, Robert Stewart, Tiffany Sung, and Laura Moedano of the law firm Foley & Lardner LLP, along with Jessica Lujan of the law firm Holley Driggs appeared for Plaintiffs. Mark Oakes, Zach McHenry, and Ethan Glenn of the law firm Norton Rose Fulbright, along with Patrick J. Reilly of the law firm of Brownstein Hyatt Farber Schreck, LLP, appeared for Defendants.

1.     **Fact and Expert Discovery Cut-Off Dates:**  The Complaint was filed on March 1, 2024 (ECF No. 1). Defendants filed their Answer on April 26, 2024, along with three Counterclaims: (i) breach of contract claim asserted by Defendant Mr. Kelcey Allison; (ii) breach of contract claim asserted by Defendant Gaming Specialized Logistics LLC; and (iii) claim for attorneys' fees pursuant to Nev. Rev. Stat. § 600A.060 asserted by all Defendants.  (ECF No. 17).  After meeting and conferring with Plaintiffs, Defendants Mr. Kelcey Allison and Gaming Specialized Logistics LLC agreed to withdraw their breach of contract counterclaims without prejudice.  The agreement to withdraw the two breach of contract counterclaims does not limit or preclude Defendants from asserting additional counterclaims at a later date, subject to applicable deadlines.  The Parties have stipulated to Fact Discovery closing on February 28, 2025, approximately nine months from the date of the 26(f) Conference, and have further stipulated that Expert Discovery shall close on May 23, 2025, approximately twelve months from the date of the 26(f) Conference.

> *Statement Regarding Different Period Than Contemplated by LR 26-1(b):* The Parties request a longer discovery period than set forth in LR 26-1(b)(1) for several reasons. First, this is a complex case involving numerous parties and numerous different legal claims, including claims asserted under copyright law, trade secret law, contract law, corporate law, and tort law. As the Court can see from the Complaint, there are a large number of causes of action based on a variety of related yet different sets of facts. Discovery will also pertain to events that occurred over a long time

period of approximately the past decade, and is expected to involve substantial document productions, including finding and examining old records. Second, it is expected that numerous non-parties will provide evidence in this case, further complicating discovery and requiring additional time to manage. These are expected to include various former employees and current business partners of the parties, among others. Non-party discovery may also be directed to a law firm that was involved with many of the disputed transactions, which may raise unique discovery issues or potential disputes. Third, Plaintiff Paradise Entertainment is located in China, which is expected to require witnesses to coordinate and engage in international travel, and may also require translation of substantial number of documents to English.

2. **Amending the Pleadings and Adding Parties:** All motions to amend the pleadings or to add parties are proposed to be filed not later than November 27, 2024, which is approximately 90 days before the proposed fact discovery cut-off date.

3. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** Disclosures concerning burden of proof experts are proposed to be made by March 28, 2025, which is approximately sixty days before the proposed expert discovery cutoff. Disclosures of rebuttal experts shall be made by April 25, 2025, approximately thirty days after the proposed initial disclosure of experts.

4. **Dispositive Motions:** The date for filing dispositive motions is proposed to be not later than June 20, 2025, approximately thirty days after the proposed expert discovery cutoff date.

5. **Pretrial Order:** The date for filing the joint pretrial order is proposed to not be later than July 21, 2025, approximately thirty days after the proposed date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or until further order of the Court. The parties shall include the disclosures required pursuant to Fed. R. Civ. P. 26(a)(3), and any objections thereto, with the pretrial order.

6. **Alternative Dispute Resolution:** The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

7. **Alternative Forms of Case Disposition**. The parties certify that they considered consent

to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties respectfully request trial by the District Judge.

8. **Electronic Evidence**. The parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties will consult the court's website or contact the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system.

### B. Information Pursuant to Fed. R. Civ. P. 26(f)

1. **Initial Disclosures:** The Parties agree that there should be no changes in the form or requirement for disclosures under Fed. R. Civ. 26(a)(1). Initial disclosures shall be made by June 14, 2024, seventeen (17) days after the Rule 26(f) conference.

2. **Subject of Discovery:** The Parties agree that discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and that discovery should not be limited to any particular issue (without prejudice to a party's right to object to discovery or seek a protective order).

3. **Phasing and Timing of Discovery:** The parties agree that expert discovery should close after the close of fact discovery.

4. **Issues Regarding Disclosure of Electronically Stored Information:** The parties agreed to work out a stipulation governing the discovery of Electronically Stored Information ("ESI"). The parties will file the stipulation with the Court when it is ready. Comments by Plaintiffs: Plaintiffs believe it will be important to address source code review promptly in discovery and will soon be making a proposal along these lines to Defendants.

5. **Issues About Claims of Privilege/Protection of Trial Preparation Materials**: The Parties agree that protective orders pursuant to Rule 26(c) are necessary and will submit a proposed confidentiality and protective order for the Court's review and request for entry of such order. The parties agree that privileged documents or work product materials created after August 1, 2023 are not required to be identified on a privilege log. The parties will negotiate a mutually-agreeable time for the exchange of privilege logs.

6. **Changes Made in Limitations on Discovery**: The parties have discussed possible

modifications to limitations on discovery. As used herein a "side" means either Plaintiffs collectively or Defendants collectively.

    **i.**    **Depositions**:

        1.    With respect to depositions of fact witnesses, in lieu of other limits imposed by the Federal Rules of Civil Procedure concerning the number of permissible depositions, the parties stipulate that each side may take up to 110 cumulative hours of depositions, inclusive of depositions of non-party witnesses.

        2.    Unless combined with a Rule 30(b)(6) deposition, no Rule 30(b)(1) deposition or Rule 45 deposition of any witness shall exceed one (1) day of seven (7) total hours absent mutual agreement of the parties or by order of the Court.

        3.    No side may depose the same witness more than once absent mutual agreement of the parties or by order of the Court.

        4.    The parties agree that, as to the deponent designated by the responding party as a Rule 30(b)(6) witness, if the noticing party desires an individual deposition of that deponent, both the individual deposition and the 30(b)(6) deposition will be taken in a single continuous deposition, absent good cause for holding depositions separately. Such combined depositions are limited to two (2) days of ten (10) total hours absent mutual agreement of the parties or an order of the Court.

        5.    The examining party may notice a deposition to be conducted in-person or remotely by video. The other parties may not object to the deposition on the grounds that it has been noticed to be conducted remotely by video.

        6.    If a witness is designated to appear at trial who has not yet been deposed, the opposing party may take a deposition of that witness in advance of any trial testimony. Such depositions will be limited to no more than a single day or seven hours, and neither side may take more than one deposition of such a witness. The time for such depositions will be over and above the time limits for depositions otherwise ordered herein.

    **ii.**    **Interrogatories.** In lieu of the limits imposed by Rule 33, each side may serve on each individual opposing party no more than thirty (30) interrogatories.

   **iii.**  **Requests for Admission**. Each side will be limited to thirty five (35) requests for admission to each individual opposing party, exclusive of requests to establish the admissibility of documents. The parties, however, agree to work in good faith, as part of their pre-trial conference, toward a suitable stipulation regarding the authenticity and admissibility of intended trial exhibits.

   **iv.**  **Non-Party Discovery.** A party who serves a subpoena in this matter on a non-party shall either provide advance notice or simultaneously provide a copy to the other parties. A party who receives documents from a non-party pursuant to a subpoena will reproduce those documents to the other parties within 3 business days of their receipt absent a lawful basis to withhold them. In the case of documents produced by a non-party within a week of that non-party's deposition, such documents shall be reproduced to the other parties in the case within 1 business day of receipt. Where reproduction of documents within the time frames contemplated by this section are not possible, the party who received the documents will provide prompt notice to the other parties of receipt of the documents and will work in good faith to resolve the issue promptly.

   **v.**  **Expert Discovery.** The parties agree that drafts of any expert report, declaration, or disclosure, including drafts of reports, as well as any notes made by experts, are protected work product and shall not be discoverable regardless of the form of the draft and notes, unless the expert relies on the aforementioned as a basis for his or her opinion. The parties further agree that communications of any form relating to this action between (a) a party or their attorneys on one hand, and other hand (b) the party's expert, whether testifying or non-testifying, are protected work product and shall not be discoverable, except to the extent the communications identify facts, data, or assumptions that the parties' attorneys provided and that the expert(s) relied upon in forming any opinions expressed or to be expressed in an expert report or trial testimony, in which case the portions of such communications reflecting such information are subject to discovery.

   **vi.**  **Electronic Copies and Service:** The parties consent to service by electronic means. With respect to service of a document to which a response is required, absent conflict with the Local Rules or rules of the Court, if such document is served after 5:00pm Pacific Time, the document will be treated as if served the following day for purposes of calculating the response deadline (though will otherwise be deemed to have been served the day it was served). Service of

all documents filed with the Court shall be made through the Court's ECF system. The parties agree that duplicate copies of all written discovery requests and all proposed findings of fact shall be served electronically in Microsoft Word. Each side satisfies their duty to serve materials on an opposing party by service on the opposing side's joint counsel, without having to effectuate separate service on each individual opposing party.

Electronic service on Plaintiffs will be made to at least the following:

> jciardullo@foley.com
>
> rtstewart@foley.com
>
> tsung@foley.com
>
> lmoedano@foley.com
>
> swells@foley.com
>
> opancheri@nevadafirm.com
>
> jlujan@nevadafirm.com

Electronic service on Defendants will be made to at least the following:

> mark.oakes@nortonrosefulbright.com
>
> zach.mchenry@nortonrosefulbright.com
>
> ethan.glenn@nortonrosefulbright.com
>
> preilly@bhfs.com
>
> dhoskins@bhfs.com

  **vii.** **Inadvertent Disclosure.** Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. If the receiving party discovers materials that, upon inspection, the receiving party reasonably should understand to be privileged and inadvertently produced, the receiving party shall promptly inform the producing party and not further review or use such materials until the matter is resolved.

**C.** **Settlement:** In accordance with Fed. R. Civ. P. 26(f), the Parties discussed settlement but

have not reached any agreement at this time.

    **D.**    **Later Appearing Parties:**  A copy of this Discovery Plan and Scheduling Order shall be served upon any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance.  This Discovery Plan and Scheduling Order shall apply to such later appearing parties, unless a stipulation of the parties is approved by the Court, or the Court, on motion for good cause shown, otherwise orders.

    **E.**    **Additional Information:**  None.

    **F.**    **Court Conference:**  The Parties do not request a conference with the Court before the entry of this Scheduling Order.

# APPENDIX

# PROPOSED CASE SCHEDULE

| Event | Parties' Proposal | Court Ordered Deadline |
|---|---|---|
| Provide initial disclosures under Rule 26(a) | June 14, 2024 | |
| Last day to file motion to amend pleadings and add parties absent showing of good cause under Rule 16(b) | November 27, 2024 | |
| Close of Fact Discovery | February 28, 2025 | |
| Last day to serve initial expert reports on topics on which the party bears the burden of proof and materials relied upon by experts | March 28, 2025 | |
| Last day to serve rebuttal experts on topics on which the party does not bear the burden of proof and materials relied upon by rebuttal experts | April 25, 2025 | |
| Close of Expert Discovery (including expert depositions) | May 23, 2025 | |
| Deadline to file dispositive motions | June 20, 2025 | |
| Deadline to file opposition to dispositive motions | July 11, 2025 | |
| Deadline to file replies to dispositive motions | July 25, 2025 | |
| Deadline to file Rule 702 (*Daubert*) motions | August 22, 2025 | |
| Deadline to file opposition to Rule 702 (*Daubert*) motions | September 12, 2025 | |
| Deadline to file replies to Rule 702 (*Daubert*) motions | September 26, 2025 | |
| Deadline to file Pretrial Order if no dispositive motions are filed | July 21, 2025 | |

DATED: June 10, 2024

| | |
|---|---|
| /s/ *Zachary McHenry* | /s/ *Jessica M. Lujan* |
| PATRICK J. REILLY, ESQ. | OLIVER J. PANCHERI, ESQ. |
| Nevada Bar No. 6103 | Nevada Bar No. 7476 |
| 100 North City Parkway, 16th Floor | JESSICA M. LUJAN, ESQ. |
| Las Vegas, Nevada 89106 | Nevada Bar No. 14913 |
| Telephone: (702) 382-2101 | **HOLLEY DRIGGS** |
| Facsimile: (702) 382-8135 | 300 South Fourth Street, Suite 1600 |
| Email: preilly@bhfs.com | Las Vegas, Nevada 89101 |
| | Tel.: (702) 791-0308 |
| MARK T. OAKES, ESQ. (*pro hac vice*) | Fax: (702) 791-1912 |
| ZACHARY P. MCHENRY, ESQ. (*pro hac vice*) | Email: opancheri@nevadafirm.com |
| ETHAN GLENN, ESQ. (*pro hac vice*) | jlujan@nevadafirm.com |
| **NORTON ROSE FULBRIGHT US LLP** | |
| 98 San Jacinto Boulevard, Suite 1100 | JEAN-PAUL CIARDULLO, ESQ. (*pro hac vice*) |
| Austin, Texas 78701-4255 | California Bar No. 284170 |
| Telephone: (512) 474-5201 | **FOLEY & LARDNER LLP** |
| Facsimile: (512) 536-4598 | 555 Flower Street, Suite 3300 |
| Email: mark.oakes@nortonrosefulbright.com | Los Angeles, California 90071 |
| zach.mchenry@nortonrosefulbright.com | Tel: (213) 972-4500 |
| ethan.glenn@nortonrosefulbright.com | Fax: (213) 486-0065 |
| | Email: jciardullo@foley.com |
| *Attorneys for Defendants* | |
| | ROBERT T. STEWART, ESQ. |
| | Nevada Bar No. 13770 |
| | **FOLEY & LARDNER LLP** |
| | 95 South State Street, Suite 2500 |
| | Salt Lake City, UT 84111 |
| | Tel.: (801) 401-8900 |
| | Email: rtstewart@foley.com |
| | |
| | *Attorneys for Plaintiffs* |

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: June 11, 2024