OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
**HOLLEY DRIGGS**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 791-0308 / Fax: (702) 791-1912
Email: opancheri@nevadafirm.com
       jlujan@nevadafirm.com

JEAN-PAUL CIARDULLO, ESQ. *(pro hac vice)*
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel.: (213) 972-4500 / Fax: (213) 486-0065
Email: jciardullo@foley.com

ROBERT T. STEWART, ESQ.
Nevada Bar No. 13770
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, UT 84111
Tel.: (801) 401-8900
Email: rtstewart@foley.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARADISE ENTERTAINMENT LIMITED, a Bermuda corporation; and LT GAME (CANADA) LIMITED, a Nevada corporation, <br><br>      *Plaintiffs,* <br><br>  v. <br><br> EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; and DARYN KIELY, an individual, <br><br>      *Defendants.* | Case No. 2:24-cv-00428-JCM-BNW <br><br> **PARADISE ENTERTAINMENT LIMITED and LT GAME (CANADA) LIMITED's ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIMS** <br><br> **JURY DEMAND** |

## ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIMS

Plaintiffs and Counterdefendants Paradise Entertainment Limited ("Paradise") and LT Game (Canada) Limited ("LT Game") (collectively, "Plaintiffs" or "Counterdefendants"), by and through their counsel of record, answer the First Amended Counterclaims (ECF No. 34) of Defendants and Counterclaimants Empire Technological Group Limited ("Empire"); Gaming Specialized Logistics LLC ("GSL"); Mr. Linyi "Frank" Feng ("Mr. Feng"); Mr. Roy Kelcey Allison ("Mr. Allison"); and Mr. Daryn Kiely ("Mr. Kiely") (collectively, "Defendants" or "Counterclaimants") as follows:

### RESPONSE TO FACTUAL BACKGROUND

1. Counterdefendants incorporate by reference the allegations set forth in their Complaint (ECF No. 1) as if fully set forth herein.

2. Admitted that Empire has distributed gaming products on behalf of LT Game and that Paradise is LT Game's parent company. Counterdefendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations and thus deny them.

3. Admitted that the relationship between Counterdefendants and Empire is governed by oral agreements and mutual understandings manifested by their conduct and correspondences, in addition to written agreements. Counterdefendants deny any characterization of this relationship by Counterclaimants, which Counterclaimants refer to as the "Distributor Relationship" throughout their First Amended Counterclaims.

4. Admitted that Empire would receive commission for the products it distributed on Counterdefendants' behalf and remit money to Counterdefendants for the Paradise/LT Game products sold. Counterdefendants also admit that Empire would execute orders/agreements with customers and that Empire would collect money due under those orders/agreements. Counterdefendants deny the remaining allegations and specifically deny any characterization of the "Distributor Relationship" by Counterclaimants. Counterdefendants further aver that the transactions identified in the Counterclaims purportedly made pursuant to the "Distributor Relationship" were driven by Defendants against the advice of Counterdefendants. Counterdefendants aver that Defendants made various misrepresentations to the Counterdefendants in an attempt to overcome Counterdefendants' opposition to the transactions, which included in part Mr. Allison offering a personal guarantee.

5.     Admitted.

6.     Paragraph 6 is too vague and ambiguous to permit a response, and the allegations in Paragraph 6 are therefore denied.

7.     Admitted that, on April 24, 2021, Counterdefendants received an email from Mr. Feng with an attachment purporting to be a Sales and Security Agreement entered into between Empire and Royal Gaming Logistics, LLC ("Royal").  Counterdefendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations and thus deny them.

8.     Admitted that Empire sought Counterdefendants' endorsement before entering into an agreement with Royal and that Counterdefendants endorsed Empire entering into an agreement with Royal.  To the extent Paragraph 8 suggests that Counterdefendants approved the executed Sales and Security Agreement, Counterdefendants deny the allegation.

9.     Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations and thus deny them.

10.     Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations and thus deny them.

11.     Admitted that Empire would receive commission for the Paradise/LT Game products that Empire distributed to Royal.  Counterdefendants deny the remaining allegations and specifically deny any characterization of the "Distributor Relationship" by Counterclaimants.

12.     Denied.  Counterdefendants specifically deny any characterization of the "Distributor Relationship" by Counterclaimants.

13.     Admitted that 272 slot machines were shipped to and received by Royal. Counterdefendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations and thus deny them.  Counterdefendants specifically deny any characterization of the "Distributor Relationship" by Counterclaimants.

14.     Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations and thus deny them.

15.     Denied.  Counterdefendants specifically deny any characterization of the "Distributor Relationship" by Counterclaimants.

4868-8840-7763.1

16.     Admitted that Counterdefendants' employees worked on revising the games that were included with the slot machines distributed to Royal.  Counterdefendants deny the remaining allegations.

17.     Denied.   Counterdefendants specifically deny any characterization of the "Distributor Relationship" by Counterclaimants.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations and thus deny them.

22.     Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations and thus deny them.

23.     Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations and thus deny them.

24.     Admitted that Empire would receive commission for the Paradise/LT Game products that Empire distributed to Dynamic Gaming Solutions, LLC ("Dynamic").   Counterdefendants deny the remaining allegations and specifically deny any characterization of the "Distributor Relationship" by Counterclaimants.

25.     Denied.   Counterdefendants specifically deny any characterization of the "Distributor Relationship" by Counterclaimants.

26.     Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations and thus deny them.   Counterdefendants specifically deny any characterization of the "Distributor Relationship" by Counterclaimants.

27.     Denied.   Counterdefendants specifically deny any characterization of the "Distributor Relationship" by Counterclaimants.

28.     Denied.

29.     Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations and thus deny them.

30.     Counterdefendants lack knowledge sufficient to form a belief as to the truth of the

allegations and thus deny them.

### RESPONSE TO COUNT ONE

31.     Counterdefendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

32.     Paragraph 32 is Empire's statement of claim and does not require a response.  To the extent Paragraph 32 requires a response, Counterdefendants deny the same.

33.     Paragraph 33 purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 33 contains any factual allegations, those factual allegations are denied.

34.     Paragraph 34 purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 34 contains any factual allegations, those factual allegations are denied.

35.     Paragraph 35 purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 35 contains any factual allegations, those factual allegations are denied.

36.     Paragraph 36 purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 36 contains any factual allegations, those factual allegations are denied.

37.     Paragraph 37 purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 37 contains any factual allegations, those factual allegations are denied.

38.     Paragraph 38 is Empire's request for equitable relief and does not require a response.  To the extent Paragraph 38 requires a response, Counterdefendants deny the same.

### RESPONSE TO COUNT TWO

39.     Counterdefendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

40.     Paragraph 40 is Empire's statement of claim and does not require a response.  To the extent Paragraph 40 requires a response, Counterdefendants deny the same.

41.     Paragraph 41 purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 41 contains any factual allegations, those factual allegations are denied.

42.     Paragraph 42 purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 42 contains any factual allegations, those factual allegations are denied.

43.     Paragraph 43 purports to set forth legal conclusions to which no response is required.  To

ANSWER TO FIRST AMENDED COUNTERCLAIMS
CASE NO. 2:24-CV-00428-JCM-BNW

the extent that Paragraph 43 contains any factual allegations, those factual allegations are denied.

44.     Paragraph 44 purports to set forth legal conclusions to which no response is required.  To the extent Paragraph 44 contains any factual allegations, those factual allegations are denied.

45.     Paragraph 45 is Empire's request for damages and does not require a response.  To the extent Paragraph 45 requires a response, Counterdefendants deny the same.

46.     Paragraph 46 is Empire's request for damages and does not require a response.  To the extent Paragraph 46 requires a response, Counterdefendants deny the same.

### RESPONSE TO COUNT THREE

47.     Counterdefendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

48.     Paragraph 48 is Empire's statement of claim and does not require a response.  To the extent Paragraph 48 requires a response, Counterdefendants deny the same.

49.     Admitted that Empire would remit money to Counterdefendants for the Paradise/LT Game products sold.  Counterdefendants deny the remaining allegations.

50.     Denied.   Counterdefendants specifically deny any characterization of the "Distributor Relationship" by Counterclaimants.

51.     Counterdefendants lack knowledge sufficient to form a belief as to the truth of the allegations and thus deny them.

52.     Admitted that Counterdefendants did not directly contribute to the settlements that Empire purports to have executed with Royal and Dynamic.  Counterdefendants deny the remaining allegations.

53.     Paragraph 53 purports to set forth legal conclusions to which no response is required.  To the extent Paragraph 53 contains any factual allegations, those factual allegations are denied.

54.     Paragraph 54 is Empire's request for equitable relief and does not require a response.  To the extent Paragraph 54 requires a response, Counterdefendants deny the same.

### RESPONSE TO COUNT FOUR

55.     Counterdefendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

56.     Paragraph 56 is Counterclaimants' statement of claim and does not require a response.  To

the extent Paragraph 56 requires a response, Counterdefendants deny the same.

57.     Admitted.

58.     Admitted that Counterclaimants have denied allegations in Plaintiffs' Complaint relating to trade secret misappropriation.  To the extent that Paragraph 58 incorporates any factual allegations set forth in Defendants' First Amended Answer, those factual allegations are denied.

59.     Paragraph 59 purports to set forth legal conclusions to which no response is required.  To the extent Paragraph 59 contains any factual allegations, those factual allegations are denied.

60.     Paragraph 60 is Counterclaimants' request for attorneys' fees and costs and does not require a response.  To the extent Paragraph 60 requires a response, Counterdefendants deny the same.

### PRAYER FOR RELIEF

Counterdefendants deny that Counterclaimants are entitled to the requested monetary and equitable relief, attorneys' fees, and costs.  Counterdefendants seek judgment consistent with their Complaint.

### DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Counterdefendants hereby demand a trial by jury for all issues triable by jury.

### First Affirmative Defense—Failure to State a Claim

Counterclaimants' First Amended Counterclaims fail to state a claim on which relief may be granted.

### Second Affirmative Defense—Unclean Hands

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims by the doctrine of unclean hands, for reasons set forth in Plaintiffs' Complaint.

### Third Affirmative Defense—Estoppel

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims by the doctrine of estoppel, for reasons set forth in Plaintiffs' Complaint.

### Fourth Affirmative Defense—Laches

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims by the doctrine of laches, for reasons set forth in Plaintiffs' Complaint.

## Fifth Affirmative Defense—Fraud

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims because of Counterclaimants' fraud, for reasons set forth in Plaintiffs' Complaint

## Sixth Affirmative Defense—Unjust Enrichment

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims because Counterclaimants have been unjustly enriched, for reasons set forth in Plaintiffs' Complaint.

## Seventh Affirmative Defense—Conduct of Counterclaimants

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims because Counterclaimants' own conduct and/or the conduct of Counterclaimants' agents and representatives were the cause of the alleged damages.  At all material times, Mr. Feng, Mr. Allison, and/or Mr. Kiely were key members of the LT Game management team and fiduciaries of Counterdefendants, with responsibilities directly relating to the conduct alleged throughout Counterclaimants' First Amended Counterclaims.

## Eighth Affirmative Defense—Statute of Frauds

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims because the alleged contract is required to be in writing.

## Ninth Affirmative Defense—Substantial Performance

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims because Counterdefendants substantially performed in compliance with the alleged contract.

## Tenth Affirmative Defense—Prior Breach by Counterclaimants

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims because Counterclaimants breached the alleged contract prior to Counterdefendants' alleged breach.

## Eleventh Affirmative Defense—Breach of Implied Covenant of Good Faith and Fair Dealing

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims because Counterclaimants deliberately contravened the intention and spirit of the alleged contract.

## Twelfth Affirmative Defense—Failure of Condition Precedent

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims because Counterclaimants failed to perform a condition precedent in compliance with the alleged contract.

1

**Thirteenth Affirmative Defense—Prevention of Performance**

2

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims

3

because Counterclaimants prevented Counterdefendants from performing in compliance with the alleged

4

contract.  At all material times, Mr. Feng, Mr. Allison, and/or Mr. Kiely were key members of the LT

5

Game management team and fiduciaries of Counterdefendants, with responsibilities directly relating to

6

the conduct alleged throughout Counterclaimants' First Amended Counterclaims.

7

**Fourteenth Affirmative Defense—Failure to Disclose**

8

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims

9

because Counterclaimants failed to disclose important information necessary for Counterdefendants to

10

perform in compliance with the alleged contract.  At all material times, Mr. Feng, Mr. Allison, and/or Mr.

11

Kiely were key members of the LT Game management team and fiduciaries of Counterdefendants, with

12

responsibilities directly relating to the conduct alleged throughout Counterclaimants' First Amended

13

Counterclaims.

14

**Fifteenth Affirmative Defense—Failure to Mitigate Damages**

15

Counterclaimants are barred from obtaining the relief sought in the First Amended Counterclaims

16

because Counterclaimants failed to mitigate the alleged damages.

17

**Sixteenth Affirmative Defense—Affirmative Defenses Pursuant to Fed. R. Civ. P. 8**

18

Counterdefendants hereby incorporate those affirmative defenses enumerated in Fed. R. Civ. P. 8

19

as if fully set forth herein.  Such defenses are herein incorporated by reference for the specific purpose of

20

not waiving any such defense.

21

/ / /

22

23

/ / /

24

25

/ / /

26

27

/ / /

28

ANSWER TO FIRST AMENDED COUNTERCLAIMS
CASE NO. 2:24-CV-00428-JCM-BNW

4868-8840-7763.1

1

**Reservation of Rights**

2

Counterdefendants reserve the right to amend, supplement, alter, and/or change this Answer to

3

Defendants' First Amended Counterclaims, including asserting additional affirmative defenses, upon the

4

revelation of more definite facts during and/or upon the completion of further discovery and investigation.

5

6

7

8

DATED:  July 26, 2024                         **HOLLEY DRIGGS**

9

                                               */s/ Jessica M. Lujan*

10

                                               OLIVER J. PANCHERI, ESQ. (NBN 7476)
                                               JESSICA M. LUJAN, ESQ. (NBN 14913)

11

                                               300 South Fourth Street, Suite 1600
                                               Las Vegas, Nevada 89101

12

                                               Tel.: (702) 791-0308 / Fax: (702) 791-1912
                                               Email: opancheri@nevadafirm.com

13

                                                       jlujan@nevadafirm.com

14

                                               JEAN-PAUL CIARDULLO, ESQ.

15

                                               **FOLEY & LARDNER LLP**
                                               555 Flower Street, Suite 3300

16

                                               Los Angeles, California 90071
                                               Tel.: (213) 972-4500 / Fax: (213) 486-0065

17

                                               Email: jciardullo@foley.com

18

                                               ROBERT T. STEWART, ESQ. (NBN 13770)

19

                                               **FOLEY & LARDNER LLP**
                                               95 South State Street, Suite 2500

20

                                               Salt Lake City, UT 84111
                                               Tel.: (801) 401-8900

21

                                               Email: rtstewart@foley.com

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COUNTERCLAIMS
CASE NO. 2:24-CV-00428-JCM-BNW

4868-8840-7763.1