OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
**HOLLEY DRIGGS**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 791-0308 / Fax: (702) 791-1912
Email: opancheri@nevadafirm.com
            jlujan@nevadafirm.com

JEAN-PAUL CIARDULLO, ESQ. *(pro hac vice)*
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel.: (213) 972-4500 / Fax: (213) 486-0065
Email: jciardullo@foley.com

ROBERT T. STEWART, ESQ.
Nevada Bar No. 13770
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, UT 84111
Tel.: (801) 401-8900
Email: rtstewart@foley.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARADISE ENTERTAINMENT LIMITED, a Bermuda corporation; and LT GAME, INC., a Nevada corporation, <br><br> Plaintiffs, <br><br> v. <br><br> EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; and DARYN KIELY, an individual, <br><br> Defendants. | Case No. 2:24-cv-00428-JCM-BNW <br><br> **STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |

4860-0122-4906.7

Plaintiffs Paradise Entertainment Limited ("**Paradise**") and LT Game, Inc. ("**LT Game**") (collectively "**Plaintiffs**") and Defendants Empire Technological Group Limited, Gaming Specialized Logistics LLC, Linyi Feng, Roy Kelcey Allison, and Daryn Kiely (collective "**Defendants**") by and through their undersigned counsel of record, hereby stipulate and agree to the entry of the following Protective Order.

1.     **PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve the production of trade secret, confidential, proprietary, financial, or other private information for which special protection from public disclosure and from use for any purpose other than litigating this action is warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following stipulated protective order ("Stipulated Protective Order").

The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection this Stipulated Protective Order affords extends only to the limited information or items that are entitled under applicable legal principles and the provisions of this Stipulated Protective Order.  The Parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal, and the Parties shall follow proper procedures for seeking under seal treatment of any filing with the Court.

2.     **DEFINITIONS**

2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>:  all items or information, (regardless of the medium or manner in which it is generated, stored or maintained) or tangible things that a Producing Party considers in good faith to contain confidential or proprietary information not otherwise known or available to the public, or personal, private, family, financial, and/or health information, including any Confidential Information or Items constituting Disclosure or Discovery Material.

2.3     <u>Counsel</u>: (without qualifier):  Counsel for the Parties, as well as employees and support staff, and Professional Vendors retained by such Counsel.

2.4     <u>Designated In-House Counsel</u>:  In-House Counsel who seek access to "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party:  a Party or Non-Party that designates any Disclosure or Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to propounded or disclosed discovery in this action.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (a) has been retained by a Party or its Counsel to serve as an independent outside expert witness or as a consultant in this action, and (b) as to whom the procedures set forth in Paragraph 7.5 have been followed. "Expert" encompasses both testifying experts and non-testifying experts.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive Confidential Information or Items, including trade secret information, disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive Confidential Information or Items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     In-House Counsel: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12     Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (including, without limitation: photocopying; videotaping; translating; stenography; preparing exhibits or demonstrations; and organizing, storing, or retrieving data in any form or medium) and such persons' or entities' employees and subcontractors.

2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **<u>SCOPE</u>**

Discovery materials produced in this case may be labeled as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE." as defined in Paragraphs 2.2, 2.8, and 2.9 above.  The identified categories of information shall be identified collectively in this Stipulated Protective Order by the title "Protected Material."  The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) briefs, memoranda, or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, including but not limited to (i) advertising materials that have been actually published or publicly disseminated, (ii) materials that have been published or disseminated to the general public, or (iii) documents that have been submitted to any governmental entity without request for confidential treatment; (b) any information that becomes part of the public domain after

4860-0122-4906.7

its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order or other obligation to maintain the confidentiality of such information, including becoming part of the public record through trial or otherwise; (c) any information that the Receiving Party can show was already publicly known prior to the disclosure or that the Receiving Party can show by written records was received from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; (d) any information which the Receiving Party can show was independently developed after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material; and (e) any information which the Parties agree in writing does not constitute Protected Material.

Nothing in this Stipulated Protective Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Stipulated Protective Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing provided said Protected Material is filed under seal in accordance with proper procedures.  Nothing in this Stipulated Protective Order shall be construed to restrict a Party from offering into evidence and referring to any documents or information at trial that may have been designated as Protected Material.  This Stipulated Protective Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Protected Material or to modify this Stipulated Protective Order in any way, including, without limitation, an order that certain information, documentation, or other matter not be produced at all.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order, and this Court's jurisdiction to enforce the terms of this Stipulated Protective Order, shall remain in effect unless: (a) a Designating Party agrees to an earlier termination date in writing; (b) a subject piece of Protected Material ceases to qualify as confidential under the Protective Order without any misconduct or disclosure by the Receiving Party; or (c) a court order otherwise so directs.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, any Disclosure or Discovery Material that qualifies for

protection under this Stipulated Protective Order must be clearly so designated before the Disclosure or Discovery Material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings):  that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection (as opposed to the physical production of such materials) need not designate such documents or materials for protection until after the inspecting Party has indicated which documents or material such inspecting Party would like copied and produced.  During the inspection and before the designation, all of the documents or material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents or materials such inspecting Party wants copied and produced, the Producing Party must determine which documents or materials, or portions thereof, qualify for protection under this Stipulated Protective Order, and then, before producing the specified documents or materials, the Producing Party must affix the legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    for testimony given in deposition or in other pretrial or trial proceedings: that a Party or Non-Party identify on the record whenever possible, before the close of the deposition, hearing, or other proceeding, all testimony that contains or constitutes Protected Material subject to the provisions of this Stipulated Protective Order and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, a Party or Non-Party may invoke on the record (before the

deposition or proceeding is concluded) a right to have up to 21 calendar days (unless the Parties agree to a longer period) after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 calendar day period shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21 calendar day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary, and for any other tangible items: that the Producing Party must affix in a prominent place on the exterior of the container or containers in which the Disclosure or Discovery Material is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the Disclosure or Discovery Material warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(d)    for materials disclosed orally in the context of settlement or other communications or conversations between the Parties: it shall be sufficient for the Producing Party to identify the information as Protected Material during the course of oral communication or promptly thereafter, provided that, written confirmation of the particular designation is made by the Producing Party promptly following the oral communication.

5.2    Inadvertent Failures to Designate.    If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such Disclosure or Discovery Material. If any Disclosure or Discovery Material is appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." after the Disclosure or Discovery Material was initially produced without such designation, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Disclosure or Discovery Material is treated in accordance with the provisions of this Stipulated Protective Order.  Within five (5) days of receipt of the substitute copies of Disclosure or Discovery Material, the Receiving Party shall return and/or destroy, as appropriate, the previously undesignated Disclosure or Discovery Material and all copies thereof.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must confer directly (in voice-to-voice dialogue; other forms of communication

are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging Party must explain the basis for such challenging Party's belief that the confidentiality designation was not proper, must give the Designating Party a five (5) business day opportunity to review the designated Disclosure or Discovery Material, to reconsider the circumstances for the asserted designation, and, if no change in designation is offered, to explain the basis for the asserted designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

> 6.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in Paragraph 6.2 and the relevant rules of procedure, and that sets forth with specificity the justification, if any was provided, for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The challenge proceeding shall proceed in accordance with Fed. R. Civ. P. 37 the Local Rules, and any instructions or orders of the Court. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions.

The burden of persuasion as well as the burden of proof to show that such protection is warranted in any such challenge proceeding shall be on the Designating Party, which Party must show that such protection is warranted. Until the Court rules on the challenge, all Parties shall continue to afford the Protected Material in question the level of protection designated by the Designated Party.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

> 7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions herein for disposal of Protected Materials (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during witnesses' depositions, such witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) arbitrators, mediators, settlement judges, and their staff; and

(h) the author(s) or original recipient(s) of the document or the original source of the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated In-House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in Paragraph 7.5(a)(1), below, have been followed;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its personnel;

(e) Professional Vendors to whom disclosure is reasonably necessary for this litigation; and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during witnesses' depositions, such witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) arbitrators, mediators, settlement judges, and their staff; and

(h) the author(s) or original recipient(s) of the document or the original source of the information.

7.4    <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the Court and its personnel;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom

4860-0122-4906.7

disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.5(a)(2), below, have been followed;

(d) Professional Vendors to whom disclosure is reasonably necessary for this litigation; and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during witnesses' depositions, such witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) arbitrators, mediators, settlement judges, and their staff; and

(g) the author(s) or original recipient(s) of the document or the original source of the information.

7.5    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated In-House Counsel or Experts.

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence, and (2) describes the Designated In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Paragraphs 7.3(c) and 7.4(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the

full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert services (testifying or otherwise) during the preceding five years, indicating in which of those cases the expert provided sworn testimony by declaration, deposition, or at trial.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may not disclose the subject Protected Material to the identified Designated In-House Counsel or Expert unless the Party receives written permission from the Designating Party. If the Designating Party objects to disclosure, any such objection must be written and must set forth in detail the grounds on which it is based. The Designating Party should provide their response within five (5) business days of receiving a request under this Section, or else the Party that made the request may assume the Designating Party has no objection.

(c) A Party that receives a written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated In-House Counsel or the Expert may file a motion as provided under the Local Rules seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated In-House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated In-House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-House Counsel or Expert.

8.    **SOURCE CODE**

8.1.    A Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals set forth in Paragraph 7.4.

8.2.    Absent other agreement, the Producing Party shall make source code available on two stand-alone, non-networked "Source Code Computers" located at the Producing Party's counsel's offices in Las Vegas, Nevada. The Source Code Computers will be placed in those offices by an agreed date, and made available for inspection there for as long as the Receiving Party reasonably needs, though the Producing Party may seek relief from the Court if the Receiving Party request that the Source Code Computers remain available for more than three (3) months, whereupon the Receiving Party must offer an explanation for why it may need additional time, and the Court may thereupon resolve the matter. The Producing Party shall keep the Source Code Computers in a room designated exclusively for the Receiving Party may review them without interruption from others (excepting the presence of any observer that the Producing Party may employ). Absent other agreement, the Source Code Computers will be made available for inspection from 9am-5pm Monday through Friday, except on holidays. Reasonable accommodations will be made if the Producing Party needs to occasionally use the review room for a business event that cannot take place elsewhere, or if the Producing Party's counsel's offices are closed for a special event. The Receiving Party must provide at least two (2) business day's advance notice of its intent to come to the Producing Party's counsel's offices on a given day (including identifying the persons who will attend), or else the Producing Party has no obligation to reserve the review room, and more generally, the Producing Party may use the review room for any other purpose on days when no source code inspection occurs. The Receiving Party is under no obligation to inspect source code on sequential days, but shall nonetheless endeavor to conduct its source code review efficiently, and with minimal burden imposed on the Producing Party.

8.3.    The Source Code Computers shall include software utilities that will allow the Receiving Party's outside counsel and Experts to view, search, and analyze the source code. At a

minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file. Upon five (5) business days' notice the Producing Party shall provision the Source Code Computers with additional commercially available software tools as reasonably requested by the Receiving Party. The Receiving Party (who is requesting such tools) shall provide the license for the review tools, and either (a) a CD or DVD containing such licensed software tool(s), or (b) instructions to download or otherwise obtain such licenses software tool(s) pursuant to the Reviewing Party's license. The Source Code Computers shall be password protected by the source code provider. No person other than the source code provider may alter, dismantle, disassemble, or modify the stand-alone computers in any way, or attempt to circumvent any security feature of the computer. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop/computer, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. The Receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce source code. The Receiving Party may take notes on a laptop or other personal electronic device, provided such device does not have a camera and is disabled from linking to any network, and such notes are treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this Protective Order. The source code provider may exercise personal supervision from inside or outside the review room (including but not limited to watching the review take place in a glass conference room) when the Receiving Party is in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the Receiving Party, *e.g.*, monitoring the screen of the stand-alone computer, monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party. There will be no video supervision by the source code provider.

8.4    A Receiving Party may request a reasonable amount of source code to be printed, and, absent good cause, the Producing Party shall not refuse such a request. The Producing Party shall within five (5) business days of such a request provide the Receiving Party with two (2) hard copies of the requested lines, pages, files, or filepaths that the Receiving Party believes in good faith are necessary

STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-00428-JCM-BNW

4860-0122-4906.7

to its analysis. The hard copies shall include line numbers and shall be Bates-stamped for purposes of tracking production. Each page shall also be marked "HIGHLY CONFIDENTIAL – SOURCE CODE," with this being understood to also encompass a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Receiving Party shall, upon receipt of such hard copies, maintain control of those copies at the offices of the Party's outside counsel at all times, except that such copies may be taken to the location of a Party's Experts, the Court, or any deposition at which they may be used. The Receiving Party shall ensure that no additional copies of the printed source code be made, except as specifically allowed below.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except to the extent permitted below.  A Receiving Party may also request of a Producing Party that a reasonable amount of source code be shown to persons under the Protective Order to whom materials marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be shown. The Receiving Party may show the hard copies to witnesses at deposition, provided such witnesses had access to the source code by virtue of their employment by the Producing Party or, in the case of the deposition of an Expert, provided such witness is qualified to access the source code pursuant to this Protective Order. The Receiving Party may also make up to three (3) copies of the source code for use at a deposition: one copy for the Party taking the deposition, one copy for the Party defending the deposition, and one copy for the deposition witness. The Receiving Party is permitted to make up to three (3) additional hard copies of source code for the Court in connection with a Court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the source code are being filed or offered. To the extent portions of source code are quoted in a Court filing, either (a) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or (b) those pages containing quoted source code will be separately stamped and treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Receiving Party who intends to file source code with the Court shall use reasonable efforts to keep to a minimum the amount of source code included in any Court filing and shall include in any Court filing only that source code that is reasonably necessary to support the Party's filing. The Receiving Party may also include source code excerpts in its expert reports. A Receiving Party who intends to include source code excerpts shall use reasonable efforts to keep to a

minimum the amount of source code included in any report. If an expert report includes source code of the opposing Party, those portions of the report shall be designated and clearly marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**9.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Receiving Party or a Receiving Party's Expert is served with a subpoena or an order issued in other litigation that would compel disclosure of any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE", the Receiving Party must:

(a)      notify the Designating Party, in writing (by electronic mail, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the as-served subpoena or court order;

(b)      immediately inform in writing the Party who caused the subpoena or court order to issue in the other litigation that some or all of the material covered by the as-served subpoena or court order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party or court in the other action that caused the subpoena or court order to issue; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested persons to the existence of this Stipulated Protective Order and to afford the Designating Party an opportunity to protect such Designating Party's confidentiality interests in the court from which the subpoena or order issued. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party

in this action to disobey a lawful directive from another court.

**10**.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, such Receiving Party or the Receiving Party's Expert has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use such Receiving Party's best efforts to retrieve all copies of the disclosed Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Injunctive Relief Available. Each Party acknowledges that monetary remedies are inadequate to protect each Party in the case of unauthorized disclosure or use of Protected Material and that in the event there is any such unauthorized disclosure or use of Protected Material, then, in addition to whatever relief may be available at law or in equity, the non-disclosing Party shall be entitled to immediate injunctive relief to restrain the disclosing Party from further unauthorized disclosures or use of Protected Material without the necessity of proof of actual damages, without having to post a bond, or without a showing of evidence of actual or likely irreparable harm (which the Parties agree a court may presume in any action brought by the non-disclosing Party), and in the event the non-disclosing Party does apply for any injunctive relief, that the non-disclosing Party may have an adequate remedy at law shall not be raised as a defense. In any action arising from the unauthorized disclosure or use of Protected Material, if the disclosure is shown to have been deliberate, the prevailing Party shall, in addition to any other award of damages or other remedy, be entitled to all of its reasonable costs and attorneys' fees related to such action, such costs and fees to include all costs and attorneys' fees associated with litigation, prosecution, appeal, enforcement, and/or collection.

12.     **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may only file Protected Material in the public record in this action under seal. A Party that seeks to file under seal any Protected Material must comply with the Local Rules for under seal filings.

13.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

4860-0122-4906.7

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 14.    DISCOVERY FROM EXPERTS AND CONSULTANTS

14.1.    Discovery of materials from Technical Advisors and consultants will be subject to Federal Rule of Civil Procedure 26(b)(4) and the following limitation. The following materials will be excluded from expert discovery or inquiry in this Action: (a) draft expert reports or declarations and outlines thereof; (b) notes prepared by experts; (c) communications between or among experts and their assistants, or with outside counsel; and (d) communications between experts, or their assistants, and other experts.

14.2.    Notwithstanding the foregoing, discovery may encompass (a) all documents required to be disclosed under Federal Rule of Civil Procedure 26(a)(2); (b) the amount of time an expert spent on the litigation; and (c) the compensation received by the expert for his work on the litigation.  This information is discoverable and may be the subject of questioning at deposition or trial.

## 15.    __MISCELLANEOUS__

15.1    <u>Right to Advise Clients</u>.  This Stipulated Protective Order shall not prevent, or otherwise restrict Counsel from rendering advice to their clients, and, in the course thereof, relying generally on examination of Protected Material, provided that, in rendering such advice, and otherwise communicating with such clients, Counsel shall not make specific disclosure of the Protected Material except as otherwise permitted by this Stipulated Protective Order.

15.2    <u>Rightfully Obtaining and Using Protected Material</u>.  The restrictions set forth in this Stipulated Protective Order shall not be construed to:

(a) limit any Producing Party's use of its own Protected Material;

(b) preclude any Party from making lawful use of information which was lawfully in its possession, without restriction, prior to the receipt of information under this Stipulated Protective Order;

(c) apply to information lawfully obtained by a Party from any non-party having the right to disclose such information;

(d) apply to information that has been or becomes part of the public domain, by publication, a declaration under law, or otherwise, and not due to any unauthorized act or omission on the part of a Receiving Party; provided that, during any dispute concerning the public status of information or documents produced in discovery, such information shall be treated as designated by the Producing Party until the Parties otherwise agree or the Court otherwise orders.

## 16.    **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, including any and all appeals, each Receiving Party must return all Protected Material, except attorney work product, to the Producing Party.  As used in this subdivision, "all Protected Material" includes, without limitation, all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material, as well as all executed copies of the "Agreement to Be Bound by Protective Order" (Exhibit A) obtained or received by the Receiving Party.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning such Protected Material; provided, however, that this destruction allowance shall not apply to the provision of all executed copies of the "Agreement to Be Bound by Protective Order" (Exhibit A).  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline certifying that all the Protected Material was returned or destroyed and affirming that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Paragraph 4 (six (6) months after the final termination of this

action), above, unless otherwise agreed by the Parties or ordered by the Court.

Dated this 2nd day of August, 2024.

Dated this 2nd day of August, 2024.

/s/ Jessica M. Lujan
OLIVER J. PANCHERI, ESQ. (NBN 7476)
JESSICA M. LUJAN, ESQ. (NBN 14913)
**HOLLEY DRIGGS**
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 791-0308 / Fax: (702) 791-1912
Email: opancheri@nevadafirm.com
        jlujan@nevadafirm.com

JEAN-PAUL CIARDULLO, ESQ. (*pro hac vice*)
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500
Fax: (213) 486-0065
Email: jciardullo@foley.com

ROBERT T. STEWART, ESQ. (NBN 13770)
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, UT 84111
Tel.: (801) 401-8900
Email: rtstewart@foley.com

*Attorneys for Plaintiff*

/s/ Mark T. Oakes
PATRICK J. REILLY, ESQ. (NBN 6103)
**BROWNSTEIN HYATT FARBER
SCHRECK, LLP**
100 North City Parkway, 16th Floor
Las Vegas, Nevada 89106
Tel.: (702) 382-2101 / Fax: (702) 382-8135
Email: preilly@bhfs.com

MARK T. OAKES, ESQ. (*pro hac vice*)
ZACHARY P. MCHENRY, ESQ. (*pro hac vice*)
ETHAN GLENN, ESQ. (*pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
Email: mark.oakes@nortonrosefulbright.com
zach.mchenry@nortonrosefulbright.com
ethan.glenn@nortonrosefulbright.com

*Attorneys for Defendants*

If the parties wish to seal documents, they must file a motion that complies with LR IA 10-5 and *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). **IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: August 5, 2024

4860-0122-4906.7

# EXHIBIT A

*Acknowledgment and
Agreement to be Bound*

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, do hereby acknowledge and agree as follows:

1.      I have received and read the Stipulated Protective Order entered in the matter entitled *Paradise Entertainment Limited et al v. Empire Technological Group Limited et al.*, Case No. 2:24-cv-00428-JCM-BNW, pending before the United States District Court, District of Nevada, of which the form of this agreement is an attachment.

2.      I understand the terms and provisions of the Stipulated Protective Order and agree to be bound by and to strictly adhere to all of its terms and provisions.

3.      I hereby submit to the jurisdiction of the United States District Court, District of Nevada, solely for the purpose of enforcement of the Stipulated Protective Order and this Acknowledgement and Agreement to be Bound.


DATED this _____ day of _____, 20__.


_____

[Signature]

_____

_____

[Name, Address, Telephone Number]


EXHIBIT A TO STIPULATED PROTECTIVE ORDER
Case No. 2:24-cv-00428-JCM-BNW

4874-7895-4196.1