OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400
Fax: (702) 938-8648
Email: opancheri@spencerfane.com
        jlujan@spencerfane.com

STEWART RAY NELSON, ESQ. (*pro hac vice*)
Utah Bar No. 17286
HANNAH L. ANDREWS, ESQ. (*pro hac vice*)
Utah Bar No. 18157
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, Utah 84111
Tel.: (801) 401-8900
Email: srnelson@foley.com
        handrews@foley.com

*Attorneys for Plaintiffs/Counterdefendants*

JEAN-PAUL CIARDULLO, ESQ. (*pro hac vice*)
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500
Fax: (213) 486-0065
Email: jciardullo@foley.com

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

PARADISE ENTERTAINMENT LIMITED, a Bermuda corporation; and LT GAME, INC., a Nevada corporation,

Plaintiffs/Counterdefendants,

vs.

EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; and DARYN KIELY, an individual,

Defendants/Counterclaimants.

Case No. 2:24-cv-00428-JCM-BNW

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**[FILED UNDER SEAL]**

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 15-1, Plaintiffs Paradise Entertainment Limited ("Paradise") and LT Game, Inc. (formerly called LT Game (Canada) Limited) ("LT Game") (collectively, "Plaintiffs"), hereby move the Court for leave to amend their Complaint (ECF No. 1).  Consistent with Local Rule 15-1(a), the proposed Amended Complaint, together with all exhibits referred to therein, is attached hereto as Exhibit 1. Plaintiffs provided Defendants Empire Technological Group Limited ("Empire"), Gaming Specialized Logistics LLC ("GSL"), Mr. Linyi "Frank" Feng ("Mr. Feng"), Mr. Roy Kelcey Allison ("Mr. Allison"), and Mr. Daryn Kiely ("Mr. Kiely") with a copy of the Proposed Amended Complaint, and Defendants stated that they do not oppose allowing Plaintiffs to amend. For clarity, however, while Defendants do not oppose amendment, Defendants do not join in Plaintiffs' motion itself, which contains allegations that Defendants dispute.

This motion is supported by the following Memorandum of Points and Authorities.


DATED:  February 27, 2025


/s/ Jessica M. Lujan
OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400
Fax: (702) 938-8648
Email: opancheri@spencerfane.com
        jlujan@spencerfane.com

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs seek leave to amend their Complaint and add parties. Pursuant to the Court's November 25, 2024 Order granting the parties' Stipulation to Extend Case Deadlines (ECF No. 45), today—February 27, 2025—is the timely deadline to file a motion to amend pleadings and add parties absent a showing of good cause under Federal Rule of Civil Procedure 16(b). Plaintiffs provided Defendants with a copy of the Proposed Amended Complaint, and Defendants stated that they do not oppose allowing Plaintiffs to amend. For clarity, however, while Defendants do not oppose amendment, Defendants do not join in Plaintiffs' motion itself, which contains allegations that Defendants dispute.

Plaintiffs intend to add Ms. Yi "Betty" Zhao ("Ms. Zhao") as a defendant in this case. Previously, Ms. Zhao served as the chief operating officer ("COO") of Paradise and its subsidiaries, including LT Game (collectively, the "Paradise Group"), overseeing the group's electronic gaming business. Ms. Zhao resigned on October 20, 2023, and began working the following month for Empire as its senior vice president of international operations.

Plaintiffs had previously suspected Ms. Zhao's involvement in the wrongdoing alleged in the original Complaint yet lacked corroborating evidence. However, Defendants have since produced chat messages between themselves and Ms. Zhao that establish her awareness of and participation in the alleged wrongdoing—during the period when Ms. Zhao was an officer and fiduciary of the Paradise Group. Further, Paradise conducted an internal investigation into Ms. Zhao, which included interviews with her former subordinates and uncovered further supporting evidence. Accordingly, Plaintiffs seek to add Ms. Zhao as a defendant to their existing claims.

Plaintiffs also intend to now assert their fraud-related claims against Mr. Kiely. Initially, Plaintiffs were unclear as to the extent of Mr. Kiely's awareness and involvement in the fraudulent scheme orchestrated by Mr. Feng. However, through a diligent review of Defendants' production, public records, and the multitudinous emails obtained from Plaintiffs' own email servers, it has become evident that Mr. Kiely was an active participant in defrauding Plaintiffs.

Lastly, Plaintiffs seek to add Paradise subsidiary LT Game Limited ("LTG Limited"), a British Virgin Islands corporation based in Macau, as a co-plaintiff in this case. LTG Limited has acted as an

intermediate company under the control of Paradise to manage various LT Game affairs, including the hiring and payment of LT Game counsel. LTG Limited was harmed for the same reasons that Paradise and LT Game were harmed. The newly proposed defendant, Ms. Zhao served as the COO of LTG Limited and the Paradise Group under the employment of Paradise Group, further justifying the inclusion of the new co-plaintiff. Importantly, LTG Limited does not intend to assert any claims not already made by Paradise or LT Game. Therefore, the inclusion of LTG Limited will ensure that all Paradise Group entities directly harmed by Defendants' wrongdoing are parties to the case, without adding any new causes of action not otherwise asserted by Paradise or LT Game.

## II.    FACTUAL BACKGROUND

### A.    Plaintiffs' Complaint, Defendants' Answer and Counterclaims, and Defendants' First Amended Answer and Counterclaims

The parties to this case are engaged in the business of supplying gaming equipment to casinos. Paradise, a well-known Macau-based company, is led by Dr. Jay Chun, its Chairman.  As detailed in Plaintiffs' Complaint (ECF No. 1), Dr. Chun appointed his brother-in-law, Defendant Mr. Feng, many years ago to help manage certain subsidiaries aimed at expanding Paradise's business particularly into North America .  Despite Mr. Feng's lack of prior experience in the gaming industry, Dr. Chun wished to assist him out of his care and patronage and trusted him as a close family member.  Mr. Feng was ultimately assigned as the President of Paradise's subsidiary, LT Game, in Las Vegas, while also served concurrently simultaneously acted as the President of another company, Defendant Empire, which was intended to be the long-term exclusive distributor for the Paradise Group. Until 2023, LT Game and Empire had significant overlap, sharing office space and employees for much of the time.  Mr. Feng's immediate reports—Mr. Allison and Mr. Kiely—likewise were also managers of both LT Game and Empire.  During their tenure, Mr. Feng, Mr. Allison, and Mr. Kiely owed fiduciary duties and contractual obligations to both Paradise and LT Game.  By 2023, Paradise had invested millions of dollars into both LT Game and Empire.

As alleged in the Complaint, unbeknownst to Plaintiffs, Defendants embarked on a secret plan to leverage Plaintiffs' resources—money, employees, and reputation—to establish a separate and competing business under Empire. This scheme was intended to usurp LT Game corporate opportunities and

ultimately supplant it. Today, LT Game has been left a shell, with its employees poached for Empire, while Empire has expanded into Macau to compete directly with Paradise.

Plaintiffs filed their Complaint on March 1, 2024, alleging that, since approximately 2017, Defendants have been engaging in misconduct including fraud, breach of fiduciary duties, trade secret misappropriation, copyright infringement, and breach of contract, among other claims. *See* Compl. (ECF No. 1). On April 26, 2024, Defendants filed their Answer and Counterclaims (ECF No. 17). Plaintiffs responded to Defendants' Counterclaims on June 7, 2024 (ECF No. 29).

On June 28, 2024, Defendants filed their First Amended Answer and Counterclaims (ECF No. 34), amending their Answer and Counterclaims. Plaintiffs answered Defendant's First Amended Counterclaims on July 26, 2024 (ECF No. 38).

**B.      Fact Discovery and the Parties' Agreed Stipulation to Extend Case Deadlines**

On June 11, 2024, the Court granted the parties' Proposed Joint Discovery Plan and Scheduling Order (ECF No. 33), which established the original deadline for filing motions to amend pleadings and add parties as November 27, 2024, approximately ninety days before the original fact-discovery cutoff date. On November 25, 2024, the Court granted the parties' Agreed Stipulation to Extend Case Deadlines (ECF No. 45), moving the deadline for filing motions to amend pleadings and add parties to February 27, 2025. Fact discovery now ends on May 30, 2025.

During fact discovery, Plaintiffs requested that Defendants produce all communications with Ms. Zhao regarding r her  transition from working for Plaintiffs to her  position at at Empire. Defendants agreed to produce nonprivileged responsive documents without objection. However, the parties disputed whether Ms. Zhao should be added to the list of custodians whose company records would be searched for documents responsive to Plaintiffs' other discovery requests.  Initially, Defendants contended that although Ms. Zhao was an Empire employee, she did not join the company until after the parties' dispute began and was therefore unlikely to possess  relevant information. The parties exchanged letters and held several meet and confer between September 2024 and December 2024, and ultimately, Defendants agreed to add Ms. Zhao as a custodian to be searched.

**C.      Subsequent Revelations About Ms. Zhao and Mr. Kiely**

Defendants' production and Plaintiffs' ongoing research have established that Ms. Zhao and Mr.

Kiely were not only aware of Mr. Feng's scheme to defraud Plaintiffs but were also active participants in the alleged fraud and misappropriation.  Defendants produced chat messages from April 2023—during Ms. Zhao's tenure as COO of the Paradise Group—where Mr. Feng directed Ms. Zhao, Mr. Kiely, Mr. Allison, and other Empire employees to inform him about the source codes, reports, math documents, art, and other items needed from Plaintiffs for Empire's future business, aiming to sever all ties with Plaintiffs.

In response, Mr. Kiely stated that, among other things, that Defendants required source codes, math documents, art, and sounds for all games developed by Plaintiffs, as well as  source code for Plaintiffs' proprietary gaming platform.  Mr. Kiely also indicated that Empire already possessed Plaintiffs' LTShoe source code, and that Plaintiffs' proprietary gaming platform would be modified for use in Empire's HyperSpeed slot cabinets. Notably,  Ms. Zhao—then COO of the Paradise Group—failed to inform Paradise management that Mr. Feng had directed her and the others to compile a list of Paradise Group intellectual property to be gathered and used for the benefit of Empire, to the detriment of Plaintiffs.

Other chat messages produced by Defendants indicate that as early as June 2023—again, while Ms. Zhao was still COO of the Paradise Group—Mr. Feng began to provide Ms. Zhao information related to soon-to-be-acquired Aruze's Macau operations and Empire's planned expansion into Macau, including financials, forecasts, and facilities.  These communications suggest that Ms. Zhao assisted Mr. Feng with Empire's expansion into Macau—where Ms. Zhao now leads Empire's Macau branch—while still serving as an officer and fiduciary of Plaintiffs. Notably, Ms. Zhao never disclosed her involvement in Mr. Feng's plans to compete with Plaintiffs in the Macau market.

Defendants' chat messages also indicate that in September 2023, while still serving an officer and fiduciary of Plaintiffs, Ms. Zhao leaked Plaintiffs' internal discussions about potential legal action against Defendants to Mr. Feng and his wife. This included specific causes of action Plaintiffs were considering and Plaintiffs' potential settlement demands

Further regarding Mr. Kiely, documents produced by Defendants, including memoranda submitted to the Nevada Gaming Control Board, indicate that Mr. Kiely was not only aware of Mr. Feng's non-party companies, which Defendants used to self-deal and advance their fraudulent scheme,  but also had an ownership interest in some of those companies, such as Akkadian Enterprises Inc. and Playful Interactive, Inc.  Additionally, Plaintiffs' ongoing investigation into Mr. Feng's non-party companies, alongside a

review of over a decade of emails obtained from Plaintiffs' own email servers, revealed that in 2017, Mr. Kiely and Mr. Feng attempted to have LT Game contract with a non-existent company called "Playful Games, Inc." for slot game development, They provided Paradise management with a proposed contract listing a residential address belonging to Mr. Feng as the purported company's place of business.

## III.    **ARGUMENT**

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* The Ninth Circuit has found that this policy "is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3dd 708, 712 (9th Cir. 2001)). When determining whether to grant a motion for leave to amend, courts consider the following five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Here, Plaintiffs have yet to amend their Complaint, and Plaintiffs motion for leave to amend is timely. Furthermore, Defendants do not oppose amendment.

The parties stipulated to the deadline to amend and add parties in the case schedule, "so the motion for leave to amend could not have been a surprise." *See T1 Payments LLC v. Beyond Wealth PTE LLC*, No. 2:20-cv-01405-JCM-VCF, 2021 WL 1820641, at *2 (D. Nev. May 5, 2021). Plaintiffs' proposed amendment is neither made in bad faith nor for the purpose of undue delay but rather reflects Plaintiffs' careful consideration of their claims and diligent research into Defendants' activities. Plaintiffs' addition of Ms. Zhao and inclusion of Mr. Kiely in Plaintiffs' fraud-related claims relate to the same transactions and occurrences found in the original complaint. *See Neche, LLC v. Allied Insurance Company of America*, No. 2:19-cv-01016-APG-VCF, 2020 WL 870224, at *2 (D. Nev. Feb. 21, 2020) (finding no evidence of bad faith or undue delay where "the new claim relates back to the transactions and occurrences in the original complaint"). Further, Defendants will not be prejudiced by Plaintiffs' amendment "because discovery is ongoing and does not end for several months." *See id.* Plaintiffs' discovery requests regarding Ms. Zhao and the parties' discovery dispute regarding the collection of documents from Ms. Zhao have made clear to Defendants for months now that Plaintiffs considered Ms. Zhao's actions relevant

to the alleged wrongdoing.

Plaintiffs also note that they have started discussing with Defendants whether their attorneys will also be representing Ms. Zhao, and if stipulations can be reached as to service and scheduling to allow Ms. Zhao an opportunity to appear and participate in the case. Plaintiffs currently expect to be able to arrive at a good faith agreement with Defendants' counsel on these issues.

Accordingly, Plaintiffs motion for leave to amend should be granted.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file their Amended Complaint.

DATED: February 27, 2025

<u>/s/ Jessica M. Lujan</u>
OLIVER J. PANCHERI, ESQ. (NBN 7476)
JESSICA M. LUJAN, ESQ. (NBN 14913)
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 938-8648
Email: opancheri@spencerfane.com
          jlujan@spencerfane.com

JEAN-PAUL CIARDULLO, ESQ.  (*pro hac vice*)
California Bar No. 284170
**FOLEY & LARDNER LLP**
S555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500 / Fax: (213) 486-0065
Email: jciardullo@foley.com

STEWART RAY NELSON, ESQ. (*pro hac vice*)
HANNAH L. ANDREWS, ESQ. (*pro hac vice*)
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, Utah 84111
Tel.: (801) 401-8900
Email: srnelson@foley.com
          handrews@foley.com

*Attorneys for Plaintiffs/Counterdefendants*

<u>**INDEX OF EXHIBITS**</u>

| <u>**Exhibit Description**</u> | <u>**Exhibit No.**</u> |
|---|---|
| Plaintiffs' Proposed First Amended Complaint | 1 |