OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 791-0308
Fax: (702) 791-1912
Email: opancheri@spencerfane.com
       jlujan@spencerfane.com

STEWART RAY NELSON, ESQ.
(*pro hac vice*)
Utah Bar No. 17286
HANNAH L. ANDREWS, ESQ.
(*pro hac vice*)
Utah Bar No. 18157
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, UT 84111
Tel.: (801) 401-8900
Email: srnelson@foley.com
       handrews@foley.com

JEAN-PAUL CIARDULLO, ESQ. (*pro hac vice*)
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500
Fax: (213) 486-0065
Email: jciardullo@foley.com

*Attorneys for Plaintiffs/Counterdefendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PARADISE ENTERTAINMENT LIMITED, a Bermuda corporation; and LT GAME, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; and DARYN KIELY, an individual,<br><br>Defendants. | Case No. 2:24-cv-00428-JCM-BNW<br><br>**JOINT STIPULATION TO EXTEND CASE DEADLINES**<br><br>[SECOND REQUEST] |

Plaintiffs Paradise Entertainment Limited ("**Paradise**") and LT Game, Inc. ("**LT Game**") (collectively "**Plaintiffs**") and Defendants Empire Technological Group Limited ("**Empire**"), Linyi (Frank) Feng, Roy Kelcey Allison, Gaming Specialized Logistics LLC ("**GSL**"), and Daryn Kiely (collectively, "**Defendants**") by and through their undersigned counsel of record, hereby stipulate and agree to a 90-day extension of the case deadlines for two main reasons: (1) to allow for overseas service upon the proposed new defendant Betty Zhao in China, as well as discovery with respect to her, should the Court grant Plaintiffs' pending unopposed Motion for Leave to Amend the Complaint (ECF No. 63), and (2) to allow Defendants time to make a substantial new production of documents related to Plaintiffs' recently filed Motions to Compel (ECF Nos. 55 and 58) prior to further briefing on those Motions, in case such production may moot a substantial portion of the Motions and save the Court judicial resources.

The Parties note that they have also scheduled a mediation in April.

The Parties are making their request well in advance of the current May 30, 2025 fact discovery cut-off, and submit that there is good cause for the schedule extension, as discussed below. The Parties' request follows on a previous Joint Stipulation on November 22, 2024 (ECF No. 44), that is discussed below.

A. **Background**

Plaintiffs filed their Complaint on March 1, 2024, alleging that, since approximately 2017, Defendants have been engaged in misconduct including fraud, breach of fiduciary duties, trade secret misappropriation, copyright infringement, and breach of contract, among other claims. (ECF No. 1.) Defendants deny Plaintiffs' allegations, maintain that they are not liable for the alleged misconduct, and have alleged their own counterclaims.

Since then, the Parties have conducted significant written discovery and produced a voluminous amount of documents. Document discovery has spanned a period of more than seven years and touches upon almost all aspects of the Parties' business operations. This has resulted in each side reviewing and producing records from document collections that have turned out to be terabytes in size. The Parties also anticipate that over twenty (20) depositions may be taken by the time discovery closes, with the first six of those having been completed.

### B. Plaintiffs' Proposed Amended Complaint, And New Defendant In China

On February 27, 2025 (the deadline for filing motions to amend the pleadings), Plaintiffs filed their Motion to Amend (ECF No. 63), which among other things seeks to add a new defendant, Betty Zhao, to the case based upon materials obtained during the discovery period. Defendants have not opposed the amendment.

Ms. Zhao is located in China, which as a practical matter is expected to result in her not making an appearance in this case until May or June of 2025. Thus, the Parties agree that there would not be sufficient time left in the current discovery period to allow Ms. Zhao to enter the case, and to also allow her to participate in discovery before the May 30, 2025 discovery cut-off. Defendants' counsel are currently determining if they will be representing Ms. Zhao, but Defendants agree regardless that more time would be needed to allow her participation in the case.

### C. Plaintiffs' Recent Motions To Compel

On November 22, 2024, the Parties filed a Joint Stipulation with the Court (ECF No. 44) seeking an extension of the original case schedule in view of a complicated discovery dispute that had arisen with respect to claims of privilege regarding Defendants' communications with the law firm Lewis Roca. On November 25, 2024, the Court granted the Parties' requested schedule extension, moving the close of fact discovery to May 30, 2025, to allow the parties time to attempt to resolve the issue. (ECF No. 45.) The parties have since worked in good faith to address the issue, while also otherwise diligently engaging in substantial ongoing discovery, including a series of depositions that is expected to continue over the next few months. Defendants served two lengthy privilege logs, and the Parties continued to confer on the issue. However, on February 24, 2025, Plaintiffs filed a Motion to Compel seeking production of the Lewis Roca records, or in the alternative seeking an in-camera review by the Court of those records. (ECF No. 55.)

On February 25, 2025, Plaintiffs also filed a second Motion to Compel directed to five categories of documents and information. (ECF No. 58.) The Court granted Plaintiffs' request to exceed normal page limits because of the length of the motion.

Defendants contend that responding to both Motions to Compel – which Plaintiffs concede are lengthy – would take a substantial amount of time, but more importantly that a significant portion of the

Motions to Compel might be mooted by a forthcoming sizeable document production(s). Defendants have agreed to complete their further production(s) by March 28, 2025, and expect it to comprise thousands of documents that touch on categories of documents in both motions to compel and other outstanding discovery requests. Defendants agree to generally identify, at the time of production, which documents in their productions that are responsive to which categories of documents Plaintiffs identified in their motions. The Parties propose that Plaintiffs then review Defendants' document production, whereupon by April 18, 2025, Plaintiffs will either (1) file a notice indicating their intent to maintain or withdraw any of their pending motions, or (2) file amended motions based upon Defendants' intervening document production. The Parties propose that Defendants deadline to respond to any remaining operative motions be extended to three (3) weeks from that filing date, and that Plaintiffs be allowed two (2) weeks for reply.

### D.     Statement Specifying the Discovery Completed and What Remains

The Parties have diligently conducted expansive discovery to-date, which has included:

- Review and production of several hundred thousand documents – amounting to many terabytes of data
- 6 depositions of former employees of Plaintiffs and Defendants, with potentially more than 20 depositions planned in total
- 29 subpoenas served to non-party witnesses seeking documents and depositions (though depositions dates have not yet been scheduled)
- Defendants' production of lengthy privilege logs with respect to the Lewis Roca records
- A cumulative total of 108 Interrogatories served among the Parties
- A cumulative total of 238 Requests for Production served among the Parties
- Numerous meet and confers

Document discovery has spanned a period of time of almost a decade, and touches upon almost all aspects of the Parties' US business operations. This has resulted in each side reviewing and producing records from document collections that have turned out to be terabytes in size, which is beyond what the parties originally expected at the start of the case. Additionally, the Parties have been preparing for an in-person source code review in Las Vegas.

For their own part, Plaintiffs state here that they were previously unaware of the large number of

people who have been employed by Empire, which has increased the expected witness count and led to a number of subpoenas to former employees. The Parties are still coordinating those depositions and otherwise managing the non-party discovery.

The Parties have also exchanged numerous discovery deficiency letters and engaged in repeated meet and confer sessions and other correspondence over the past several months. The Parties have been working diligently to try to resolve their discovery disputes by good faith negotiation rather than motion practice.

In sum, discovery still to be completed includes:

- Defendants' forthcoming production discussed supra relating to the Motions to Compel
- Completion of any other remaining document review and production
- Source code review
- Coordination with the subpoenaed non-parties, receiving their document productions, and arranging their depositions
- Noticing and taking of party depositions, including coordination with overseas witnesses
- Further conferences to resolve any open discovery issues

### E. The Parties' Requested Extension

In view of (1) the anticipated addition of Ms. Zhao to the lawsuit, (2) the Parties' proposal for attempting a more orderly resolution of the Motions to Compel that might save the Court substantial judicial resources, and (3) the otherwise substantial amount of discovery still underway, the Parties respectfully request a 90-day extension of the case schedule. This Parties have been diligently engaged in discovery to-date, and submit that good cause exists supporting the request so as to allow the orderly completion of discovery – including as to Ms. Zhao – as well as sufficient time to try to resolve a complex discovery dispute. The Parties further note that they have scheduled a private mediation in April.

The proposed updated case schedule is shown below.

| Event | Current Deadlines | Parties' Proposal |
|---|---|---|
| Provide initial disclosures under Rule 26(a) | [already complete] | |

| | | |
|---|---|---|
| Last day to file motion to amend pleadings and add parties absent showing of good cause under Rule 16(b) | [already complete] | |
| Close of Fact Discovery | May 30, 2025 | August 29, 2025 |
| Last day to serve initial expert reports on topics on which the party bears the burden of proof and materials relied upon by experts | June 30, 2025 | September 30, 2035 |
| Last day to serve rebuttal experts on topics on which the party does not bear the burden of proof and materials relied upon by rebuttal experts | July 28, 2025 | October 27, 2025 |
| Close of Expert Discovery (including expert depositions) | August 22, 2025 | November 21, 2025 |
| Deadline to file dispositive motions | September 19, 2025 | December 19, 2025 |
| Deadline to file opposition to dispositive motions | October 10, 2025 | January 23, 2026 |
| Deadline to file replies to dispositive motions | October 24, 2025 | February 6, 2026 |
| Deadline to file Rule 702 (*Daubert*) motions | November 21, 2025 | March 6, 2026 |
| Deadline to file opposition to Rule 702 (*Daubert*) motions | December 12, 2025 | March 27, 2026 |
| Deadline to file replies to Rule 702 (*Daubert*) motions | December 19, 2025 | April 3, 2026 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| Deadline to file Pretrial Order if no dispositive motions are filed | October 20, 2025 | January 23, 2026 |

IT IS SO STIPULATED.

Dated this 3rd day of March, 2025.

/s/ Jessica M. Lujan
OLIVER J. PANCHERI, ESQ. (NBN 7476)
JESSICA M. LUJAN, ESQ. (NBN 14913)
**SPENCER FANE LLP**
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 791-0308 / Fax: (702) 791-1912
Email: opancheri@spencerfane.com
       jlujan@spencerfane.com

JEAN-PAUL CIARDULLO, ESQ. (pro hac vice)
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500
Fax: (213) 486-0065
Email: jciardullo@foley.com

*Attorneys for Plaintiff*

Dated this 3rd day of March, 2025.

/s/ Ethan Glenn
PATRICK J. REILLY, ESQ. (NBN 6103)
**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, 16th Floor
Las Vegas, Nevada 89106
Tel.: (702) 382-2101 / Fax: (702) 382-8135
Email: preilly@bhfs.com

MARK T. OAKES, ESQ. (*pro hac vice*)
ZACHARY P. MCHENRY, ESQ. (*pro hac vice*)
ETHAN GLENN, ESQ. (*pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
Email: mark.oakes@nortonrosefulbright.com
zach.mchenry@nortonrosefulbright.com
ethan.glenn@nortonrosefulbright.com

*Attorneys for Defendants*

## **ORDER**

The Court, having reviewed the above stipulation of the parties, and good cause appearing therefor, hereby **GRANTS** the above stipulation, **ADOPTS** the proposed discovery deadlines as set forth herein, **ORDERS** Plaintiffs to file either a notice or amended motions by April 18, 2025, and **EXTENDS** Defendants' deadlines to respond to Plaintiffs' motions to compel (ECF Nos. 55 and 58) until May 2, 2025.

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: March 4, 2025