UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Paradise Entertainment Limited, et al., | Case No. 2:24-cv-00428-JCM-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Empire Technological Group Limited, et al., | |
| Defendants. | |

Before the court is Plaintiffs' motion to amend (ECF No. 63) and accompanying motion to seal (ECF No. 64). The sealed motion to amend is filed at ECF No. 62. These motions are unopposed. *See* ECF No. 63 at 1. For the reasons discussed below, this Court grants Plaintiffs' motion to amend but denies the motion to seal without prejudice. Should Plaintiffs wish to seal the motion to amend and amended complaint, they must file a new motion to seal by March 28, 2025.

**I.   DISCUSSION**

   **A.   Motion to Amend**

Under Local Rule 7-2, "the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Plaintiffs state that Defendants "do not oppose allowing Plaintiffs to amend." ECF No. 63 at 1. Accordingly, this Court grants Plaintiffs' motion to amend.

   **B.   Motion to Seal**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that

outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Here, Plaintiffs move to redact portions of their motion to amend. "Generally, a motion for leave to amend the pleadings is considered non-dispositive." *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr.*, LLC, No. 2:19-CV-1602-

1  JCM-EJY, 2020 WL 3643431, at *2 (D. Nev. July 6, 2020) (citing *U.S. Dominator, Inc. v.*
2  *Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985), *superseded by statute on*
3  *other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996)).[1]
4  And here, Plaintiffs' motion to amend is only tangentially related to the underlying cause of
5  action. Accordingly, the good cause standard applies to Plaintiffs' request to seal portions of the
6  motion to amend.

7  Plaintiffs also move to seal portions of the amended complaint. Courts within this district
8  and the Ninth Circuit generally agree that a request to seal the complaint is considered
9  "dispositive" for purposes of a motion to seal. *Victory Sports & Entertainment v. Pedraza*, Case
10 No. 2:19-CV-00826-APG-NJK, 2019 WL 2578767, at *1 (D. Nev. June 24, 2019); *see also Birch*
11 *v. Delporto*, Case No. 3:19-CV-00280-MMD-WGC, 2019 WL 2298699, at *2 (D. Nev. May 30,
12 2019) (applying the compelling reasons standard to request to file complaint under seal);
13 *Amazon.com Inc. v. Individuals & Entities*, No. 2:22-CV-00758-RAJ, 2022 WL 21737806, at *1
14 (W.D. Wash. June 3, 2022) (same); *Rieckborn v. Velti PLC*, No. 13-CV-03889-WHO, 2014 WL
15 4964313, at *2 (N.D. Cal. Oct. 3, 2014) (same). Accordingly, the compelling reasons standard
16 applies to Plaintiffs' request to seal portions of the amended complaint.

17 In their motion, Plaintiffs argue that good cause exists to seal portions of the motion to
18 amend and amended complaint because those portions "reference information that has been
19 designated by Defendants as Confidential pursuant to the Stipulated Protective Order." ECF No.
20 64 at 3. Plaintiffs provide no other reason to redact the information. *See id.* at 3–4.

21 Stipulated protective orders alone do not justify sealing court records. *Kamakana*, 447
22 F.3d at 1183; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir.
23 2003) (noting that reliance on a blanket protective order, without more, will not make a showing
24 of good cause). Stipulated protective orders "often contain provisions that purport to put the entire
25 litigation under lock and key without regard to the actual requirements of Rule 26(c)."

---

[1] In cases in which a court denies leave to amend, the judge may treat the motion as dispositive. *See id.*
However, because this Court grants leave to amend here, it does not further consider this tangential point.

*Kamakana*, 447 F.3d at 1183. Because judges sign off on these protective orders without making individualized findings, they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Id.*; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

As a result, Plaintiffs' motion to seal is denied without prejudice. If Plaintiffs wish to maintain this information under seal, they must file a new motion in which they advance arguments in support of the need to seal this information under the applicable standards. Such motion will be due within 21 days of this order (March 28, 2025). In the interim, this Court will maintain ECF No. 62 under seal. Should Plaintiffs not file a motion to seal these documents within 21 days, the Court will assume Plaintiffs do not oppose the unsealing of these documents.

## II.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to amend (ECF No. 63) is **GRANTED**. The Clerk's Office is kindly directed to detach and file the redacted, amended complaint at ECF No. 63-1.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to seal (ECF No. 64) is **DENIED** without prejudice. However, the Clerk's Office is directed to maintain ECF No. 62 and the accompanying proposed amended complaint (ECF No. 62-1) under seal until further orders from this Court.

**IT IS FURTHER ORDERED** that the Clerk's Office ungavel the Sealed Motion to Amend at ECF No. 62.

DATED: March 7, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE