# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Paradise Entertainment Limited, et al., | Case No. 2:24-cv-00428-JCM-BNW |
| Plaintiffs/Counter-Defendants, | |
| v. | **ORDER** |
| Empire Technological Group Limited, et al., | |
| Defendants/Counter-Claimants. | |

Before the court are four motions by Plaintiffs/Counter-Defendants: Motion to Compel Production of Lewis Roca Records (ECF No. 55), Motion to Seal ECF No. 55 (ECF No. 56), Motion to Compel Records from Defendants and Mr. Feng's Subpoenaed Companies (ECF No. 58), Motion to Seal ECF No. 58 (ECF No. 59). The parties filed a stipulation to extend the deadlines to respond to these motions, which this Court granted. ECF Nos. 66 and 67. In that stipulation, the parties explained that the above motions to compel may be mooted by a large and forthcoming document production by Defendants. ECF No. 66 at 3. Based on this information, Plaintiffs stated that they will either "(1) file a notice indicating their intent to maintain or withdraw any of their pending motions, or (2) file amended motions based upon Defendants' intervening document production" by April 18, 2025. *Id.*

Given the forthcoming document production, this Court denies Plaintiffs' motions to compel without prejudice. This Court also denies without prejudice Plaintiffs' accompanying motions to seal for the reasons discussed below. Should either party wish to maintain the motions to compel (ECF Nos. 54 and 57) under seal, it must file new motions to seal in accordance with this Court's below directives. This Court will maintain ECF Nos. 54 and 57 under seal until April 18, 2025. If no motion to seal is filed by then, the Court will unseal the documents.

//

//

//

I. **DISCUSSION**

**A. Legal standard for motions to seal.**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

/ /

/ /

### B. Plaintiffs have not shown good cause.

Here, Plaintiffs move to seal certain exhibits and to redact portions of their motions to compel that refer to those exhibits. ECF Nos. 56 and 58. In the motions to compel, Plaintiffs seek Defendants' communications with business partners and gaming regulators, financial records for Defendants' businesses, and information about Defendants' electronic card shoe products. ECF No. 58 at 6. Plaintiffs further seek Defendants' non-privileged communications with their attorneys from Lewis Roca and other firms. ECF No. 55 at 7. The accompanying exhibits include: 1-J (Defendants' December 13, 2024, Privilege Log of Partially Privileged Documents), 1-K Defendants' December 13, 2024, Privilege Log of Completely Privileged Documents), 1-G (June 13, 2023, Memorandum from Mr. Feng to Nevada Gaming Control Board), 1-H (July 25, 2022, Memorandum from Mr. Feng to Nevada Gaming Control Board), and 1-I (February 8, 2023, Email from Mr. Feng to Nevada Gaming Control Board).

The primary information Plaintiffs move to seal—privilege logs and memoranda/emails concerning Mr. Feng's business information—are only tangentially-related to the underlying cause of action. Moreover, the motions to compel are non-dispositive. Accordingly, the good-cause standard applies. In their motions, Plaintiffs argue that good cause exists to seal the exhibits and related portions of the motions to compel because this information has been marked as "Confidential" pursuant to the parties' stipulated protective order, which this Court granted. ECF Nos. 56, 58, 41. Plaintiffs provide no other reason to seal the information.

Stipulated protective orders alone do not justify sealing court records. *Kamakana*, 447 F.3d at 1183; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause). Stipulated protective orders "often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1183. Because judges sign off on these protective orders without making individualized findings, they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Id.*; *see also Beckman Indus., Inc. v.*

*Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

Because Plaintiffs only rely on their protective order to establish good cause, this Court denies their motions to seal without prejudice. As discussed above, if Plaintiffs or Defendants wish to maintain the exhibits and portions of the motions to compel under seal, the appropriate party must file new motions in which they advance arguments (other than the protective order) in support of the need to seal this information.

## II.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' motions to compel (ECF Nos. 55 and 58) are DENIED without prejudice. Plaintiffs may file renewed or amended motions to compel if necessary.

IT IS FURTHER ORDERED that Plaintiffs' motions to seal (ECF No. 56 and 59) are DENIED without prejudice. However, the Clerk's Office is directed to maintain ECF Nos. 54 and 57 under seal until further orders from this Court.

DATED: March 14, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE