OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400
Fax: (702) 408-3401
Email: opancheri@spencerfane.com
           jlujan@spencerfane.com

ROBERT T. STEWART, ESQ.
Nevada Bar No. 13770
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, UT 84111
Tel.: (801) 401-8900
Email: rtstewart@foley.com

JEAN-PAUL CIARDULLO, ESQ. (*pro hac vice*)
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500
Fax: (213) 486-0065
Email: jciardullo@foley.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARADISE ENTERTAINMENT LIMITED, a Bermuda corporation; LT GAME, INC., a Nevada corporation; and LT GAME LIMITED, a British Virgin Islands corporation<br><br>　　　　　　　Plaintiffs/Counterdefendants,<br><br>　v.<br><br>EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; DARYN KIELY, an individual; and YI ZHAO, an individual,<br><br>　　　　　　　Defendants/Counterclaimants. | Case No. 2:24-cv-00428-JCM-BNW<br><br>**JOINT STIPULATION TO EXTEND CASE DEADLINES**<br><br>[THIRD REQUEST] |

Plaintiffs Paradise Entertainment Limited ("**Paradise**"), LT Game, Inc. ("**LT Game**"), and LT Game Limited ("**LTG Limited**") (collectively "**Plaintiffs**") and Defendants Empire Technological Group Limited ("**Empire**"), Linyi (Frank) Feng, Roy Kelcey Allison, Gaming Specialized Logistics LLC ("**GSL**"), and Daryn Kiely (collectively, "**Defendants**") by and through their undersigned counsel of record, hereby stipulate and agree to a three month extension of the case deadlines for multiple independent reasons: (1) to allow the Court to resolve the pending Motion to Dismiss filed by Defendant Yi "Betty" Zhao, (2) to allow the Court to resolve Plaintiffs' pending Motion to Compel various correspondence Defendants had with the law firm Lewis Roca and related records, (3) to allow completion of substantial additional document productions that remain pending from both Parties and from several non-parties, (4) to allow for the completion of the final round of depositions after such document productions are received, and (5) to allow for the opportunity for the Parties to engage in an additional private meditation session following completion of additional fact discovery.

The Parties are making their request well in advance of the current August 29, 2025, fact discovery deadline, and submit that there is good cause for the schedule extension, as discussed below.

**A.      Background**

Since Plaintiffs filed their Complaint on March 1, 2024, this has become a far-reaching case involving a large number of witnesses, cross-border discovery, and substantial non-party discovery. The Parties have already conducted significant written discovery, and produced tens of thousands of documents. The fact that the dispute spans a period of time of seven years and involves international companies has resulted in each side reviewing and producing records from document collections that have turned out to be terabytes in size, with document production involving the collection and review of a large volume of Chinese-language documents. The parties have also already conducted 10 depositions as of the date of this stipulation, including two in Hong Kong, and anticipate at least a dozen more depositions occuring as well, including of the primary party witnesses and important non-party witnesses whose document productions have not yet been made. This includes non-parties California Commerce Club, Inc. ("Commerce Casino") and its CEO, Jeffrey Harris, who are the defendants in a co-pending Miscellaneous Case Plaintiffs recently filed in the Central District of California seeking to compel compliance with document subpoenas issued to those non-parties in the present case.

The Parties further note that they conducted a first private mediation in April and expect to engage in a second session following completion of further fact discovery.

### B. The Parties' Scheduling Proposal For Addressing Defendant Zhao's Pending Motion To Dismiss

The present procedural posture regarding Ms. Zhao has created a scheduling problem. The Parties' understanding is that the Motion to Dismiss might not be resolved until well after the current August 29 close of fact discovery, presenting a dilemma with how to involve Ms. Zhao in discovery. In view of this, both Parties agree that a schedule extension is appropriate to allow more time not only for the Motion to Dismiss to be resolved but also for discovery to be conducted relative to Ms. Zhao if she remains in the case.

### C. Other Pending Discovery Matters Supporting A Schedule Extension

The Parties respectfully request a schedule extension to allow for the completion of several important categories of discovery:

- ***Resolution of C.D. Cal. Miscellaneous Action No. 2:25-mc-00054, Paradise Entertainment Limited et al. v. California Commerce Club, Inc., et al.*:** [Comments in this section are provided by Plaintiffs only] As alleged in their Complaint, Plaintiffs contend that California Commerce Club (dba Commerce Casino) and its CEO Jeff Harris ("Commerce Defendants") are key figures in this case and that Mr. Harris has been closely involved in Defendants' conduct for several years as an advisor and financial backer. Plaintiffs served subpoenas on the Commerce Defendants several months ago, and keyword searches related to this case in their email records revealed thousands of hits. Plaintiffs diligently negotiated with the Commerce Defendants regarding a potential document production that would have comprised records exclusively in the Commerce Defendants' possession (as opposed to communications otherwise in Defendants' possession), but the Commerce Defendants ultimately refused to make any production. Plaintiffs therefore filed a Miscellaneous Action in the Central District of California (where Commerce Casino and Mr. Harris are located) on June 18, 2025 in order to compel responses. After initially setting a hearing for July 18, the California court pushed back the

hearing to August 5, creating a risk that the Commerce Defendants would not produce documents until after the August 29 fact discovery deadline in this case, and/or that the Parties would not have sufficient time to review such documents or meaningfully use them in depositions.

- ***Completion of Plaintiffs' Supplemental Production:*** Based on meet and confers with Defendants, and to avoid burdening the Court with more discovery motion practice, Plaintiffs agreed to make a supplemental round of document productions. However, these have taken longer than anticipated, in part because of the need to hire vendors in China to perform the collections, and the difficulty of translating what are mostly Chinese-language records to English.  Further, Defendants recently deposed two of Plaintiffs' employees and requested additional categories of documents referenced at those depositions, which Plaintiffs recently agreed to search for and produce, as appropriate.  The Parties seek additional time to collect, produce, receive, and review these forthcoming document productions so that they can be utilized in deposing Plaintiffs' primary witnesses.

- ***Resolution of Motion to Compel Lewis Roca Records:*** [Comments in this section are provided by Plaintiffs only] Still pending before the Court is Plaintiffs' Motion to Compel various correspondence Defendants had with the law firm Lewis Roca and related records. Plaintiffs filed their Motion on June 5, 2025 (ECF No. 87), Defendants filed their Response on June 20, 2025 (ECF No. 90), and Plaintiffs filed their Reply on June 27, 2025 (ECF No. 98).  Plaintiffs are uncertain of when the Motion may ultimately be resolved. The Court initially set a hearing date of July 7 (ECF No. 91), but the Parties requested a continuance of the hearing to the week of July 14 in view of Defendants' schedule conflicts (ECF No. 97). The Court granted the continuance, but indicated that the hearing will need to occur in August (ECF No. 99). Because a large volume of documents are at issue, even if the Court were to grant Plaintiffs' Motion, there is a risk that those documents could not be produced by August 29, much less reviewed in advance of depositions.

- ***Completion of Defendants' Supplemental Production:*** To avoid further discovery motion practice, Defendants agreed to make a supplemental production of documents related to

communications with Commerce Casino and its CEO Jeff Harris. Defendants require additional time to review and produce these records. Plaintiffs seek additional time to receive and review these forthcoming document productions so that they can be utilized in the upcoming depositions.

- ***Discovery from Non-Parties:*** In early June, Plaintiffs served subpoenas to obtain documents and testimony from non-party witnesses, including two former employees of Defendant Empire. Those non-parties are now represented by Defendants' counsel; and they require additional time to collect, process, and produce responsive records, and to prepare for their depositions. Plaintiffs seek additional time to receive and review these forthcoming document productions so that they can be utilized in the upcoming depositions.

- ***Additional Depositions, Including Primary Witness Depositions:*** Although the Parties have already deposed a large number of witnesses, the depositions of the primary party witnesses still need to occur, including Plaintiffs' witnesses who will need to obtain visas to fly in from China. The Parties collectively anticipate deposing at least seven primary party witnesses. Many of these depositions are expected to span multiple days, as several of the primary party witnesses are likely to also be deposed under Rule30(b)(6). Of note, the Parties are also actively negotiating corporate representative topics and need additional time to finalize those topics before depositions occur. The Parties are also actively considering noticing several other depositions of current and former employees of Plaintiffs and Defendants. For these depositions to have maximum value, the Parties seek an extension of the case schedule in order to allow the balance of the discovery described above to be completed ahead of those depositions.

**D.     Statement Specifying the Discovery Completed and What Remains**

The Parties have diligently conducted expansive discovery to-date, which has included:

- Collection and review of hundreds of thousands documents, including a large volume of Chinese-language documents;

- Production of tens of thousands of documents– amounting to many terabytes of data;

- Documents produced following the Parties' first mediation session in April;
- 10 depositions of current and former employees of Plaintiffs and Defendants, including two depositions of Plaintiff employees in Hong Kong;
- Over 30 subpoenas served to non-party witnesses seeking documents and depositions;
- Defendants' production of lengthy privilege logs;
- A second round of document production that has been underway from Plaintiffs involving thousands of Chinese-language documents collected after engaging an overseas vendor;
- Initial meet and confer on Rule 30(b)(6) deposition topics;
- A cumulative total of 108 Interrogatories served among the Parties;
- A cumulative total of 238 Requests for Production served among the Parties; and
- Numerous meet and confers.

Fact discovery has pertained to a period of time spanning almost a decade, and touches upon almost all aspects of the Parties' United States business operations, as well as certain overseas operations. This has resulted in each side reviewing and producing records from document collections that have turned out to be terabytes in size, which is beyond what the parties originally expected at the start of the case. The Parties have exchanged numerous discovery deficiency letters and engaged in repeated meet and confer sessions and other correspondence over the past several months. The Parties have been working diligently to try to resolve their discovery disputes by good faith negotiation rather than motion practice.

In sum, discovery still to be completed includes:

- Resolution of Ms. Zhao's Motion to Dismiss and, if applicable, subsequent discovery from Ms. Zhao;
- Resolution of Plaintiffs' C.D. Cal. Miscellaneous Case No. 2:25-mc-00054 against Commerce Casino and Mr. Harris;
- Completion of Plaintiffs' supplemental round of document production involving thousands of new records collected in China;
- Completion of Defendants' supplemental round of document production involving records relating to Commerce Casino and Mr. Harris;
- Resolution of Plaintiffs' Motion to Compel Lewis Roca records;

- Completion of document collection from at least three non-party witnesses;
- Taking of at least a dozen more depositions, including both primary party witnesses, and important non-parties, and involving coordination with overseas witnesses; and
- Further conferences to resolve any open discovery issues.

**E.    The Parties' Requested Extension**

For the reasons discussed above, the Parties respectfully request a three month extension of the case schedule. This Parties have been diligently engaged in discovery to-date, and submit that good cause exists supporting the request so as to allow sufficient time for the orderly completion of discovery, to resolve a complex discovery dispute, and to potentially engage in a second private mediation session.

The proposed updated case schedule is shown below.

| Event | Current Deadlines | Parties' Proposal |
|---|---|---|
| Close of Fact Discovery | August 29, 2025 | December 5, 2025 |
| Last day to serve initial expert reports on topics on which the party bears the burden of proof and materials relied upon by experts | September 30, 2025 | January 9, 2025 |
| Last day to serve rebuttal experts on topics on which the party does not bear the burden of proof and materials relied upon by rebuttal experts | October 27, 2025 | February 6, 2026 |
| Close of Expert Discovery (including expert depositions) | November 21, 2025 | March 6, 2026 |
| Deadline to file dispositive motions | December 19, 2025 | March 27, 2026 |
| Deadline to file opposition to dispositive motions | January 23, 2026 | April 17, 2026 |
| Deadline to file replies to dispositive motions | February 6, 2026 | April 24, 2026 |
| Deadline to file Rule 702 (*Daubert*) motions | March 6, 2026 | May 15, 2026 |
| Deadline to file opposition to Rule 702 (*Daubert*) motions | March 27, 2026 | May 29, 2026 |
| Deadline to file replies to Rule 702 (*Daubert*) motions | April 3, 2026 | June 5, 2026 |
| Deadline to file Pretrial Order if no dispositive motions are filed | January 23, 2026 | April 17, 2026 |

IT IS SO STIPULATED.

Dated this 14th day of July, 2025.

/s/ Jessica M. Lujan
OLIVER J. PANCHERI, ESQ. (NBN 7476)
JESSICA M. LUJAN, ESQ. (NBN 14913)
**SPENCER FANE LLP**
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 408-3401
Email: opancheri@spencerfane.com
          jlujan@spencerfane.com

JEAN-PAUL CIARDULLO, ESQ. (pro hac vice)
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500
Fax: (213) 486-0065
Email: jciardullo@foley.com

*Attorneys for Plaintiff*

Dated this 14th day of July, 2025.

/s/ Ethan Glenn
PATRICK J. REILLY, ESQ. (NBN 6103)
**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, 16th Floor
Las Vegas, Nevada 89106
Tel.: (702) 382-2101 / Fax: (702) 382-8135
Email: preilly@bhfs.com

MARK T. OAKES, ESQ. (*pro hac vice*)
ZACHARY P. MCHENRY, ESQ. (*pro hac vice*)
ETHAN GLENN, ESQ. (*pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
Email: mark.oakes@nortonrosefulbright.com
zach.mchenry@nortonrosefulbright.com
ethan.glenn@nortonrosefulbright.com

*Attorneys for Defendants*

### ORDER

The Court, having reviewed the above stipulation of the parties, and good cause appearing therefor, hereby **GRANTS** the above stipulation, **ADOPTS** the proposed discovery deadlines as set forth herein.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 15, 2025