1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PARADISE ENTERTAINMENT LIMITED, et al.,

                                Plaintiff(s),

      v.

EMPIRE TECHNOLOGICAL GROUP LIMITED, et al.,

                              Defendant(s).

Case No.2:24-CV-428  JCM (BNW)

ORDER

Presently before the court is plaintiff Paradise Entertainment Limited et al.'s unopposed motion for leave to file a sur-reply.  (ECF No. 109).

Also before the court is defendant Yi Zhao's unopposed motion for leave to file a response to plaintiff's sur-reply.  (ECF No. 109).

## I.    Plaintiff's sur-reply

The court grants plaintiff's motion for leave to file a sur-reply.  Plaintiff's motion sought leave to file a sur-reply to address several new arguments and evidence presented by defendant for the first time in her reply brief.  (ECF No. 92 at 1). A sur-reply is warranted here, as plaintiff's response was premised on the scope of defendant's original motion.  *See PN II Inc. v. Nat'l Fire & Marine Ins. Co.*, 2025 WL 1547041, 2025 U.S. Dist. LEXIS 102895, at *5 (D. Nev. May 29, 2025) (if a reply brief raises new issues, a court may grant opposing party leave to respond to them); *Morgan Stanley Smith Barney LLC v. Takahashi*, No. 2:24-cv-02127-CDS-MDC, 2025 WL 35135, 2025 U.S. Dist. LEXIS 1617, at *13 (D. Nev. Jan. 6, 2025) (granting leave to file sur-reply

where moving party raised new matters for the first time in a reply brief).

**II.    Defendant's response to plaintiff's sur-reply**

The court also grants defendant leave to file a response to plaintiff's proposed sur-reply. A party may file additional responses to a motion if the court grants leave to do so. *See* LRs 7-2(b), (g).  Leave to file an additional response may be granted when, among other reasons, a sur-reply raises new matters to which the moving party would otherwise be unable to respond.  *See Roland v. Hickman*, No. 2:15-cv-1133-JCM-VCF, 2015 WL 10735658, 2015 U.S. Dist. LEXIS 177774, at *2 (D. Nev. Aug. 12, 2015).  The decision to grant leave to file an additional response is firmly within the trial court's discretion.  *See id.* at *3 (citing *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (reiterating the well-established principle that district courts have inherent power to control their docket)).  In particular, a court may grant leave to file an additional response in light of exceptional or extraordinary circumstances.  *See Stevens v. Prentice*, No. 2:17-cv-970-JCM (PAL), 2018 WL 3758577, 2018 U.S. Dist. LEXIS 133471, at *1 (D. Nev. Aug. 8, 2018).

There are exceptional circumstances here.  According to Ms. Zhao,

Plaintiffs attached an exhibit (ECF No. 92-1 at Ciardullo Ex. 6) to their sur-reply that they argue shows Ms. Zhao was communicating with Empire employees regarding Empire business while she was still an employee of Plaintiffs. To Plaintiffs, this document is evidence that Ms. Zhao was directing her activities toward Nevada and was involved in a conspiracy, thereby allowing the Court to assert personal jurisdiction over her.

However, Ms. Zhao claims she was not a member of the conversation at the relevant time period.  (ECF No. 109 at 3).  Granting leave to file the response attached as Exhibit A will allow this court to consider the alleged error and all relevant evidence when deciding Ms. Zhao's motion to dismiss.

- 2 -

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for leave to file a sur-reply (ECF No. 92) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion for leave to file a response to plaintiffs' sur-reply (ECF No. 109) be, and the same hereby is, GRANTED.  The clerk of court shall docket Ms. Zhao's response and the attached exhibits as a response to plaintiffs' proposed sur-reply (ECF No. 92-1).

DATED September 5, 2025.

_____
UNITED STATES DISTRICT JUDGE