PATRICK J. REILLY, ESQ.
**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, 16th Floor
Las Vegas, Nevada  89106
Telephone:    (702) 382-2101
Facsimile:    (702) 382-8135
preilly@bhfs.com

MARK T. OAKES, ESQ. (*pro hac vice*)
ZACHARY P. MCHENRY, ESQ. (*pro hac vice*)
ETHAN GLENN, ESQ. (*pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas  78701-4255
Telephone:    (512) 474-5201
Facsimile:    (512) 536-4598
mark.oakes@nortonrosefulbright.com
zach.mchenry@nortonrosefulbright.com
ethan.glenn@nortonrosefulbright.com

BRIAN W. STOLARZ, ESQ. (*pro hac vice pending*)
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, DC  20001-4501
Telephone:    (202) 662-0309
Facsimile:    (202) 662-4643
brian.stolarz@nortonrosefulbright.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARADISE ENTERTAINMENT LIMITED, a Bermuda corporation; LT GAME, INC., a Nevada corporation; and LT GAME LIMITED, a British Virgin Islands corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; DARYN KIELY, an individual,<br><br>*Defendants*. | Case No. 2:24-cv-00428-JCM-BNW<br><br><br>**RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS** |

# <u>TABLE OF CONTENTS</u>

Page

I.    INTRODUCTION ................................................................................................ 2

II.   RELEVANT BACKGROUND ........................................................................... 3

   a)    The relevant Parties to this case and their alleged connections. ...................... 3

   b)    Plaintiffs allege a litany of claims against Defendants. ................................... 4

   c)    Plaintiffs have already pleaded their best case. ............................................... 4

III.  APPLICABLE LEGAL STANDARDS ............................................................. 4

IV.   LEGAL ARGUMENT ....................................................................................... 5

   a)    Counts 1 and 2: Federal and State Trade Secret Misappropriation................... 6

      i.     Plaintiffs do not specifically plead how or when Mr. Feng, Mr. Allison, or Mr. Kiely misappropriated any trade secrets. .................................................... 6

      ii.    Plaintiffs do not plausibly allege that Empire or GSL misappropriated trade secrets at all. ................................................................................................. 7

      iii.   Plaintiffs do not plausibly identify their trade secrets with sufficient particularity. ....... 7

   b)    Count 3: Copyright Infringement........................................................................ 8

      i.     Plaintiffs do not plausibly allege that LT Game, Inc. ever had an interest in either of the copyrights at issue. ..................................................................... 9

      ii.    Plaintiffs' copyright allegations rely on improper group pleading. ............... 10

   c)    Counts 4 and 5: Fraud and Constructive Fraud.................................................. 10

      i.     Plaintiffs fail to meet Rule 9's heightened pleading standard. ..................... 11

      ii.    Plaintiffs fail to plausibly allege that GSL made any fraudulent misrepresentations.. 12

      iii.   Plaintiffs' constructive fraud claims are impermissible group pleadings. .................. 13

   d)    Count 6: Conspiracy........................................................................................... 13

      i.     Plaintiffs improperly group plead the conspiracy. ........................................ 13

      ii.    Plaintiffs' conspiracy pleadings do not meet Rule 9(b)'s pleading standard............. 14

      iii.   Plaintiffs cannot allege an intracorporate conspiracy between Empire and its employees........................................................................................................ 14

   e)    Count 7: Conversion .......................................................................................... 14

   f)    Count 8: RICO ................................................................................................... 15

      i.     Plaintiffs fail to plead the RICO subsection at issue...................................... 15

      ii.    Plaintiffs do not plead the specifics of the alleged wire fraud underlying their RICO claim and rely on improper group pleading. ................................................ 16

      iii.   Plaintiffs do not plausibly plead a pattern of racketeering behavior.............. 19

   g)    Count 9: Unjust Enrichment............................................................................... 20

   h)    Count 10: Breach of Fiduciary Duty .................................................................. 21

   i)    Count 11: Aiding and Abetting .......................................................................... 22

iii

1
    j)    Counts 12 and 13: Breach of Contract and Tortious Interference ..................................... 22
2
V.   CONCLUSION ........................................................................................................... 23
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re "Santa Barbara Like It Is Today" Copyright Infringement Lit.*,
  94 F.R.D. 105 (D. Nev. 1982) (Foley, J.) ............................................................... 10

*Adherence v. CVS Pharmacy, Inc.*,
  No. 2:24-CV-1590, 2025 WL 1798883 (D. Nev. June 25, 2025) (Mahan, J.) ........................ 9

*In re AGS, Inc. Securities Lit.*,
  No. 2:20-CV-1209, 2024 WL 581124 (D. Nev. Feb. 12, 2024) (Mahan, J.) ........................... 5

*In re Amerco Deriv. Lit.*,
  127 Nev. 196 (Nev. 2011) ....................................................................................... 22

*Amer. Fire and Casualty Co.*,
  No. 2:21-CV-1555, 2023 WL 2930042 (D. Nev. Apr. 13, 2023) (Mahan, J.) ...................... 22

*Aristocrat Tech., Inc. v. Light & Wonder, Inc.*,
  No. 24-cv-00382, 2024 WL 3104806 (D. Nev. June 24, 2024) (Navarro, J.) ......................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 5

*Atlantic-Pacific Processing Sys. NV Corp. v. Plaut*,
  No. 2:21-CV-2060, 2023 WL 2744660 (D. Nev. Mar. 31, 2023) (Mahan, J.) ...................... 13

*Backman v. Goggin*,
  No. 2:16-CV-1108, 2017 WL 1015008 (D. Nev. Mar. 15, 2017) (Mahan, J.) ...................... 20

*Banq, Inc. v. Purcell*,
  No. 2:22-cv-00773, 2025 WL 2163327 (D. Nev. July 29, 2025) (Gordon, C.J.) ................... 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 5, 12

*Bond Man. Co., Inc. v. Ashley Furniture Indus., Inc.*,
  No. 2:17-CV-1522, 2018 WL 1511717 (D. Nev. Mar. 27, 2018) (Mahan, J.) ................ 11, 22

*Brown v. Kinross Gold U.S.A., Inc.*,
  531 F.Supp.2d 1234 (D. Nev. 2008) (Pro, J.) ........................................................... 22

*Bryant v. Mattel, Inc.*,
  573 F. Supp. 2d 1254 (C.D. Cal. 2007) ................................................................... 19

*Copperweld Corp. v. Indep. Tube Corp.*,
  467 U.S. 752 (1984) .............................................................................................. 14

*Doe v. Walmart Inc.*,
  No. 18-CV-02125, 2019 WL 499754 (N.D. Cal. Feb. 8, 2019) ..................................... 16

*Donovan v. Flamingo Palms Villas, LLC*,
   No. 2:08-CV-01675, 2009 WL 10693913 (D. Nev. June 23, 2009) (Jones, J.).....................16

*Edwards v. Marin Park, Inc.*,
   356 F.3d 1058 (9th Cir. 2004).............................................................................17

*Eller v. EquiTrust Life Ins. Co.*,
   778 F.3d 1089 (9th Cir. 2015).............................................................................18

*Evans v. Dean Witter Reynolds, Inc.*,
   116 Nev. 598, 5 P.3d 1043 (Nev. 2000).................................................................15

*Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*,
   963 P.2d 465 (Nev. 1998)..................................................................................11

*Ferris v. Wynn Resorts Ltd.*,
   462 F.Supp.3d 1101 (D. Nev. 2020) (Navarro, J.)...................................................13

*Frantz v. Johnson*,
   116 Nev. 455 (Nev. 2000)..................................................................................6

*Gage v. Cox Commc'ns, Inc.*,
   No. 2:16-CV-02708, 2017 WL 1536219 (D. Nev. Apr. 27, 2017) (Dawson, J.) ..................12

*Giotta v. Ocwen Fin. Corp.*,
   No. 15-CV-00620, 2015 WL 8527520 (N.D. Cal. Dec. 11, 2015).......................................19

*Goodwin v. Exec. Trustee Serv., LLC*,
   680 F.Supp.2d 1244 (D. Nev. 2010) (Reed, J.)........................................................13

*Gregg v. Hawaii, Dep't of Pub. Safety*,
   870 F.3d 883 (9th Cir. 2017)..............................................................................4

*H.J. Inc. v. Nw. Bell Tel. Co.*,
   492 U.S. 229 (1989)....................................................................................19, 20

*Howard v. Am. Online Inc.*,
   208 F.3d 741 (9th Cir. 2000)..............................................................................20

*Hybrid Inter., LLC v. Scotia Inter. Of Nev., Inc.*,
   No. 2:19-CV-2077, 2020 WL 4289372 (D. Nev. July 27, 2020) (Mahan, J.) ..................5, 11

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*,
   978 F.3d 653 (9th Cir. 2020)............................................................................6, 8

*J.J. Indus., LLC v. Bennett*,
   119 Nev. 269, 71 P.3d 1264 (Nev. 2003)................................................................23

*JustMed, Inc. v. Byce*,
   600 F.3d 1118 (9th Cir. 2010)..............................................................................7

*Klein v. Freedom Strategic Partners, LLC*,
   595 F.Supp.2d 1152 (D. Nev. 2009) (Pro, J.) ........................................................21

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
  940 F.2d 397 (9th Cir. 1991)................................................................................. 17

*LaPena v. Las Vegas Metro. Police Dept.*,
  No. 2:2-CV-2170, 2024 WL 1241323 (D. Nev. Mar. 22, 2024) (Mahan, J.) ........................ 5

*Long v. Towne*,
  639 P.2d 528 (Nev. 1982) ................................................................................... 11

*Masin v. Vistakon Pharms., LLC*,
  No. 3:08-CV-00550, 2010 WL 11594971 (D. Nev. June 14, 2010) (Jones, J.)..................... 20

*Mostowfi v. i2 Telecom Int'l, Inc.*,
  269 F.App'x 621 (9th Cir. 2008) ...................................................................... 17, 18

*Motogolf.com, LLC, v. Top Shelf Golf, LLC*,
  528 F.Supp.3d 1168 (D. Nev. 2021) (Gordon, J.)..................................................... 11

*Navajo Health Found. - Sage Mem'l Hosp., Inc. v. Razaghi Dev. Co., LLC*,
  No. 2:19-CV-00329, 2021 WL 1397229 (D. Nev. Jan. 15, 2021)..................................... 18

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993)................................................................................... 11

*New England Life Ins. Co. v. Lee*,
  No. 2:14-CV-1797, 2015 WL 1413391 (D. Nev. Mar. 27, 2015) (Mahan, J.) ..... 15, 21, 22, 23

*Procapui-Productores de Camaroes De Icapui Ltda. v. Layani*,
  No. 07-CV-6627, 2008 WL 3338199 (S.D.N.Y. Jan. 11, 2008) ...................................... 17

*Reynolds v. East Dyer Dev. Co.*,
  882 F.2d 1249 (7th Cir. 1989)............................................................................... 16

*Righthaven LLC v. Democratic Underground, LLC*,
  791 F.Supp.2d 968 (D. Nev. 2011) (Hunt, C.J.) ...................................................... 9

*Risinger v. SOC LLC*,
  936 F.Supp.2d 1235 (D. Nev. 2013) (Du, J.) .......................................................... 11

*RJR Nabisco v. Eur. Cmty.*,
  579 U.S. 325 (2016)............................................................................................ 18

*Sanford v. MemberWorks, Inc.*,
  625 F.3d 550 (9th Cir. 2010)................................................................................ 11

*Sharp v. Deutsche Bank Nat'l Tr. Co.*,
  No. CV 11-7712, 2012 WL 12539986 (C.D. Cal. Jan. 19, 2012).................................... 15

*Silvers v. Sony Pic. Enter., Inc.*,
  402 F.3d 881 (9th Cir. 2005)............................................................................. 9, 10

*So. Nev. Fire Protection Inc. v. Clark County*,
  No. 2:21-CV-1843, 2022 WL 19795807 (D. Nev. Dec. 19, 2022) (Mahan, J.) .............. 13, 14

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007)............................................................................ 11, 13, 14, 17

*Takiguchi v. MRI Int'l, Inc.*,
 47 F.Supp.3d 1100 (D. Nev. 2014) (McKibben, J.).................................................. 20

*TCutima, Inc. v. Bua Grp., LLC*,
 No. 2:24-CV-1130, 2025 WL 587041 (D. Nev. Feb. 24, 2025) (Mahan, J.)............................. 6

*In re Toyota Motor Corp.*,
 785 F.Supp.2d 883 (C.D. Cal. 2011) ........................................................................ 16, 18

*Trial Laws. Coll. v. Spences*,
 No. 1:20-CV-80, 2022 WL 4387614 (D. Wyo. Sept. 22, 2022)........................................... 16

*U.S. v. Jinian*,
 725 F.3d 954 (9th Cir. 2013)........................................................................................ 17

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003)...................................................................................... 11

*Viega GmbH v. Eighth Jud. Dist. Ct.*,
 130 Nev. 368 (2014) ................................................................................................... 18

*Walker v. Univ. Books, Inc.*,
 602 F.2d 859 (9th Cir. 1979)......................................................................................... 9

*Wisdom v. U.S.*,
 No. 3:06-CV-00094, 2010 WL 3981712 (D. Nev. Oct. 8, 2010) (Pro, J.) ............................ 14

*Zazzali v. Eide Bailly LLP*,
 No. 1:12-CV-349, 2013 WL 6045978 (D. Idaho Nov. 14, 2013).......................................... 17

## Rules and Statutes

18 U.S.C. § 1961 .......................................................................................................... 16

18 U.S.C. § 1962 ...................................................................................................... 15, 16

Fed. R. Civ. P. 8 .......................................................................................................... 15

Fed. R. Civ. P. 9 .............................................................................. 2, 11, 12, 13, 14, 17, 18, 19

Fed. R. Civ. P. 12 ............................................................................................... 1, 2, 4, 5

N.R.S. 600A.030 ........................................................................................................... 6

**RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Empire Technological Group Limited ("Empire"), Gaming Specialized Logistics LLC ("GSL"), Mr. Linyi Feng, Mr. Roy Kelcey Allison, and Mr. Daryn Kiely (collectively, "Defendants")[1] file this motion for judgment on the pleadings and asks the Court to dismiss certain claims from Plaintiffs' *First Amended Complaint* for failure to plausibly state a claim for relief.  This Motion is based on the following *Memorandum of Points and Authorities in Support of Motion for Judgment on the Pleadings*, the papers and pleadings on file in this action, and any oral argument this Court may allow.

Dated: December 24, 2025.

Respectfully submitted,

*/s/ Patrick J. Reilly*
Patrick J. Reilly
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, 16th Floor
Las Vegas, Nevada 89106

Mark Oakes (*pro hac vice*)
Zach McHenry (*pro hac vice*)
Ethan Glenn (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas  78701-4255

Brian Stolarz (*pro hac vice pending*)
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, DC  20001-4501

*Attorneys for Defendants*

---

[1] The Court dismissed all claims against former defendant Yi "Betty" Zhao on October 17, 2025 for lack of personal jurisdiction.  *See* ECF No. 127.  Plaintiffs did not move for leave to amend their petition to assert new allegations against her.  *See id.*; *see also* ECF No. 134.  Therefore, all claims against her are dismissed, she is no longer party to this case, and this motion will not address Plaintiffs' pleaded claims against her.

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS:

## I.    INTRODUCTION

Plaintiffs' 56-page *First Amended Complaint* is a quintessential shotgun pleading, indiscriminatingly lobbing a barrage of vague and conclusory allegations against Defendants and asserting a veritable kitchen sink of claims in the hope that something might stick.  But by lumping together Defendants and merely reciting statutory elements and conclusory statements without alleging specific facts, Plaintiffs have failed to plausibly allege their case, and many of their pleaded claims should therefore be dismissed.  Defendants bring this motion now, after the close of discovery but before the Parties' expert reports are due, to pare down Plaintiffs' claims and simplify the case in advance of the Parties' summary judgment deadline.

The Court should grant Defendants' motion.  Six of Plaintiffs' claims should be dismissed in their entirety.  Plaintiffs' federal and state trade secret misappropriation claims fail to specify how the misappropriation occurred, whom misappropriated it, or how, along with impermissibly alleging a laundry list of trade secrets through vague, categorical terms—for instance, "financial, business, technical, and engineering information"—while failing to identify any potential secrets outside of source code.  Plaintiffs' copyright claims fail because the copyrights at issue changed hands during the relevant period and the complaint has not plausibly alleged that any of the three Plaintiffs have the necessary standing to assert a copyright claim.  Plaintiffs' conspiracy claim impermissibly alleges an intra-corporate conspiracy and fails to meet Rule 9(b)'s heightened pleading standard for fraud-based conspiracies.  Plaintiffs' RICO claim does not identify which RICO subsection Defendants allegedly violated, does not plead the predicate acts of wire fraud with particularity, and does not plausibly allege a pattern of racketeering activity.  And Plaintiffs' aiding and abetting claim offers only the conclusory assertion that each Defendant "knowingly and actively aided and abetted each other" without identifying which Defendant aided which alleged breach, or how.  All of these flaws are fatal to Plaintiffs' claims.  Plaintiffs' seven remaining claims should be dismissed as to specific Plaintiffs or Defendants where the complaint fails to connect essential elements to each of the pleaded parties.  Those failed connections are highlighted below.

This motion should not be an opportunity for Plaintiffs to amend their complaint to fix the identified deficiencies; Plaintiffs have already amended once with the benefit of extensive discovery, tens of thousands of documents, and a year of litigation. This amended complaint—Plaintiffs' best-case pleading—still fails to cross the line from conceivable to plausible. The claims should be dismissed with prejudice.

## II.    RELEVANT BACKGROUND

### a)    The relevant Parties to this case and their alleged connections.

This case arises from a commercial dispute between gaming companies. Three Plaintiffs drive this litigation: Paradise Entertainment Limited ("Paradise"), a Bermuda corporation that manufactures electronic casino gaming equipment, provides casino gaming services, and operates in Macau, China; LT Game, Inc.,[2] a Nevada corporation and indirect subsidiary of Paradise that operates in Las Vegas, Nevada; and LT Game Limited ("LT Game Ltd."), a British Virgin Islands corporation and subsidiary of Paradise that Plaintiffs added to this case mid-litigation. *See Plaintiffs' First Amended Complaint*, ECF No. 69 ("FAC") ¶¶ 2-4.

On the other side stand five Defendants: Empire, a Nevada gaming company that distributes gaming products; GSL, a Nevada gaming consulting company; and three individuals—Mr. Linyi Feng, Mr. Roy Kelcey Allison, and Mr. Daryn Kiely. Mr. Feng served as Empire's president (FAC ¶ 37), Mr. Allison provided sales consulting services to Empire through GSL beginning in 2018 and later served as Empire's senior vice president of sales and marketing from March 2022 through September 2023 (FAC ¶¶ 39-41, 92), and Mr. Kiely served as Empire's chief technology officer from February 2019 until recently. FAC ¶ 89.

Those three Defendants also formerly worked with Plaintiffs in various capacities. *See* FAC ¶¶ 5-9. Mr. Feng served as president of LT Game, Inc. from 2008 until February 2022. FAC ¶¶ 27, 37. Mr. Kiely started working at LT Game, Inc. in 2016 and served as its Chief Technology

---

[2] LT Game, Inc. was previously named "LT Game (Canada), Ltd." *Compare* ECF No. 1 *with* ECF No. 69. Any reference to "LT Game (Canada)" or "LT Game" should be attributed to LT Game, Inc.

1    Officer starting in 2019.  FAC ¶ 50. And Mr. Allison served as LT Game, Inc.'s Senior Vice

2    President of Operations and Business Development beginning in 2020.  *See* FAC ¶ 63.

3        **b)  Plaintiffs allege a litany of claims against Defendants.**

4        Plaintiffs' *First Amended Complaint* asserts thirteen claims against Defendants.  In 56

5    repetitive pages, Plaintiffs (often as a group) accuse Defendants (often as a group) of

6    misappropriating trade secrets, infringing copyrights, engaging in fraud and constructive fraud,

7    conspiracy, conversion, RICO, unjust enrichment, breaching fiduciary duties, aiding and abetting

8    those breaches, breaching contracts, and tortiously interfering with those contracts.  To untangle

9    those claims, Defendants have drafted a chart which establishes which claims by which Plaintiffs

10   are currently pending against which Defendants.  *See* Appx. 1.

11       **c)  Plaintiffs have already pleaded their best case.**

12       Plaintiffs have already amended their complaint once to add new allegations, a new plaintiff

13   (LT Game Ltd.), and a new defendant (Yi "Betty" Zhao, who has now been dismissed from the

14   case).  *See* ECF No. 69.  That amendment occurred on March 7, 2025, just over one year after

15   Plaintiffs filed their original complaint in this Court and over a year-and-a-half after Defendants

16   filed a lawsuit that started this litigation in Nevada state court.  *See* ECF No. 69; *see also* ECF No.

17   1.  Plaintiffs' *First Amended Complaint* was thus drafted with the benefit of significant discovery

18   (as of that filing, Defendants had already produced 53,095 documents to Plaintiffs) and the time

19   necessary to refine their claims.  It therefore Plaintiffs' best-case allegations.

20               **III.    APPLICABLE LEGAL STANDARDS**

21       Under Rule 12(c), Defendants may move for judgment on the pleadings to dismiss all or

22   some of Plaintiffs' claims at any time after pleadings close.  *See* FED. R. CIV. P. 12(c).  This Court

23   may grant Defendants' motion if, taking all the allegations in the complaint as true, Defendants are

24   entitled to judgment as a matter of law on the claims they move to dismiss.  *See Gregg v. Hawaii,*

25   *Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (cleaned up).  For the Court's purposes, a

26   Rule 12(c) motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6)

27

28

motion to dismiss and is subject to the same analysis.[3]  *Id*.; *see also LaPena v. Las Vegas Metro. Police Dept.*, No. 2:2-CV-2170, 2024 WL 1241323, at *2 (D. Nev. Mar. 22, 2024) (Mahan, J.).

Under Rule 12(b)(6), dismissal is appropriate if Plaintiffs fail to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is ***plausible*** on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (cleaned up, emphasis added).  Facial plausibility only exists if Plaintiffs plead sufficient facts so as to allow the Court to draw a reasonable inference that Defendants are liable for the alleged misconduct.  *See Twombly*, 550 U.S. at 555.  Drawing that inference requires more than the mere possibility that a defendant has acted unlawfully, and more than mere labels, "naked assertion[s]," or simple formulaic recitations of the elements of a cause of action.  *Id.*

Further, while the Court must accept well-pleaded factual allegations as true, legal conclusions couched as factual allegations enjoy no such deference.  *Twombly*, 550 U.S. at 555; *see also Hybrid Inter., LLC v. Scotia Inter. Of Nev., Inc.*, No. 2:19-CV-2077, 2020 WL 4289372, at *2 (D. Nev. July 27, 2020) (Mahan, J.) (citation omitted).  Put another way, if the factual, non-conclusory allegations of a claim have not crossed the line from ***conceivable*** to ***plausible***, the claim must be dismissed.  *See Twombly*, 550 U.S. at 570.

## IV.   <u>LEGAL ARGUMENT</u>

Many of Plaintiffs' claims fail to cross the line from conceivable to plausible in some way. Those claims, propped up by conclusory allegations, formulaic recitations of elements, and impermissible group pleading, fail to satisfy the federal pleading standards.  For the reasons set forth below, Defendants' motion should be granted and those claims should be dismissed.[4]

---

[3] The principal difference between a Rule 12(b)(6) motion and Rule 12(c) motion is timing; a Rule 12(c) motion is filed after an answer.  *In re AGS, Inc. Securities Lit.*, No. 2:20-CV-1209, 2024 WL 581124, at *3 (D. Nev. Feb. 12, 2024) (Mahan, J.).  The Court may dismiss a claim for being insufficiently pleaded at any time before trial.  *Id*.

[4] The claims Defendants move to dismiss are identified in Appendix 2.

### a) Counts 1 and 2: Federal and State Trade Secret Misappropriation

Plaintiffs assert trade secret misappropriation claims under both the federal Defend Trade Secrets Act ("DTSA") and the Nevada Uniform Trade Secrets Act ("NUTSA") against all Defendants. FAC ¶¶ 167, 187. Defendants move to dismiss both claims in their entirety. Because both statutes share substantively similar elements, courts often analyze DTSA and NUTSA claims together. *See InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020); *see also Banq, Inc. v. Purcell*, No. 2:22-cv-00773, 2025 WL 2163327 at *2 (D. Nev. July 29, 2025) (Gordon, C. J.). This motion will do the same.

To properly plead a claim for trade secret misappropriation, Plaintiffs must plausibly allege: (1) the existence of a trade secret; (2) Defendants' misappropriation of that trade secret; and (3) that the misappropriation was wrongful because it was made in breach of an express or implied contract or by a party with a duty not to disclose. *TCutima, Inc. v. Bua Grp., LLC*, No. 2:24-CV-1130, 2025 WL 587041, at *3 (D. Nev. Feb. 24, 2025) (Mahan, J.) (citing *Frantz v. Johnson*, 116 Nev. 455, (Nev. 2000)). Plaintiffs' claims for trade secret misappropriation fail for several reasons.

### i. Plaintiffs do not specifically plead how or when Mr. Feng, Mr. Allison, or Mr. Kiely misappropriated any trade secrets.

First, Plaintiffs do not plausibly allege an essential element of misappropriation. Misappropriation requires a trade secret be acquired through *improper means*.[5] *See* N.R.S. 600A.030(2). Plaintiffs' claims hinge on the conclusory allegation that Mr. Feng, Mr. Allison, and Mr. Kiely "had access to and acquired Plaintiffs' Trade Secrets." FAC ¶ 170. Absent from the complaint are any allegations explaining *what* trade secrets they misappropriated, or *how* they acquired (*i.e.*, misappropriated) them. At best, the complaint alleges that, "[o]n information and belief, Mr. Feng [(and Mr. Allison and Mr. Kiely)] misappropriated the Paradise Group's Confidential Business Information and Trade Secrets." *See* FAC ¶¶ 88, 90, 93. This stock language

---

[5] "Improper means" is defined as (a) theft; (b) bribery; (c) misrepresentation; (d) willful breach or willful inducement of a breach of duty to maintain secrecy; (e) willful breach or willful inducement of a breach of a duty imposed by common law, statute, contract, license, protective order, or other court or administrative order; and (f) espionage through electronic or other means. *See* N.R.S. 600A.030(1).

fails to sufficiently allege misappropriation.  And Plaintiffs' later allegation that "each Employee Defendant" had "acquired" trade secrets by virtue of their "relationship with Plaintiffs" cannot save the claims.  FAC ¶¶ 170, 189 (emphasis added).  Absent express allegations concerning how or why the acquisition was completed through improper means, Plaintiffs' claims fail.  *See, e.g.*, *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1129 (9th Cir. 2010) ("We find that Byce did not 'acquire' the source code through improper means because he already had possession of it as an employee."). In a similar conclusory vein, the complaint contends that those Defendants "used" the trade secrets "to compete against Plaintiffs."  FAC ¶ 177.  Yet there is no factual support for this allegation. Plaintiffs' claims should thus be dismissed for failing to plausibly plead this essential element.

> **ii.    Plaintiffs do not plausibly allege that Empire or GSL misappropriated trade secrets at all.**

Second, Plaintiffs' trade secret allegations against Empire and GSL are even more attenuated.  Plaintiffs do not allege that those two Defendants misappropriated any trade secrets themselves.  Instead, Plaintiffs attempt to allege in the negative, stating that it would be "impossible" for Empire's former employees "to perform their duties at Empire without using the Paradise Group's Confidential Business Information and Trade Secrets."  FAC ¶ 102.  These inverse allegations are insufficient.  To properly plead a claim, Plaintiffs must allege that they actually acquired, disclosed, or used specific trade secrets—not merely that disclosure was "impossible" to avoid.  Likewise, although Plaintiffs allege that Empire's Smart Card Shoe products "misappropriate Paradise Group Trade Secrets," FAC ¶ 143, they fail to identify which specific trade secret or how Empire ***improperly*** acquired or used the trade secret, and they provide no factual basis for these allegations beyond "information and belief."  At a minimum, the Court should dismiss the trade secrets claims as against Empire and GSL.

> **iii.    Plaintiffs do not plausibly identify their trade secrets with sufficient particularity.**

Third, even assuming Plaintiffs made sufficient non-conclusory allegations regarding misappropriation, Plaintiffs fail to plausibly identify the allegedly misappropriated trade secrets with the requisite level of particularity.  To properly plead this element, Plaintiffs must "describe

the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Aristocrat Tech., Inc. v. Light & Wonder, Inc.*, No. 24-cv-00382, 2024 WL 3104806, at *4 (D. Nev. June 24, 2024) (Navarro, J.) (citation omitted). When doing so, Plaintiffs may not rely on "catchall" phrases or merely identify "categories of trade secrets they intend to pursue at trial." *See InteliClear, LLC*, 978 F.3d at 658.

Here, the complaint details only a conclusory laundry list of allegedly misappropriated trade secrets. *See, e.g.*, FAC ¶¶ 17, 168. According to Plaintiffs, the trade secrets at issue include "financial, business, technical, and engineering information including software, hardware, computer programming code, including but not limited to the Paradise Golden Frog source code and LTShoe source code, and product designs and prototypes, including those related to Smart Card Shoes." FAC ¶ 168. By relying on generic, categorical terms—such as "financial" and "business" information—Plaintiffs fail to adequately identify the allegedly misappropriated trade secrets.[6]

Plaintiffs also cannot merely refer to a system which potentially qualifies for trade secret protection and call it a day. *See InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020). But this is precisely what they do here. For instance, Plaintiffs allege that their source code is a trade secret. FAC ¶ 168. But these are complicated products with significant amounts of source code. It is simply not plausible that *every* line of the product's source code is unknown to the public, has independent value, and is not readily ascertainable. Because Plaintiffs fail to identify the specific misappropriated trade secrets with sufficient particularity, the claims— particularly any that do not relate to source code—should be dismissed.

**b) Count 3: Copyright Infringement**

Plaintiffs assert a copyright infringement claim against all Defendants, which Defendants move to dismiss in its entirety. *See* FAC ¶ 206. To properly plead copyright infringement,

---

[6] To further illustrate this point, Plaintiffs wholly fail to distinguish which trade secrets belong to which Plaintiff. The FAC attributes the alleged trade secrets broadly to the "Paradise Group," (FAC ¶ 17), but the "Paradise Group" is not a legal entity—let alone a Plaintiff in this case—it is merely shorthand used in the FAC to refer *to all three Plaintiffs*.

1  Plaintiffs must plausibly allege that (1) *each* Plaintiff has ownership of a valid copyright in the

2  allegedly infringed work, and (2) *each* Defendant copied the protected expression contained in the

3  allegedly infringed work.  *See Adherence v. CVS Pharmacy, Inc.*, No. 2:24-CV-1590, 2025 WL

4  1798883, at *2 (D. Nev. June 25, 2025) (Mahan, J.) (citation omitted).

5        **i.    Plaintiffs do not plausibly allege that LT Game, Inc. ever had an interest in**

6              **either of the copyrights at issue.**

7        As a threshold matter, and by Plaintiffs' own admission, LT Game, Inc lacks standing to

8  sue for copyright infringement.  Plaintiffs' complaint alleges that LT Game Ltd. previously owned

9  the two copyrights at issue (the Paradise Golden Frog source code and the LTShoe source code),

10 both of which it then assigned to Paradise on February 29, 2024.  *See* FAC ¶¶ 208, 57, 60.  There

11 are no allegations that either LT Game, Ltd. or Paradise ever assigned or transferred the copyrights

12 to LT Game, Inc.  LT Game, Inc. has therefore *never* owned an interest in or received an assignment

13 of either copyright at issue.  And the Copyright Act permits only the legal or beneficial owner of

14 an exclusive right under a copyright to bring an infringement action.  *See Righthaven LLC v.*

15 *Democratic Underground, LLC*, 791 F.Supp.2d 968, 972-973 (D. Nev. 2011) (Hunt, C.J.) (citation

16 omitted); *see also Silvers v. Sony Pic. Enter., Inc.*, 402 F.3d 881, 889-890 (9th Cir. 2005)).

17 Plaintiffs thus cannot plausibly allege that LT Game, Inc. has *ever* owned an interest in or received

18 an assignment of either copyright at issue, as required by element one.  The Court should therefore

19 dismiss LT Game, Inc.'s copyright claims.

20       The complaint also does not plausibly plead that either Paradise or LT Game Ltd. have

21 standing to assert the copyright claims because there are no allegations regarding *when* the

22 infringement occurred.  Relevantly, the complaint alleges that LT Game Ltd. divested itself of "all"

23 ownership rights in the copyrights when its assigned the copyrights to Paradise.  *See* FAC ¶¶, 57,

24 60.  Under the federal copyright statute, LT Game Ltd. only has an interest—and therefore

25 standing—to sue for infringement that occurred *before* the assignment.  *See Walker v. Univ. Books,*

26 *Inc.*, 602 F.2d 859 (9th Cir. 1979).  Conversely, there is no allegation that LT Game Ltd. transferred

27 any previously-accrued claims to Paradise upon assignment.  Paradise therefore only has an

28 interest, and thus can only sue, for infringement that occurred *after* the assignment date.  *See*

9

*Silvers*, 402 F.3d at 889-890 (noting that only the legal or beneficial owner of a copyright is entitled to bring actions for infringement, and only for infringements that occurred during the period of its ownership).  Yet the complaint does not specify any dates of ***when*** any alleged infringement occurred—instead, it merely alleges that Defendants "willfully and repeatedly copied and reproduced protected elements" and "have distributed and publicly displayed copies."  *See* FAC ¶¶, 209, 211.  Without allegations establishing when the alleged infringement occurred—namely, whether it occurred before February 29, 2024 (when only LT Game Ltd. had standing) or after that date (when only Paradise had standing)—the complaint cannot plausibly allege either Plaintiff can maintain the claim.  The Court should dismiss both Plaintiffs' copyright claims.

**ii.    Plaintiffs' copyright allegations rely on improper group pleading.**

And even if standing were not at issue, Plaintiffs' copyright claims remain deficient because they improperly rely on group pleading.  Not only does the complaint impermissibly group the Defendants together, but it also does not distinguish which Defendants infringed which copyrights, or in what way.  *See In re "Santa Barbara Like It Is Today" Copyright Infringement Lit.*, 94 F.R.D. 105, 108 (D. Nev. 1982) (Foley, J.).  For example, although the complaint contends that "Defendants willfully and repeatedly copied and reproduced protected elements of the [source code]," (FAC ¶ , 209), there are no allegations that GSL copied, reproduced, distributed, or displayed any copyrighted material.  At most, Plaintiffs allege that GSL "gained access to" trade secrets through Mr. Allison (FAC ¶ 190)—but that alleged access to information, even if taken as true, does not establish copyright infringement by itself.  The Court should dismiss the copyright claims in their entirety for Plaintiffs' failure to differentiate among the Defendants (or, at a minimum, dismiss the claims as to GSL).

**c) Counts 4 and 5: Fraud and Constructive Fraud**

Plaintiffs assert fraud and constructive fraud claims against all Defendants (FAC ¶¶ 218, 248).  Empire, GSL, Mr. Allison, and Mr. Kiely move to dismiss all three Plaintiffs' claims for fraud and constructive fraud.

To properly plead a claim for fraud, Plaintiffs must plausibly allege that (1) a Defendant made a false representation; (2) that Defendant knew or believed that the representation was false

10

1    or had an insufficient basis to make the representation; (3) the Defendant intended to induce

2    Plaintiff to act (or not act) in reliance on the representation; (4) the Plaintiff justifiably relied on the

3    representation; and (5) damages.  *See Bond Man. Co., Inc. v. Ashley Furniture Indus., Inc.*, No.

4    2:17-CV-1522, 2018 WL 1511717, at *8 (D. Nev. Mar. 27, 2018) (Mahan, J.).  A claim for

5    "[c]onstructive fraud is [a claim for] the breach of some legal or equitable duty which, irrespective

6    of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate

7    confidence."  *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 477 (Nev. 1998) (quoting

8    *Long v. Towne*, 639 P.2d 528, 529–30 (Nev. 1982)).  "Constructive fraud may arise when there has

9    been a breach of duty arising out of a fiduciary or confidential relationship."  *Id.* (cleaned up,

10   quotation omitted).

11          **i.    Plaintiffs fail to meet Rule 9's heightened pleading standard.**

12          Claims that sound in fraud—which include both fraud and constructive fraud—must be

13   pleaded in accordance with Rule 9(b)'s heightened pleading standard.  *See Neubronner v. Milken*,

14   6 F.3d 666, 671 (9th Cir. 1993). [7]   To meet that standard, "[a]verments of fraud must be

15   accompanied by "the ***who***, ***what***, ***when***, ***where***, and ***how***" of the misconduct charged."  *Vess v.*

16   *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis added).[8]  This requires a

17   pleading be specific enough to provide the Defendants notice of the particular fraudulent

18   misconduct so that they can defend against the charge, and not just deny that they have done

19   anything wrong.  *Hybrid Inter., LLC*, 2020 WL 4289372, at *4 (citing *Vess*, 317 F.3d at 1106).  In

20   other words, a plaintiff must "set forth more than the neutral facts necessary to identify the

21   transaction"—it must explain "what is false or misleading about a statement, and why it is false."

22   *Id.*

23          Rule 9(b) also requires Plaintiffs to identify the role of each Defendant in the alleged

24   fraudulent scheme rather than merely lumping all the Defendants together.  *See Swartz v. KPMG*

---

[7] *See also Motogolf.com, LLC, v. Top Shelf Golf, LLC*, 528 F.Supp.3d 1168, 1174 (D. Nev. 2021) (Gordon, J.).

[8] *See also Risinger v. SOC LLC*, 936 F.Supp.2d 1235, 1242 (D. Nev. 2013) (Du, J.) (citing *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010)).

1    *LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (finding that general allegations that "defendants" were

2    acting in "concert" with other conspirators and were "active participants" were insufficient).

3          Plaintiffs fail to meet this standard. The only potentially specific allegation of fraud in their

4    complaint involves Mr. Feng's January 21, 2022 email in which he allegedly misrepresented the

5    nature of an agreement involving Commerce Casino. *See* FAC ¶¶ 83, 140. Even if the Court

6    accepts this allegation as true, it only implicates Mr. Feng and only relates to a single

7    misrepresentation. The complaint, however, alleges a multi-year fraud that is pleaded entirely qirh

8    conclusory assertions that Defendants "engaged in fraudulent concealment" (FAC ¶ 220) and

9    "actively and knowingly participated" in a scheme (FAC ¶¶ 228, 233, 238). But mere conclusory

10   participation in a scheme is not fraud. To state a fraud claim, Plaintiffs must allege that each

11   Defendant made a false representation or had an independent duty to disclose. Plaintiffs fail to

12   allege any specific misrepresentation by Mr. Allison, Mr. Kiely, Empire, or GSL. These allegations

13   are thus no better than conclusory "the-defendant-unlawfully-harmed-me" allegations that federal

14   law explicitly prohibits, *see Twombly*, 550 U.S. at 555, and should be dismissed.

15         **ii.**    **Plaintiffs fail to plausibly allege that GSL made any fraudulent**

16                 **misrepresentations.**

17         Plaintiffs' fraud allegations against GSL are particularly deficient. Fraud claims against

18   corporate or business entities require allegations that specifically identify the names of individuals

19   who made the misrepresentation on behalf of the corporation, that they had authority to speak for

20   the corporation at that time, and what was said or written and when. *See Gage v. Cox Commc'ns,

21   Inc.*, No. 2:16-CV-02708, 2017 WL 1536219, at *2 (D. Nev. Apr. 27, 2017) (Dawson, J.). Here,

22   Plaintiffs allege only that "GSL is liable for the same misconduct as Mr. Allison." FAC ¶ 231. This

23   conclusory assertion fails to identify any actual fraudulent act by Mr. Allison when he acting on

24   behalf of GSL. Plaintiffs seem to rely instead on the fact that Mr. Allison operated GSL, but that

25   misses the point; to meet Rule 9's standard, they must allege that Mr. Allison made a representation

26   (or should have made a disclosure) to Plaintiffs on behalf of GSL. They do not.

27

28

### iii.    Plaintiffs' constructive fraud claims are impermissible group pleadings.

Plaintiffs' tacked-on constructive fraud claim also suffers from the additional defect that it is an impermissible group pleading.  Plaintiffs only allege that "Defendants" occupied "specific positions" of general fiduciary trust and obligation without attempting to differentiate the Defendants.  *See* FAC ¶ 250.  But where several Defendants are alleged to be part of a fraud, Rule 9(b) does not allow Plaintiffs to lump multiple Defendants together; instead, Plaintiffs must differentiate each Defendants' actions that reach the threshold for constructive fraud.  *See Ferris v. Wynn Resorts Ltd.*, 462 F.Supp.3d 1101, 1119 (D. Nev. 2020) (Navarro, J.) (citation omitted).  Here, they do not.  Due to Plaintiffs' conclusory group pleading, it is wholly unclear which duties Plaintiffs allege which Defendants breached, and in what way.  The claim should be dismissed.

### d)  Count 6: Conspiracy

Plaintiffs allege that all five Defendants engaged in a conspiracy against them.  *See* FAC ¶ 255.  All Defendants move to dismiss this claim.  To properly plead a claim for conspiracy, Plaintiffs must plausibly allege that (1) two or more Defendants acted in concert with the intent to accomplish an unlawful objective for the purpose of harming another, and (2) damage resulted from the concerted acts.  *So. Nev. Fire Protection Inc. v. Clark County*, No. 2:21-CV-1843, 2022 WL 19795807, at *2 (D. Nev. Dec. 19, 2022) (Mahan, J.).  Additionally, Nevada law requires that a civil wrong underlie the conspiracy claim; in other words, the "unlawful objective" must be something that could be another civil claim.  *See Atlantic-Pacific Processing Sys. NV Corp. v. Plaut*, No. 2:21-CV-2060, 2023 WL 2744660, at *9 (D. Nev. Mar. 31, 2023) (Mahan, J.) (citing *Swartz*, 476 F.3d at 764-765).  Plaintiffs' conspiracy claim fails for multiple reasons.

### i.    Plaintiffs improperly group plead the conspiracy.

First, Plaintiffs' allegations again devolve into impermissible group pleading.  *See Goodwin v. Exec. Trustee Serv., LLC*, 680 F.Supp.2d 1244, 1254 (D. Nev. 2010) (Reed, J.) (noting that lumping defendants together in a conspiracy claim is improper).  Plaintiffs' shotgun pleading is as deficient here as it was above.  For this reason, the claims should be dismissed.

**ii.    Plaintiffs' conspiracy pleadings do not meet Rule 9(b)'s pleading standard.**

Second, because Plaintiffs attempt to allege that fraud was the basis of the conspiracy, their claim of conspiracy must also be pleaded in accordance with Rule 9(b)'s heightened pleading standard. *Wisdom v. U.S.*, No. 3:06-CV-00094, 2010 WL 3981712, at \*7 (D. Nev. Oct. 8, 2010) (Pro, J.) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent.") (citing *Swartz*, 476 F.3d at 766 (noting that the plaintiff failed to sufficiently detail the roles played by the defendants in the alleged conspiracy to defraud)).  Plaintiffs' complaint fails to do so; it identifies no specific agreement, no meeting of the minds, and no overt acts by any Defendant.

**iii.    Plaintiffs cannot allege an intracorporate conspiracy between Empire and its employees.**

Third, Plaintiffs improperly allege an intracorporate conspiracy.  The complaint alleges that Mr. Feng, Mr. Allison, and Mr. Kiely—all agents or officers of Empire—conspired with each other and with Empire itself to damage Plaintiffs.  FAC ¶¶ 254-256.  That is not permissible; "[b]ecause a corporate entity is a singular legal entity, agents and officers acting on behalf of that corporate entity cannot form a conspiracy with each other or with the entity itself." *So. Nev. Fire Protection Inc.*, 2022 WL 19795807, at \*2 (citing *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769 (1984)).  This is known as the "intracorporate conspiracy" doctrine. *So. Nev. Fire Protection Inc.*, 2022 WL 19795807, at \*2.  Yet this is exactly what Plaintiffs have alleged; that Empire and its officers conspired against Plaintiffs to harm it in a variety of ways.  Because of intracorporate conspiracy doctrine, the conspiracy claims against Empire, Mr. Feng, Mr. Allison, and Mr. Kiely fail as a matter of law.

**e)  Count 7: Conversion**

All Plaintiffs allege two conversion claims against Empire and Mr. Feng arising from alleged conversion of funds and alleged conversion of LT Game, Inc.'s LTShoe products. *See* FAC ¶ 262-263.  Empire and Mr. Feng move to dismiss Paradise's and LT Game Ltd.'s claim for conversion as to the LTShoe product.

1    To properly plead a claim for conversion, Plaintiffs must plausibly allege that Defendants

2    committed "a distinct act of dominion wrongfully exerted over another's personal property in denial

3    of, or inconsistent with his title or rights therein . . ." *New England Life Ins. Co. v. Lee*, No. 2:14-

4    CV-1797, 2015 WL 1413391, at *8 (D. Nev. Mar. 27, 2015) (Mahan, J.) (citing *Evans v. Dean*

5    *Witter Reynolds, Inc*., 116 Nev. 598, 5 P.3d 1043, 1048 (Nev. 2000)). By Plaintiffs' own admission,

6    "[o]wnership of the Smart Card Shoes at all times remained with LT Game[, Inc.]." FAC ¶ 81.

7    Because LT Game, Inc. owned the smart card shoes at issue, those shoes could not be the personal

8    property of Paradise or LT Game Ltd., and it is thus not plausible for Paradise or LT Game Ltd. to

9    assert a conversion claim for those products. Only LT Game, Inc. may pursue that claim for those

10   products; the other two should be dismissed.

11       **f) Count 8: RICO**

12       Plaintiffs also assert a RICO claim against GSL, Mr. Feng, Mr. Allison, and Mr. Kiely.

13   FAC ¶ 268. The RICO claim fails for multiple, independent reasons and should be dismissed in its

14   entirety.

15           **i.    Plaintiffs fail to plead the RICO subsection at issue.**

16       First, Plaintiffs' RICO claim is deficient under Rule 8, which requires "a short and plain

17   statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). RICO

18   contains four distinct prohibitions, and the "precise requirements [and thus the pleading standards]

19   for establishing a civil RICO claim depends on which subsection of the statute a plaintiff invokes."

20   *Sharp v. Deutsche Bank Nat'l Tr. Co*., No. CV 11-7712, 2012 WL 12539986, at *4 (C.D. Cal. Jan.

21   19, 2012); *see also* 18 U.S.C. § 1962(a)-(d) (prohibiting (a) investment of racketeering income, (b)

22   acquisition or maintenance of an enterprise through racketeering, (c) conducting an enterprise's

23   affairs through racketeering, and (d) conspiracy to violate the three prior subsections). Plaintiffs

24   must "therefore specify which RICO subsection defendants allegedly violated so that a court can

25   determine whether the plaintiff has adequately stated a claim for relief," and to "give[] defendants

26

27

28

1 the ability to prepare a defense." *Trial Laws. Coll. v. Spences*, No. 1:20-CV-80, 2022 WL 4387614,

2 at *4 (D. Wyo. Sept. 22, 2022).[9]

3        Plaintiffs fail this threshold requirement by only alleging an unspecified violation of "18

4 U.S.C. § 1961, *et seq*" without identifying any specific subsection(s).  FAC ¶ 271.  The complaint

5 does not state what claim is actually being asserted, leaving Defendants and the Court guessing at

6 the governing elements, the theory of injury, and the appropriate defenses.  Plaintiffs'

7 undifferentiated RICO pleading is therefore improper and warrants dismissal.  *See, e.g.*, *Doe v.*

8 *Walmart Inc.*, No. 18-CV-02125, 2019 WL 499754, at *10 (N.D. Cal. Feb. 8, 2019) (dismissing

9 RICO claim where plaintiffs merely "plead[ed] that Defendants have violated '18 U.S.C. § 1962,

10 *et seq*'" and did not plead the specific subsection of the RICO statute.).[10]

11        **ii.**    **Plaintiffs do not plead the specifics of the alleged wire fraud underlying**

12              **their RICO claim and rely on improper group pleading.**

13        Even if the Court were inclined to infer which RICO provision(s) is/are at issue in Plaintiffs'

14 claim, it remains deficient because Plaintiffs do not adequately allege a "pattern of racketeering

15 activity"—a required element for *any* RICO violation.  *See* 18 U.S.C. § 1962; *Walmart Inc.*, 2019

16 WL 499754, at *10.  "Racketeering activity" (also referred to as a "predicate act") is an act

17 indictable under any of the criminal offenses specified in the RICO statute, and a "pattern" is the

18 commission of at least two predicate acts within a ten-year period.  18 U.S.C. § 1961; *In re Toyota*

19 *Motor Corp.*, 785 F.Supp.2d 883, 918 (C.D. Cal. 2011).  Here, Plaintiffs' boilerplate pleading

20 asserts that ***any*** of the 35 potential RICO predicate offenses could be at issue.  FAC ¶ 271 (alleging

21 "multiple predicate acts, *i.e.*, crimes, listed in 18 U.S.C. § 1961(1), ***including but not limited to***

22 wire fraud") (emphasis added).  Plaintiffs cannot plausibly state a RICO claim premised on

23 unspecified predicate offenses.  For that reason alone, the claim should be dismissed.

24

---

25 [9] *See Reynolds v. East Dyer Dev. Co.*, 882 F.2d 1249, 1251 (7th Cir. 1989) ("[I]t is essential to

26 plead precisely in a RICO case the enterprise alleged and *the RICO section allegedly violated*.")
(emphasis added).

27 [10] *See also, e.g.*, *Donovan v. Flamingo Palms Villas, LLC*, No. 2:08-CV-01675, 2009 WL

28 10693913, at *11 (D. Nev. June 23, 2009) (Jones, J.).

1       The only RICO predicate that Plaintiffs potentially invoke is wire fraud, which requires "(1)

2   the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme;

3   and (3) a specific intent to defraud." *U.S. v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013) (citation

4   omitted).  Predicate acts of wire fraud must be pleaded with particularity under Rule 9(b).  *Edwards*

5   *v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).  The heightened pleading standard has

6   "special urgency in civil RICO actions" because of "the intrinsically vague nature of RICO claims

7   and the significant fairness interest in ensuring defendants adequate notice."  *Procapui-Productores*

8   *de Camaroes De Icapui Ltda. v. Layani*, No. 07-CV-6627, 2008 WL 3338199, at *3 (S.D.N.Y. Jan.

9   11, 2008).  To properly plead wire fraud, a RICO plaintiff must "detail with particularity the time,

10  place, and manner of each act of fraud, ***plus*** the role of each defendant in each scheme."  *Lancaster*

11  *Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (emphasis added);

12  *Swartz*, 476 F.3d at 764-65 (". . . Rule 9(b) does not allow a complaint to merely lump multiple

13  defendants together . . .") (cleaned up).

14      Plaintiffs' RICO claim does not meet that bar; instead, it provides a bare recitation of

15  statutory elements that merely alleges "multiple instances of wire fraud" over a seven-year period

16  and makes no attempt to explain which factual allegations support each predicate act.  *See* FAC ¶¶

17  267-274 ("Plaintiffs incorporate by reference the allegations set forth in paragraphs 1–266").[11]  The

18  Ninth Circuit has squarely rejected this pleading approach for a RICO action, even if "it may be

19  possible to piece together some of the factual allegations underlying some of the RICO predicate

20  acts."  *Mostowfi v. i2 Telecom Int'l, Inc.*, 269 F.App'x 621, 624 (9th Cir. 2008).  Vague and

21  sweeping references to various portions of the Complaint, alongside formulaic recitations of

22  RICO's statutory terms, do not sufficiently plead the predicate acts of fraud.  *Zazzali v. Eide Bailly*

23  *LLP*, No. 1:12-CV-349, 2013 WL 6045978, at *27 (D. Idaho Nov. 14, 2013) (collecting cases).

24  The claim should be dismissed.

25      Plaintiffs' RICO claim is also deficient because it improperly relies on group pleading,

26  collectively attributing the alleged wire fraud to the "RICO Defendants" as a whole.  The "RICO

27   

28  [11] In fact, there are no allegations that GSL made *any* fraudulent statements (only that "GSL is liable for the same misconduct as Mr. Allison," FAC, ¶ 231).

1  Defendants" are a group comprised of five Defendants: GSL, Mr. Feng, Mr. Allison, Mr. Kiely,

2  and (previously) Ms. Zhao.  FAC ¶¶ 268-274.  The failure to differentiate among the "RICO

3  Defendants" requires dismissal.  *See Mostowfi*, 269 F. App'x at 624–25.[12]

4          As further illustration of the issues group pleading causes, Plaintiffs also assert that the

5  "RICO Defendants," as a whole, engaged in "material omissions."  *E.g.*, FAC ¶ 271.  Yet wire fraud

6  premised on nondisclosure requires that the specific defendant breach "an independent duty."  *Eller*

7  *v. EquiTrust Life Ins. Co*., 778 F.3d 1089, 1092 (9th Cir. 2015).  The complaint, however, fails to

8  delineate which Defendant(s) owed what duty, to which Plaintiff(s), over what period of time.  For

9  example, the complaint alleges that Mr. Feng, Mr. Kiely, Mr. Allison were all generally fiduciaries,

10 there is no contention that they were ever employed by either Paradise or LT Game Ltd.[13]  It also

11 fails to specify when Mr. Allison's employment relationship (and thus fiduciary duty) with LT

12 Game, Inc. ended (only that GSL entered into a consulting agreement with LT Game, Inc. in June

13 2022 and "Mr. Allison *left* LT Game and the Paradise Group on June 30, 2023."  FAC ¶¶ 67, 97

14 (emphasis added).  In any event, it is undisputed that the relevant individuals resigned from LT

15 Game, Inc. at different points in time over a roughly 20-month period.  *See* FAC ¶¶ 37, 89, 97.[14]

16 The failure to detail the alleged fraudulent concealment on a defendant-by-defendant basis—or to

17 accompany those details with allegations sufficient to establish that the Defendant in question had

18 a duty to disclose at that time—is fatal.  *See, e.g.*, *In re Toyota Motor Corp*., 785 F. Supp. 2d at

19

20 [12] *See also, e.g.*, *Navajo Health Found. - Sage Mem'l Hosp., Inc. v. Razaghi Dev. Co., LLC*, No.
21 2:19-CV-00329, 2021 WL 1397229, at *11 (D. Nev. Jan. 15, 2021) (Youchah, M.J.), report and
   recommendation adopted, No. 2:19-CV-00329, 2021 WL 961746 (D. Nev. Mar. 15, 2021) (finding
22 that a pleading that attributes predicate acts to undefined 'Defendants' does not comply with Rule
23 9(b)).

24 [13] Under Nevada law, "corporate entities are presumed separate."  *Viega GmbH v. Eighth Jud. Dist.*
   *Ct*., 130 Nev. 368, 375 (2014).  Beyond the question of duty, the FAC's failure to differentiate
25 amongst Plaintiffs is significant because "[a] private RICO plaintiff therefore must allege and prove
   a *domestic* injury to its business or property."  *RJR Nabisco v. Eur. Cmty*., 579 U.S. 325, 346 (2016)
26 (emphasis in original).  Paradise and LTG Ltd. are both foreign corporations, and the FAC does not
27 identify concrete domestic injuries suffered by these entities that are distinct from LT Game, Inc.

28 [14] The complaint suggests that Mr. Feng had a duty of disclosure after his resignation, but does not
   allege sufficient facts to support such a duty.  *See, e.g.*, *id*., ¶ 225.

924; *Giotta v. Ocwen Fin. Corp.*, No. 15-CV-00620, 2015 WL 8527520, at *9 (N.D. Cal. Dec. 11, 2015).

### iii.    Plaintiffs do not plausibly plead a pattern of racketeering behavior.

Even if the Court were to undertake a painstaking review of the complaint to attempt to identify some of the specific factual allegations underlying the RICO claim, the claim would still fail. Plaintiffs attempt to invent a fraudulent scheme whereby Mr. Feng misled Plaintiffs into believing that he was operating Empire "for the exclusive benefit of the Paradise Group" so that Plaintiffs would provide support and financial assistance to Empire.[15] *See, e.g.*, FAC ¶¶ 33, 38, 42, 217-227. Plaintiffs contend that, in furtherance of the alleged scheme, Mr. Feng made "***numerous express misrepresentations***" that included "all of the ***many instances*** in which Mr. Feng ***expressly stated*** to Dr. Chun and others in Paradise management that he was working for the benefit of Plaintiffs." FAC ¶ 222 (emphasis added). This strong language reveals another flaw in Plaintiffs' complaint; despite alleging Mr. Feng made "numerous" misrepresentations, the complaint does not plead the necessary who, what, when, and where. Instead, it generally alleges that Mr. Feng made the statements to the three corporate Plaintiffs (in some cases, not even specifying which one) or to unnamed individuals in "Paradise management," and provides only conclusory, boilerplate allegations that ***some*** of those communications were made by wire. *See, e.g.*, FAC ¶¶ 75, 85, 109, 220. The allegations that Mr. Feng misrepresented that he was working exclusively for Plaintiffs' benefit thus fail to satisfy Rule 9(b) and cannot constitute the required predicate acts. *See, e.g.*, *Bryant v. Mattel, Inc.*, 573 F. Supp. 2d 1254, 1264 (C.D. Cal. 2007) (dismissing RICO claim "to the extent it is premised on [] communications" inadequately pleaded under Rule 9(b)).

As for the remaining allegations supporting predicate acts, Plaintiffs also fail to plead a "continuous" pattern of racketeering activity. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). Continuity must be established through "a series of related predicates extending over a substantial period of time"—predicate acts extending over a few weeks or months and threatening

---

[15] Plaintiffs also allege that the scheme involved various misappropriation (*e.g.*, trade secrets and confidential business information). Those allegations do not support any predicate act of wire fraud and thus are not relevant here.

19

no future criminal conduct do not satisfy this requirement. *Id.* at 242; *see also Howard v. Am. Online Inc.*, 208 F.3d 741, 750 (9th Cir. 2000) ("Activity that lasts only a few months is not sufficiently continuous."). The predicate acts specified in Plaintiffs' complaint span approximately seven months, and thus fail to establish long-term continuity.[16] *See Howard v. Am. Online Inc.*, 208 F.3d 741, 750 (9th Cir. 2000) ("Activity that lasts only a few months is not sufficiently continuous."); *Masin v. Vistakon Pharms., LLC*, No. 3:08-CV-00550, 2010 WL 11594971, at *3 (D. Nev. June 14, 2010) (Jones, J.). Moreover, the complaint provides no details (*e.g.*, amounts or dates) regarding any payments Plaintiffs allegedly made to Defendants, and thus fail to explain how each of the alleged nondisclosures furthered a scheme of "entic[ing] Plaintiffs . . . to continue to pay large sums of money to support [Mr. Feng's] improper operations," FAC ¶ 223, as opposed to a separate purpose or various, unrelated breaches of fiduciary duties. *See Hussain*, 972 F.3d at 1143; *see also Howard*, 208 F.3d at 749 ("[M]erely having the same participants is insufficient to establish relatedness."). The claim should be dismissed.

### g) Count 9: Unjust Enrichment

All Plaintiffs assert an unjust enrichment claim against Empire and Mr. Feng (FAC ¶ 276); Empire and Mr. Feng move to dismiss the claim as to LT Game Ltd. To properly plead a claim for unjust enrichment, Plaintiffs must plausibly allege that (1) a Plaintiff conferred a benefit on a Defendant; (2) the appreciation by the Defendant of that benefit; and (3) that the Defendant accepted and retained that benefit under circumstances that would make it inequitable for him to retain that benefit without payment for the value of the benefit. *Backman v. Goggin*, No. 2:16-CV-1108, 2017 WL 1015008, at *4 (D. Nev. Mar. 15, 2017) (Mahan, J.) (citing *Takiguchi v. MRI Int'l, Inc.*, 47 F.Supp.3d 1100, 1119 (D. Nev. 2014) (McKibben, J.) (citation omitted)).

Plaintiffs' unjust enrichment claim is only based on monies allegedly transferred to Empire or used by Mr. Feng to further his scheme. FAC ¶ 277. But by Plaintiffs' own admission, only

---

[16] These allegations include (i) a misrepresentation in Mr. Feng's January 2022 email regarding the Commerce Casino card card shoe deal, *e.g.*, FAC, ¶ 222, (ii) the failure to disclose that Mr. Feng controlled Akkadian and Solution Gaming within the context of a April 26, 2022 contract and June 6, 2022 sales agreement involving Plaintiffs, *see id.*, ¶¶ 144, 229, 133, 234, and (iii) the failure to disclose two business opportunities that Mr. Feng allegedly usurped in late 2021 / early 2022, *see id.*, ¶¶ 131, 139.

1    "Paradise (and, at its direction, among other subsidiaries, LT Game[, Inc.])" provided those funds

2    to the two Defendants. *See* FAC ¶ 277. There are thus no allegations that LT Game Ltd. transferred

3    any funds to (or conferred any other benefit onto) Empire or Mr. Feng. Because LT Game Ltd.

4    cannot plausibly allege that it conferred a benefit on either Defendant, it cannot plausibly state a

5    claim for unjust enrichment.

6    **h) Count 10: Breach of Fiduciary Duty**

7    Plaintiffs also allege that Mr. Feng, Mr. Kiely, and Mr. Allison breached their fiduciary

8    duties to all Plaintiffs. FAC ¶¶ 105, 108, 124, 282-293. Mr. Allison and Mr. Kiely move to dismiss

9    Paradise's claim against them, and Mr. Allison and Mr. Feng move to dismiss LT Game Ltd.'s

10    claim against them. To properly plead a claim for breach of fiduciary duty, Plaintiffs must plausibly

11    allege (1) the existence of a fiduciary duty; (2) a breach of the duty; and (3) that the breach

12    proximately caused the damages." *New England Life Ins. Co. v. Lee*, No. 2:14-CV-1797, 2015 WL

13    1413391, at *6 (D. Nev. Mar. 27, 2015) (Mahan, J.) (citing *Klein v. Freedom Strategic Partners,*

14    *LLC*, 595 F.Supp.2d 1152, 1162 (D. Nev. 2009) (Pro, J.)). Plaintiffs fail to allege that each

15    Defendant owed fiduciary duties to each Plaintiff.

16    First, the complaint alleges that Mr. Feng was "president, secretary, treasurer, and sole

17    director of LT Game[, Inc.]" (FAC ¶ 27) and that Mr. Allison was "senior vice president of

18    operations and business development of LT Game[, Inc.]," (FAC ¶ 65). But the complaint does

19    not allege that Mr. Feng or Mr. Allison held any position with LT Game Ltd. Without a position

20    or other allegation from which a duty would arise, Mr. Feng and Mr. Allison never owed a duty to

21    LT Game, Ltd. Its claim against those two should be dismissed.

22    Similarly, the complaint alleges that Mr. Kiely was "chief technology officer for LT Game[,

23    Inc.] and the Paradise Group." FAC ¶ 50, but does not allege he held any position with Paradise

24    specifically. There are also no allegations that Mr. Allison held a position with Paradise. A

25    fiduciary duty only arises from a fiduciary relationship. Without allegations that each Defendant

26    held a position that created a fiduciary duty to Paradise, its breach of fiduciary duty claims should

27    also fail. The Court should dismiss Paradise's claims against Mr. Allison and Mr. Kiely and LT

28    Game Ltd.'s claims against Mr. Feng and Mr. Allison.

### i)  Count 11: Aiding and Abetting

Plaintiffs assert an aiding and abetting claim against Mr. Feng, Mr. Allison, and Mr. Kiely. FAC ¶ 295.  To properly plead an aiding and abetting claim, Plaintiffs must plausibly allege that (1) a fiduciary relationship exists; (2) a fiduciary breached that relationship; (3) the third party (the Defendant accused of aiding and abetting) knowingly participated in the breach; and (4) the breach resulted in damages.  *New England Life Ins. Co. v. Lee*, No. 2:14-CV-1797, 2015 WL 1413391, at *7 (D. Nev. Mar. 27, 2015) (Mahan, J.) (citing *In re Amerco Deriv. Lit.*, 127 Nev. 196, 225 (Nev. 2011)).

To state a claim for aiding and abetting, Plaintiffs must first establish that a fiduciary breached a duty.  But Plaintiffs' aiding and abetting allegations are entirely conclusory, alleging only that "[e]ach of Mr. Feng, Mr. Allison, Mr. Kiely . . . knowingly and actively aided and abetted each other to breach the other's fiduciary duties, acting in concert."  FAC ¶ 297.  This shotgun-style allegation fails to specify what actions each Defendant took to aid and abet and which duties were breached by which Defendants.

### j)  Counts 12 and 13: Breach of Contract and Tortious Interference

All Plaintiffs assert claims for breach of contract against Mr. Allison, Mr. Kiely, and GSL, FAC ¶ 303, and claims for tortious interference (also known as intentional interference) against Mr. Feng and Empire.  FAC ¶ 314.  Paradise's and LT Game Ltd.'s claims against all three Defendants must be dismissed.

To properly plead a claim for breach of contract, Plaintiffs must plausibly allege (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach.  *Amer. Fire and Casualty Co.*, No. 2:21-CV-1555, 2023 WL 2930042, at *2 (D. Nev. Apr. 13, 2023) (Mahan, J.) (citing *Brown v. Kinross Gold U.S.A., Inc.*, 531 F.Supp.2d 1234, 1240 (D. Nev. 2008) (Pro, J.)).  Contractual construction is a question of law.  *See Bond Man. Co., Inc.*, 2018 WL 1511717, at *5.  And a tortious interference claim requires "(1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage."  *New England Life Ins. Co. v. Lee*, No. 2:14-CV-1797, 2015 WL 1413391, at *9 (D. Nev. Mar. 27, 2015)

(citing *J.J. Indus., LLC v. Bennett*, 119 Nev. 269, 71 P.3d 1264, 1267 (Nev. 2003)). To prove an intentional interference, "the plaintiff must establish that the defendant had a motive to induce breach of the contract with the third party." *Id.* (citation omitted).

Paradise's and LT Game Ltd.'s claims fail for the fundamental reason that they never signed the relevant contracts with Mr. Kiely, Mr. Allison, or GSL. By Plaintiffs' own admission, "each of Mr. Kiely, Mr. Allison, and GSL had entered into written contracts with ***LT Game[, Inc.]***." FAC ¶ 304 (emphasis added). The complaint identifies no contract between these Defendants and either Paradise or LT Game Ltd.; those two Plaintiffs thus cannot maintain a breach of a contract claim for a contract to which they were not a party. And because neither Paradise nor LT Game Ltd. was a party to those contracts, those two Plaintiffs did not have contracts Mr. Feng or Empire could have interfered with. The Court should therefore dismiss Paradise's and LT Game Ltd.'s breach of contract claims against Mr. Kiely, Mr. Allison, and GSL, and their tortious interference claims against Mr. Feng and Empire.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion, find that Plaintiffs have failed to state plausible claims for relief, and dismiss those claims with prejudice.

Dated: December 24, 2025

Respectfully submitted,

*/s/ Patrick J. Reilly*
Patrick J. Reilly
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
100 North City Parkway, 16th Floor
Las Vegas, Nevada 89106

Mark Oakes (*pro hac vice*)
Zach McHenry (*pro hac vice*)
Ethan Glenn (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas  78701-4255

Brian Stolarz (*pro hac vice pending*)
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, DC  20001-4501

*Attorneys for Defendants*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**INDEX OF EXHIBITS**</u>

- Appendix 1: Claims Currently Pending Against Defendants.

- Appendix 2: Claims Pending Against Defendants After Motion for Judgment on the Pleadings is Granted.

1

**CERTIFICATE OF SERVICE**

2    I, Patrick J. Reilly, counsel for Defendants, hereby certify that, on December 24, 2025,

3   Defendants' *Rule 12(C) Motion for Judgment on the Pleadings* and attached appendices were

4   served on the following counsel of record by electronic transmission at the email addresses listed

5   below:

6
                                                    s/ Patrick J. Reilly
7                                                   Patrick J. Reilly
        OLIVER J. PANCHERI, ESQ.
8       Nevada Bar No. 7476
        JESSICA M. LUJAN, ESQ.
9       Nevada Bar No. 14913
        **SPENCER FANE LLP**
10      300 South Fourth Street, Suite 1600
        Las Vegas, Nevada 89101
11      Tel.: (702) 791-0308
        Fax: (702) 791-1912
12      Email: Opancheri@spencerfane.com
        Jlujan@spencerfane.com
13
14
        JEAN-PAUL CIARDULLO, ESQ.
15      California Bar No. 284170
        **FOLEY & LARDNER LLP**
16      555 Flower Street, Suite 3300
        Los Angeles, California 90071
17      Tel: (213) 972-4500
        Fax: (213) 486-0065
18      Email: jciardullo@foley.com
19
        HANNAH ANDREWS, ESQ.
20      Nevada Bar No. 18157
        ROBERT T. STEWART, ESQ.
21      Nevada Bar No. 13770
        STEWART R. NELSON, ESQ.
22      Utah Bar No. 17286
        **FOLEY & LARDNER LLP**
23      95 South State Street, Suite 2500
        Salt Lake City, UT 84111
24      Tel.: (801) 401-8900
        Email: rtstewart@foley.com
25              srnelson@foley.com
                handrews@foley.com
26
27
        *Attorneys for Plaintiffs*
28