Oliver J. Pancheri, Esq. (Nevada Bar No. 7476)
Jessica M. Lujan, Esq. (Nevada Bar No. 14913)
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: (702) 408-3400
Fax: (702) 938-8648
Email: opancheri@spencerfane.com
   jlujan@spencerfane.com

Robert T. Stewart, Esq. (Nevada Bar No. 13770)
Stewart Ray Nelson, Esq. (*pro hac vice*)
  Utah Bar No. 17286
Hannah L. Andrews, Esq. (*pro hac vice*)
  Utah Bar No. 18157
**FOLEY & LARDNER LLP**
95 South State Street, Suite 2500
Salt Lake City, Utah 84111
Tel.: (801) 401-8900
Email: rtstewart@foley.com
   srnelson@foley.com
   handrews@foley.com

Jean-Paul Ciardullo, Esq. (*pro hac vice*)
 California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500
Fax: (213) 486-0065
Email: jciardullo@foley.com

Dariush Keyhani *(pro hac vice)*
**KEYHANI LLC**
1050 30th Street NW
Washington, DC 20007
Tel: (202) 748-8950
Email: dkeyhani@keyhanillc.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| PARADISE ENTERTAINMENT LIMITED, a Bermuda corporation; and LT GAME, INC., a Nevada corporation, and LT GAME LIMITED, a British Virgin Islands Corporation,<br><br>    *Plaintiffs, Counterdefendants*,<br><br>vs.<br><br>EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; and DARYN KIELY, an individual; and YI ZHAO, an individual,<br><br>    *Defendants, Counterclaimants*. | Case No. 2:24-cv-00428-JCM-BNW<br><br>**PLAINTIFFS' EMERGENCY MOTION TO DENY DEFENDANTS' UNTIMELY RULE 12(c) MOTION WITHOUT PREJUDICE TO DEFENDANTS' UPCOMING SUMMARY JUDGMENT MOTION** |

Plaintiffs Paradise Entertainment Limited, LT Game Limited, and LT Game Inc. ("Plaintiffs") respectfully seek expedited relief to deny as untimely Defendants' Rule 12(c) Motion for Judgment on the Pleadings (ECF No. 136, "Motion") that was filed on Christmas Eve after the close of fact discovery, and without Defendants having ever before raised any supposed defects with Plaintiffs' pleadings over what has now been almost two years of litigation.

Under the local rules, the response to the Motion is currently due next week on January 7, 2026, and Plaintiffs have filed a separate motion seeking an extension of that deadline to January 23, 2026. However, before Plaintiffs are compelled to expend significant resources responding to Defendants' Rule 12(c) Motion, they respectfully ask the Court to first deny it as untimely without prejudice to Defendants raising their arguments in their already-planned Summary Judgment Motion due March 27, 2026. Plaintiffs' motion follows a meet and confer with Defendants, and is based on the Memorandum of Points and Authorities below, as well as the accompanying Declaration of Jean-Paul Ciardullo.

DATED:  December 30, 2025               Respectfully submitted,


                                        /s/ Jessica M. Lujan
                                        OLIVER J. PANCHERI, ESQ.
                                        Nevada Bar No. 7476
                                        JESSICA M. LUJAN, ESQ.
                                        Nevada Bar No. 14913
                                        **SPENCER FANE LLP**
                                        300 South Fourth Street, Suite 1600
                                        Las Vegas, Nevada 89101
                                        Telephone: (702) 408-3400
                                        Fax: (702) 938-8648
                                        Email: opancheri@spencerfane.com
                                               jlujan@spencerfane.com

                                        JEAN-PAUL CIARDULLO, ESQ.  (*pro hac vice*)
                                        California Bar No. 284170
                                        **FOLEY & LARDNER LLP**
                                        S555 Flower Street, Suite 3300
                                        Los Angeles, California 90071
                                        Tel: (213) 972-4500
                                        Fax: (213) 486-0065
                                        Email: jciardullo@foley.com

## I. **INTRODUCTION**

Plaintiffs Paradise Entertainment Limited, LT Game Limited, and LT Game Inc. ("Plaintiffs") respectfully seek expedited relief to deny as untimely Defendants' Rule 12(c) Motion for Judgment on the Pleadings (ECF No. 136, "Motion") that was filed on Christmas Eve after the close of fact discovery, and without Defendants having ever before raised any supposed defects with Plaintiffs' pleadings over what has now been almost two years of litigation. Under the local rules, the response to the Motion is currently due next week on January 7, 2026, and Plaintiffs have filed a separate motion seeking an extension of that deadline to January 23, 2026.[1] However, before Plaintiffs are compelled to respond to the Motion (which attacks almost all of the pleadings), Plaintiffs respectfully ask the Court to first deny the Motion as untimely without prejudice to Defendants raising their arguments in their already-planned Summary Judgment Motion due March 27, 2026. Plaintiffs are making their request on an emergency basis because without prompt resolution Plaintiffs will be forced to expend significant resources to respond to what they deem to be an improper motion in the midst of an already busy period of expert discovery.

Ample authority in this Circuit and others holds that when a litigant files a belated post-discovery Rule 12(c) motion, that motion should be denied as untimely in favor of a single summary judgment motion. This is because such Rule 12(c) motions ignore all the work that went into completing discovery to develop facts to support the pleadings, and they create confusion and delays in the case scheduling. Specifically, if the Motion is not decided before the March 27, 2026 summary judgment deadline, it will amount to essentially twice the permitted briefing on summary judgment since the Court will necessarily decide both motions together, while creating a confused record since the Rule 12(c) Motion will ignore the factual record from discovery. And if the Motion were granted in any part before the March 27, 2026 summary judgment deadline, this might result in a confusing posture in which the Court grants Plaintiffs leave to amend and the pleadings remain open, making it unclear which claims remain in the case or not for summary judgment.

Plaintiffs met and conferred with Defendants about these issues, but Defendants declined to withdraw their Motion. Defendants have generally proposed that Plaintiffs' concerns be addressed by

---

[1] It is Plaintiffs understanding that this motion and the motion to extend briefing schedule needed to be filed separately to comply with Local Rule IC 2-2(b).

pushing out the case schedule to delay summary judgment, but Plaintiffs disagree that such delay in the case – and thus necessarily trial – is appropriate. Plaintiffs now seek emergency relief in the hope that the Court may deny the Motion promptly before Plaintiffs are prejudicially required to put the extensive effort of having to respond to it in the midst of a busy period of expert discovery.

## II.    BRIEF BACKGROUND

Plaintiffs filed their Original Complaint 22 months ago on March 1, 2024. (ECF No. 1.) Defendants raised no challenge to the sufficiency of the pleadings, which were largely identical to Plaintiffs' counterclaims that had been previously filed in the Nevada State Court action in December 2023 (which was later dismissed in favor of the present federal action). On February 27, 2025, Defendants <u>stipulated to not oppose</u> Plaintiffs' operative Amended Complaint (*see* ECF No. 63 at page 1, noting non-opposition), which is substantially identical to Plaintiffs' Original Complaint except in that it added Yi Zhao as a co-defendant and LT Game Limited as a co-plaintiff.[2]

Under the Court's operative Scheduling Order (ECF No. 103), fact discovery closed this month (December 2025). Vast resources have been expended on fact discovery, which has included:

- over 20 depositions, many of which occurred in Hong Kong;
- well over 1 million documents collected and reviewed;
- multiple discovery motions, including Plaintiffs' opening of a Miscellaneous Action in the Central District of California to successfully compel documents from Defendants' business partners;
- hundreds of hours of attorney time spent conferring and resolving discovery disputes; and
- hundreds of pages of written discovery responses.

(Declaration of Jean-Paul Ciardullo, ¶ 2.)

Despite all this time and effort, at no time in the past 22 months of this litigation have Defendants ever raised a challenge to the sufficiency of the pleadings. Furthermore, Plaintiffs believe that fact

---

[2] After the Court granted Ms. Zhao's Motion to Dismiss for Lack of Personal Jurisdiction (which did not otherwise challenge the sufficiency of the pleadings), the Court allowed Plaintiffs until December 12, 2025 to make any amendment related to personal jurisdiction allegations against Ms. Zhao. (ECF No. 134.) Solely for the sake of narrowing issues in dispute, Plaintiffs declined to further amend. However, even if Plaintiffs had amended, it would only have related to the personal jurisdiction allegations against Ms. Zhao. (Ciardullo Dec., ¶ 8.)

discovery has confirmed Defendants' liability. (Ciardullo Dec., ¶ 3.)

### III. DEFENDANTS' UNTIMELY POST-DISCOVERY RULE 12(C) MOTION SHOULD BE DENIED WITHOUT PREJUDICE TO DEFENDANTS FILING THEIR ALREADY-PLANNED SUMMARY JUDGMENT MOTION IN MARCH

Although Rule 12(c) allows a motion to be filed "after the pleadings are closed," it also includes the important limitation that the motion must also be filed "early enough not to delay trial." Fed. R. Civ. P. 12(c). Many courts in this Circuit and others have held that a Rule 12(c) motion filed after the close of discovery may be denied as untimely because of the procedural complications and delays that it can cause. This is because:

- such a motion ignores all the significant expenditure of time and money invested in the completion of full discovery on the issues, while asking the Court to decide critical issues blind to all the facts that were developed in discovery that bear upon the defendant's liability (*see, e.g., Grajales v. Puerto Rico Ports Auth*., 682 F.3d 40, 46 (1st Cir. 2012) ("[O]nce the parties have invested substantial resources in discovery, a district court should hesitate to entertain a Rule 12(c) motion that asserts a complaint's failure to satisfy the plausibility requirement.")).
- such a motion risks delaying trial by making the Court take longer to decide both the Rule 12(c) motion and a summary judgment motion simultaneously,
- such a motion confuses and delays the case schedule because it may lead to an order affording Plaintiffs an opportunity to amend the complaint at a time when summary judgment proceedings were already supposed to be happening, resulting in a situation where it is unclear which claims remain in the case for purposes of summary judgment.

Here, it is important to note that Defendants have already stated that they intend to also file a motion for Summary Judgment by the March 27, 2026 deadline. (Ciardullo Dec., ¶ 5.) If the Rule 12(c) Motion is not decided before the summary judgment deadline, it will amount to essentially twice the permitted briefing on summary judgment since the Court will necessarily decide both motions together, while creating a confused record since the Rule 12(c) Motion will ignore the factual record from discovery. And if the Motion were granted in any part before the March 27, 2026, summary judgment deadline, this

1  might result in a confusing posture in which the Court grants Plaintiffs' leave to amend and the pleadings
2  remain open, making it unclear which claims remain in the case for summary judgment.

3   As was noted in *Est. of Rodriguez v. City of Long Beach*, No. 18-cv-07522-CAS, 2020 U.S. Dist.
4  LEXIS 9927, 2020 WL 292179, at *2 (C.D. Cal. Jan. 21, 2020), "[a] dismissal without affording plaintiff
5  an opportunity to amend to conform the allegations of the complaint to postfiling developments and
6  evidence obtained during discovery may constitute an abuse of discretion." (citing Judge Virginia A.
7  Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:341.1 (The Rutter Group
8  2019)). Here, based on their initial review of Defendants' Rule 12(c) Motion, Plaintiffs can already see
9  that, should the Court deem any of the pleadings inadequate in their current form, most could readily be
10 amended to add more facts that were learned in discovery. (Ciardullo Dec., ¶ 6.) As such, even if the Court
11 were to grant any part of Rule 12(c) Motion, it would create a confused state of the pleadings on the eve
12 of summary judgment, resulting ultimately in delayed adjudication and trial of this case.

13  "[C]ourts in our circuit have [] concluded that a Rule 12(c) motion should be denied when
14 discovery is substantially complete." *Reflex Media, Inc. v. Successfulmatch.Com*, No. 20-cv-06393-JD,
15 2024 U.S. Dist. LEXIS 8068, at *3-4 (N.D. Cal. Jan. 16, 2024) (citing *Est. of Rodriguez v. City of Long
16 Beach*, No. 18-cv-07522-CAS, 2020 U.S. Dist. LEXIS 9927, 2020 WL 292179, at *2 (C.D. Cal. Jan. 21,
17 2020)). The court in *Reflex Media* explained: "Reflex Media waited until the eleventh hour, and well after
18 the close of all discovery, to ask for a dismissal. [] The motion was noticed for hearing after the dispositive
19 motion cut-off date, [], and a favorable ruling would require an amended scheduling order to permit
20 amendment, and a new trial date. None of this was based on good cause or a good reason for delay." 2024
21 U.S. Dist. LEXIS 8068, at *3-4.

22  After noting the strong policy in favor of allowing amendment of the pleadings to conform to
23 evidence obtained in discovery, the court in *Est. of Rodriguez* went on to explain:

24  In light of the foregoing, the Court concludes that matter is better decided on a motion for
25  summary judgment, rather than a motion for judgment on the pleadings. *See Perez v. Oak
    Grove Cinemas, Inc*., No. 3:13-cv-00728-HZ, 2014 U.S. Dist. LEXIS 62254, 2014 WL
26  1796674, at *4 (D. Or. May 5, 2014) (denying Rule 12(c) motion for judgment on the
    pleadings where discovery, including depositions, had already taken place); *accord Jones
27  v. Town of Quartzsite*, No. 12-cv-2629-PHX-LOA, 2014 U.S. Dist. LEXIS 23084, 2014
    WL 12617038, at *1 (D. Ariz. Feb. 24, 2014) (denying Rule 12(c) motion and noting that
28  "court[s] should hesitate to entertain Rule 12(c) motion[s] once parties have invested

substantial resources in discovery[.]").

*Est. of Rodriguez*, 2020 WL 292179, at *2 (C.D. Cal. Jan. 21, 2020).

The court in *Christian Heritage Sch. C/O Youth with A Mission v. Cent. Mut. Ins. Co.*, No. 6:24-CV-00045-JDK-JDL, 2025 U.S. Dist. LEXIS 89327, at *4-5 reached similar conclusions as to the defendants' post-discovery Rule 12(c) filed alongside a summary judgment motion:

> Here, Defendant waited until both parties completed discovery and designated experts to file its Rule 12 (c) motion. The motion itself does nothing more than challenge the sufficiency of Plaintiff's pleadings as it relates to the policy and Defendant's claims handling process, the content of which Defendant has been aware of since the complaint was originally filed eight months earlier. (Doc. No. 25.) Moreover, less than three weeks after the filing of its Rule 12(c) motion, Defendant filed three additional motions—a motion for summary judgment (Doc. No. 31) and two motions to exclude or limit experts (Doc. Nos. 29, 30). Plaintiff has been given no opportunity to rectify any pleading deficiencies because Defendant never previously gave any indication of a Rule 12(b)(6) or 12(c) challenge and "this is the first time the court has addressed whether [Plaintiff's] pleadings sufficiently state a claim on which relief can be granted." *In re Am. Airlines, Inc. v. Privacy Litig.*, 370 F. Supp. 2d 552, 568 (N.D. Tex. 2005). And given the nature of Plaintiff's allegations, the court finds that it may be improper to render a final decision based on the sufficiency of Plaintiff's pleadings rather than the merit of its claims when Defendant has also submitted a motion for summary judgment and discovery is complete. *See Meyer v. Coffey*, 231 F. Supp. 3d 137, 152 (N.D. Tex. Jan. 31, 2017) (citing *Great Plains Trust, Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

The same conclusion was reach in *Horn v. Med. Marijuana, Inc.*, 383 F. Supp. 3d 114, 124 n.7 (W.D.N.Y. 2019), which noted that even though (as in the present case) a trial date had not yet been set, the Rule 12(c) motion would necessarily delay trial:

> Defendants therefore had an extensive period in which to challenge Plaintiffs' complaint, but they waited more than one year after the later deadline, when discovery had already been completed, to raise their arguments. Under these circumstances, the Court concludes that consideration of Defendants' motion would delay trial—even though a trial date has not been set—insofar as it would require further litigation on issues tangential to the merits and would prevent timely resolution of those claims for which summary judgment is inappropriate. *See Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 46 (1st Cir. 2012) ("[O]nce the parties have invested substantial resources in discovery, a district court should hesitate to entertain a Rule 12(c) motion that asserts a complaint's failure to satisfy the plausibility requirement.").

The same result was reached in *H.M. v. Smith Cty.*, No. 3:23-CV-542-KHJ-MTP, 2024 U.S. Dist. LEXIS 127611, at *2-3 (S.D. Miss. July 19, 2024):

> The Court denies the motion as untimely. Defendants failed to file their motion "early enough not to delay trial." Fed. R. Civ. P. 12(c). Indeed, Defendants' belated motion already

resulted in a months-long delay in trial. [] *see also, e.g., Biniaris v. Hansel Union Consulting, PLLC*, 382 F. Supp. 3d 467, 471, 474 (E.D. Va. 2019) (stating that defendant could "not utilize a Rule 12(c) Motion at this late stage in the proceedings as a substitute for a motion for summary judgment" because the pleadings had closed four months earlier, the court had conducted a Rule 16(b) conference, and discovery was "well ongoing"). Even if the Court had taken up Defendants' motion as soon as it became ripe, the motion would have been untimely. The Court would have permitted Plaintiff H.M. an opportunity to file an amended pleading upon dismissal, which necessarily would have delayed trial. *See Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 19-CV-1973, 2020 U.S. Dist. LEXIS 241267, 2020 WL 7646292, at *2 (S.D. Tex. Dec. 23, 2020) (collecting cases); *O'Neal v. State Farm Fire & Cas. Co.*, No. 23-CV-232, 2024 U.S. Dist. LEXIS 50757, 2024 WL 1209556, at *2 (W.D. Wash. Mar. 21, 2024); *Biniaris*, 382 F. Supp. 3d at 471. The Court thus denies Defendants' motion. If they wish, Defendants may re-urge their arguments in a motion for summary judgment.

The same conclusions were also reached in *ADYB Engineered for Life, Inc. v. Edan Admin. Servs.*, No. 1:19-cv-7800-MKV, 2022 U.S. Dist. LEXIS 56085, at *26-27 (S.D.N.Y. Mar. 28, 2022):

> As such, EDAN And PAAS's request, made on April 22, 2021, almost two months after the parties represented that discovery was complete, is clearly belated and is denied. *See Liang v. City of New York*, No. 10-CV-3089 ENV VVP, 2014 U.S. Dist. LEXIS 141090, 2014 WL 4966074, at *2 (E.D.N.Y. Oct. 3, 2014), aff'd sub nom. *Liang v. Zee*, 764 F. App'x 103 (2d Cir. 2019) (holding that "[i]f a party engages in excessive delay before moving under Rule 12(c), the district court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial." (citation omitted)); *see also* 5C Wright & Miller, Federal Practice and Procedure § 1367, Westlaw (database updated Apr. 2021); *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 46 (1st Cir. 2012) (cautioning district courts to hesitate to entertain a Rule 12(c) motion after the parties have invested substantial resources in discovery); *Horn*, 383 F. Supp. 3d at 124 n.7 (declining to address as untimely 12(c) motion filed after close of discovery and one year after deadline to amend pleadings because it "would delay trial—even though a trial date has not been set—insofar as it would require further litigation on issues tangential to the merits").

Defendants have cited to this Court's ruling in *In re AGS, Inc. Sec. Litig.*, No. 2:20-CV-1209 JCM (NJK), 2024 U.S. Dist. LEXIS 24918, at *9 (D. Nev. Feb. 12, 2024) to argue that their Rule 12(c) Motion is timely. However, the *AGS* case was decided under markedly different circumstances: discovery had not yet even commenced in that case and had been stayed pending resolution of the Rule 12(c) motion, which had followed right on the heels of a Rule 12(b)(6) motion. (*See* Case No. 2:20-CV-1209 JCM (NJK) at ECF No. 123.) This is completely unlike the present case in which fact discovery has already closed after a herculean amount of work, and Defendants already have a Summary Judgment Motion waiting in the wings to be filed imminently.

There is no good reason for Defendants to have waited until 22 months until after the close of fact

discovery to have filed – for the very first time – a motion challenging pleadings that have remained effectively unchanged for the past two years. Whether Defendants intended it or not, their unannounced Christmas Eve Motion will cause prejudice, confusion, and delay of the case schedule. At best, Defendants' Motion unnecessarily generates extra work for the Court and Plaintiffs over subject matter that at this late stage can and should be decided in a single summary judgment motion wherein the Court can evaluate the issues while fully informed of everything that was learned in discovery. Plaintiffs therefore respectfully ask the Court – before Plaintiffs expend substantial resources in opposing the Motion – to simply allow Defendants to timely file their already-planned Summary Judgment Motion in lieu of awkwardly proceeding in parallel with the present Rule 12(c) Motion.

## IV.   THE PARTIES' MEET AND CONFER

As discussed in the accompanying Declaration, Plaintiffs conferred with Defendants before the filing of the present motion to discuss the issues and explore resolution. Defendants generally proposed extending the summary judgment deadline (and thus necessarily trial) as a solution to Plaintiffs' concerns, but Plaintiffs do not believe that such delay is appropriate under the circumstances. Specifically, Defendants could have filed their Rule 12(c) motion (or a similar Rule 12(b)(6) motion) long ago, yet elected to wait to file until after the close of fact discovery. Defendants are already about to file a Summary Judgment Motion, and are free to make whatever arguments they want to make in that motion without disrupting the case schedule and forcing the Court and Plaintiffs to deal with a significant amount of additional briefing on a stale pleadings challenge.[3]

## V.   CONCLUSION

Plaintiffs respectfully ask the Court to deny Defendants' Rule 12(c) Motion without prejudice to its subject matter being incorporated into Defendants' already-planned Summary Judgment Motion on March 27, 2026 so as to avoid unnecessary delay, confusion, and expenditure of judicial resources. Plaintiffs have made this request in good faith on an emergency basis so as to try to avoid the prejudice

---

[3] Defendants also suggested during the meet and confer that more time might be needed in the case schedule for fact discovery, but this is not true. (Ciardullo Dec., ¶ 8.) Defendants additionally suggested that they had not filed their Motion sooner because the Court had afforded Plaintiffs until December 12, 2025 to amend personal jurisdiction allegations as to Yi Zhao, but any such amendment would necessarily have only concerned personal jurisdiction allegations as to Yi Zhao, and would not have affected the rest of the pleadings, which had been unchallenged and essentially unchanged for almost two years. (*Id.*)

of having to substantively respond to an improper Motion in the midst of a busy period of expert discovery.

DATED:  December 30, 2025				Respectfully submitted,


				/s/ Jessica M. Lujan				

				OLIVER J. PANCHERI, ESQ.
				Nevada Bar No. 7476
				JESSICA M. LUJAN, ESQ.
				Nevada Bar No. 14913
				**SPENCER FANE LLP**
				300 South Fourth Street, Suite 1600
				Las Vegas, Nevada 89101
				Telephone: (702) 408-3400
				Fax: (702) 938-8648
				Email: opancheri@spencerfane.com
				         jlujan@spencerfane.com

				JEAN-PAUL CIARDULLO, ESQ.  (*pro hac vice*)
				California Bar No. 284170
				**FOLEY & LARDNER LLP**
				S555 Flower Street, Suite 3300
				Los Angeles, California 90071
				Tel: (213) 972-4500
				Fax: (213) 486-0065
				Email: jciardullo@foley.com

				ROBERT T. STEWART, ESQ.
				Nevada Bar No. 13770
				STEWART RAY NELSON, ESQ. (*pro hac vice*)
				  Utah Bar No. 17286
				HANNAH L. ANDREWS, ESQ. (*pro hac vice*)
				  Utah Bar No. 18157
				**FOLEY & LARDNER LLP**
				95 South State Street, Suite 2500
				Salt Lake City, Utah 84111
				Tel.: (801) 401-8900
				Email: rtstewart@foley.com
				         srnelson@foley.com
				         handrews@foley.com

				Dariush Keyhani *(pro hac vice)*
				**KEYHANI LLC**
				1050 30th Street NW
				Washington, DC 20007
				Tel: (202) 748-8950
				Email: dkeyhani@keyhanillc.com