UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PARADISE ENTERTAINMENT LIMITED, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>EMPIRE TECHNOLOGICAL GROUP LIMITED, et al.,<br><br>Defendant(s). | Case No.2:24-CV-428  JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiffs Paradise Entertainment Limited and LT Game Inc.'s emergency motion to extend time. (ECF No. 138). Defendants filed a response, (ECF No. 139), to which plaintiffs replied (ECF No. 141).

Also before the court is plaintiffs' emergency motion to dismiss the 12(c) motion for judgment on the pleadings filed by defendants Roy Kelcey Allison, Empire Technological Group Limited, Linyi Feng, Gaming Specialized Logistics LLC, and Daryn Kiely. (ECF No. 140).

**I.      Background**

Plaintiffs request additional time to respond to defendants' 12(c) motion for judgment on the pleadings. (ECF No. 136). Defendants filed the motion on Christmas Eve, after the close of discovery.

Plaintiffs aver that defendants were aware plaintiffs' counsel is traveling out of office for the holidays until the new year. (Ciardullo Decl., ECF No. 138 ¶ 4). They plan to devote the time they do have during their holiday to the January 9, 2026, deadline to generate expert reports. (*Id.*).

Plaintiffs' counsel declares that they asked for a stipulation to extend the deadline to January 23, 2026. (*Id.* ¶ 5). Defendants agreed to change the response deadlines, if plaintiffs stipulated to extend the March 27, 2026, summary judgment deadline by forty-five days. (*Id.*). Defendants view the 12(c) motion as narrowing the issues ahead of their planned summary judgment motion. (*Id.*).

After additional communications between the parties, defendants reduced the additional time to respond they were willing to allow plaintiffs. (*Id.* ¶ 9). They would not stipulate to a January 23, 2026, deadline, unless plaintiffs refrained from arguing the procedural timeliness of the 12(c) motion. (*Id.*). Plaintiffs claim that this left the parties at an impasse, and accordingly filed the present emergency motion. (*Id.*).

**II.   Legal Standard**

Emergency motions are rarely granted. LR 7-4(b). They impose administrative burdens and impede the adversarial process. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). A matter is, in fact, an emergency when the moving party will be "irreparably prejudiced" if the court resolves the motion on a normal briefing schedule and is "without fault in creating the crisis that requires emergency relief" or can show excusable neglect. *Id.* at 1142; *see also* LR 7-4(c). The rule is not intended for requests for procedural relief, e.g., a motion to extend time to file a brief. LR 7-4(b).

Local Rule 7-4 sets forth the requirements for filing emergency motions. Both motions meet these requirements. (*See* Ciardullo Decl., ECF No. 138; Ciardullo Decl., ECF No. 140).

**III.   Discussion**

A.   Motion to Extend Time

Although rule was not intended to cover the instant motion to extend time, the court will

consider the merits of the arguments at issue.  *See Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that '[d]istrict courts have inherent power to control their docket.'").

Plaintiffs claim that the timing of defendants' filing of the underlying motion for judgment on the pleadings was "highly prejudicial" to plaintiffs because defendants were aware plaintiffs would be out of town for the holidays, there is an impending expert report deadline requiring their full attention at this point, and defendants could have filed their motion at any point in the last twenty-two months.

The court agrees that resolving the motion on a normal briefing schedule will irreparably prejudice the plaintiffs.  *See Cardoza*, 141 F. Supp. 3d at 1142.  Responding to a dispositive motion requires much attention and care.  Defendants could have filed the 12(c) motion at any point earlier in time but decided to file on Christmas Eve when they understood that plaintiffs were traveling out of office for the holidays until the new year.  (Ciardullo Decl., ECF No. 138 ¶ 4).

Further, defendants were aware of another impending deadline on January 9, 2026, for the parties to file expert reports.  Defendants were or should have been aware that plaintiffs would not have the requisite time to adequately respond to the motion when they filed the motion.

Plaintiffs are without fault in creating this crisis.  *See Cardoza*, 141 F. Supp. 3d at 1142.  They informed defendants of their preoccupation during the holidays in advance and attempted to negotiate for a stipulation to extend the briefing schedule.  Those negotiations failed, but not out of any bad faith or neglect on behalf of the plaintiffs.  Defendants would agree to the stipulation only if plaintiffs allow an extension for a summary judgment deadline of almost three times in length.  Further negotiations resulted in a worse deal for plaintiffs: forego filing a motion or accept a shorter additional time to respond.  The court will not punish plaintiffs for refusing to take a bad

faith deal.

Defendants indicate in their response that they are willing to agree to a January 16, 2026, deadline. However, the court finds good cause to grant plaintiff's request for a January 23, 2026, extension; this is fourteen days after the expert report deadline.

B.  Motion to Dismiss

Plaintiffs primarily request the court to deny the 12(c) motion as untimely without prejudice. After reviewing plaintiffs' arguments and cited authority, the court finds it necessary to advance the briefing schedule on the motion so that it may fully consider the issues raised.

IV.    Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to extend time (ECF No. 138) be, and the same hereby is, GRANTED. Plaintiffs shall have until January 23, 2026, to respond to the defendants' motion for judgment on the pleadings. (ECF No. 136).

IT IS FURTHER ORDERED the briefing on plaintiffs' motion to dismiss defendants' 12(c) motion be advanced. (ECF No. 140). Defendants shall have until January 6, 2026, to file a response and plaintiffs shall have until January 9, 2026, to file a reply, if any.

DATED December 31, 2025.

_____
UNITED STATES DISTRICT JUDGE