UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PARADISE ENTERTAINMENT LIMITED, et al.,

Plaintiff(s),

v.

EMPIRE TECHNOLOGICAL GROUP LIMITED, et al.,

Defendant(s).

Case No.2:24-CV-428 JCM (BNW)

ORDER

Presently before the court is defendants Empire Technological Group Limited ("Empire"), Gaming Specialized Logistics LLC ("GSL"), Linyi Feng, Roy Kelcey Allison, and Daryn Kiely's Rule 12(c) motion for judgment on the pleadings. (ECF No. 136). Plaintiffs Paradise Entertainment Limited ("Paradise"), LT Game Limited, and LT Game, Inc. filed a response (ECF No. 149), to which defendants replied (ECF No. 150).

Finding sufficient information to decide the motion on the papers, the court denies plaintiffs' request for oral argument. *See* Local Rule LR 78-1.

**I.     Background**

This is an action for state and federal claims of misappropriation of trade secrets, copyright infringement, fraud, constructive fraud, conspiracy, conversion, racketeering, unjust enrichment, breach of fiduciary duty, aiding and abetting, breach of contract, and tortious interference with contract. (ECF No. 69 ¶ 1).

Plaintiff Paradise is a global supplier of electronic gaming equipment and systems. (*Id.* ¶ 2). It is the parent company of plaintiffs LT Game, Inc. and LT Game Limited (collectively, the "Paradise Group"). (*Id.* ¶¶ 2, 15).

As a contender in the highly competitive electronic gaming equipment and systems business, plaintiffs allege that they have developed highly confidential and proprietary business information and trade secrets. (*Id.* ¶¶ 17–19).

In 2008, Dr. Jay Chun, controlling shareholder, executive and managing director, and chairman of plaintiff Paradise, hired his brother-in-law, Linyi Feng as the North American Representative of Paradise. (*Id.* ¶¶ 22–25). He later arranged for Feng to manage LT Game, Inc. as its president, secretary, and sole director, which he did from February 19, 2008 through February 28, 2022. (*Id.* ¶ 27).

During Feng's tenure at the Paradise Group, Paradise incorporated Empire Technological Group in the British Virgin Islands (at that time known as LT Game International). (*Id.* ¶ 29). Feng was placed in charge of Empire in 2015. (*Id.* ¶¶ 27, 32).

Plaintiffs claim that Empire was intended to be the long-term exclusive distributor for Paradise and its subsidiaries and financially supported it with this goal in mind. (*Id.* ¶ 35). They allege that Feng "continuously reaffirmed" this business structure through his communications with Paradise. (*Id.* ¶ 33). Until 2023, LT Game, Inc. and Empire were substantially connected, sharing many employees and working out of the same offices. Plaintiffs invested millions of dollars into LT Game, Inc. and Empire, including paying for Empire's legal fees for obtaining gaming licenses. (*Id.* ¶ 74).

However, unknown to plaintiffs, Feng along with defendants Allison and Kiely allegedly schemed to transform Empire into a direct competitor of Paradise and its subsidiaries. (*Id.* ¶¶ 38–

42, 48, 50).  Plaintiffs allege that while employed as corporate officers at LT Game, Inc., Feng, Allison, and Kiely had access to confidential and proprietary information, including Paradise Group's trade secrets (such as their "LTShoe" program" and "Paradise Golden Frog Baccarat" computer program) which they improperly used to compete with the Paradise Group.  (*Id.* ¶¶ 38–42, 48, 55, 58, 65, 66).  As a result, plaintiffs allege that today, LT Game, Inc. is a "shell," while Empire's growth has only expanded.  (*Id.* ¶¶ 156, 164).

Plaintiffs filed a complaint against Empire, Feng, Kiely, Allison, and Allison's company GSL, on March 1, 2024.  (ECF No. 1).  They later filed an amended complaint, adding Yi "Betty" Zhao as a defendant in the action.  (ECF No. 69).  On May 12, 2025, defendant Zhao moved to dismiss the claims against her for lack of personal jurisdiction.  (ECF No. 77).  The court granted the request but permitted plaintiffs twenty days to amend the personal jurisdiction deficiencies.  (ECF No. 127).  Plaintiffs did not timely move to amend the complaint.  Thus, defendant Zhao is no longer a party to this action.

On Christmas Eve, the remaining defendants filed a motion requesting that the court dismiss most of the claims brought by the plaintiffs, pursuant to Federal Rule of Civil Procedure 12(c).  The court found it appropriate to advance the response and reply brief deadlines, given the filing of the motion during the holiday season and a pending expert report deadline (ECF No. 142).  Thereafter, the court denied as improper an "emergency" motion from plaintiffs asking the court to dismiss the defendants' Rule 12(c) motion on the grounds that it was untimely.  (*See* ECF No. 146) (instructing plaintiffs to file their timeliness argument in their response to the Rule 12(c) motion).  The court now considers the defendants' Rule 12(c) motion.

**II.     Legal Standard**

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if "taking

all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Hawaii, Dep't of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017) (citation and internal quotation marks omitted). A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion." *Id.* That is, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted). However, to proceed, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citation and quotation omitted).

Courts have discretion to grant leave to amend in conjunction with 12(c) motions. *Carmen v. San Francisco Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), *aff'd*, 237 F.3d 1026 (9th Cir. 2001) (citation omitted). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.    Discussion**

A.    Timeliness of the Motion

Plaintiffs first argue that defendants' Rule 12(c) motion is untimely because it was filed after the close of fact discovery and that defendants should raise their issues in their planned summary judgment motion. (ECF No. 149 at 1, 3).

Plaintiffs point to other courts that have denied motions for judgment on the pleadings where discovery is substantially closed. *See, e.g.*, *Reflex Media, Inc. v. Successfulmatch.Com*, No.

20-cv-06393, 2024 U.S. Dist. LEXIS 8068, at *3–*4 (N.D. Cal. Jan. 16, 2024); *Estate of Rodriguez v. City of Long Beach*, No. 2:18-cv-07522-CAS(FFMx), 2020 U.S. Dist. LEXIS 9927, at *7 (C.D. Cal. Jan 21, 2020); *Perez v. Oak Grove Cinemas, Inc.*, No. 3:13-cv-00728-HZ, 2014 WL 1796674, at *10 (D. Or. May 5, 2014).

There appears to be no textual support for following these courts. Rule 12(c) explicitly permits filing of a motion for judgment on the pleadings "[a]fter the pleadings are closed—but *early enough not to delay trial*." Fed. R. Civ. P. 12(c) (emphasis added); *see Leigh v. Jewell*, No. 3:11-CV-00608, 2014 WL 31675, at *6 (D. Nev. Jan. 3, 2014); *Banks v. Trans Union LLC*, No. 2:21-cv-01580, 2024 U.S. Dist. LEXIS 245007, at *11 (D. Nev. Nov. 15, 2024).

Courts have found motions for judgment on the pleadings to be timely where no trial date has been set. *See, e.g.*, *Banks*, 2024 U.S. Dist. LEXIS 245007, at *11 ("trial is not yet on the horizon"); *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1190 (N.D. Cal. 2014). Likewise, defendants' motion is timely because it was filed after the close of pleadings, but no trial date has been set.

B.    Sufficiency of the Pleadings

1.    *Trade Secret Misappropriation*

Plaintiffs assert federal and state law claims for trade secret misappropriation. It is appropriate to analyze these claims together because the federal and Nevada state law statutes are substantially similar. *See Banq, Inc. v. Purcell*, No. 2:22-cv-00773, 2025 U.S. Dist. LEXIS 145125, at *5 (D. Nev. July 29, 2025). To state a claim for misappropriation of trade secrets, plaintiffs must allege: (1) possession of a trade secret by plaintiffs, (2) misappropriation of the trade secret by defendants, and (3) that the misappropriation caused or threatened damage to the plaintiffs. *See InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020).

- 5 -

Defendants argue that plaintiffs do not plausibly allege possession of a trade secret or misappropriation thereof by the defendants.

The alleged trade secrets at issue include "financial, business, technical, and engineering information including software, hardware, computer programming code, including but not limited to the Paradise Golden Frog Source code and LT Shoe source code, and product designs and prototypes, including those related to Smart Card shoes." (ECF No. 69 ¶ 17). Plaintiffs' hedging language is permissible at the pleading stage to satisfy their burden of identifying at least one trade secret "with sufficient particularity to create a triable issue." *InteliClear, LLC*, 978 F.3d at 559. This information, as well as the other descriptions provided in the complaint, "permit[s] the defendant[s] to ascertain at least the boundaries within which the secret lies." *See Aristocrat Tech., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382, 2024 WL 3104806, at *4 (D. Nev. June 24, 2024). Accordingly, plaintiffs sufficiently identify at least one trade secret.

Defendants contend that plaintiffs do not "specifically plead how or when Mr. Feng, Mr. Allison, or Mr. Kiely misappropriated any trade secrets." (ECF No. 136 at 6). The standard here is *sufficient* pleading, not *specific* pleading. *See Iqbal*, 556 U.S. at 678. And here, there is sufficient pleading in that the individual defendants had access to the alleged trade secrets by virtue of their positions at LT Game, Inc., and improperly and impermissibly used them outside of the scope necessary to perform their duties. (*See* ECF No. 149 at 9).

Defendants further argue—without citation to legal authority—that plaintiffs cannot establish Empire or GSL misappropriated the alleged trade secrets by claiming disclosure was impossible to avoid. *See* Local Rule LCR 47-3. The complaint alleges a plausible theory of misappropriation as to these defendants and sufficient facts to support the misappropriation.

Considering the foregoing, the court declines to dismiss plaintiffs' trade secret claims.

2.      *Copyright Infringement*

Defendants next move to dismiss plaintiffs' copyright infringement claim. To establish a prima facie case of copyright infringement, each plaintiff must demonstrate: (1) ownership of a valid copyright in the allegedly infringed work, and (2) copying of a protected expression contained in the allegedly infringed work by the defendants. *Skidmore as Tr. For Randy Craig Wolfe Tr. V. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020).

At issue is the effect of copyright ownership on the plaintiffs' ability to bring their infringement claims. The parties dispute the timing of Paradise's copyright ownership and its effect on the scope of plaintiff Paradise's infringement claim. However, they do not dispute that LT Game, Inc. never owned the copyrights nor that LT Game Limited "assigned all rights, title and interest in and to" the copyrights to Paradise. (ECF No. 136 at 9); (ECF No. 149 at 10). Accordingly, LT Game Inc. and LT Game Limited's copyright infringement claims against the defendants are dismissed with prejudice.

As to the second element of the infringement claim, plaintiffs plausibly plead copying of the allegedly copyrighted work as to Empire and Feng, but there are no allegations of infringing conduct by GSL, Kiely, or Allison. Thus, Paradise's infringement claim against GSL, Kiely, and Allison is dismissed without prejudice.

3.      *Breach of Fiduciary Duties*

Allison and Kiely move to dismiss plaintiff Paradise's claim for breach of fiduciary duty; Allison and Feng move to dismiss LT Game Limited's claim for breach of fiduciary duty. (ECF No. 136 at 21). Defendants argue that plaintiffs failed to establish a fiduciary duty between these parties. The court disagrees.

Relevant here is the relationship between Paradise, LT Game, Inc., and LT Game Limited.

Plaintiff Paradise is the parent company of LT Game and LT Game Limited, and the companies are collectively known as Paradise Group.  Together, the Paradise Group develops, sells, and leases their products.  (ECF No. 69 ¶ 15).   As the court understands the allegations, the confidential business information is that of all the companies, not one isolated subsidiary.  Therefore, in this case, it is plausible to understand that a defendant occupying a position as a corporate officer of a subsidiary of Paradise would owe a fiduciary duty to other companies within the group.

The complaint alleges Feng, Kiely, and Allison were entrusted with access to Paradise Group's confidential business information due their positions as corporate officers in the company. (*Id.* ¶¶ 28, 53, 66).   It also alleges that they knew they had a duty to keep the information confidential.  (*Id.*).   Accordingly, there are sufficient factual allegations to support a finding that the defendants owed plaintiffs a fiduciary duty.  The court declines to dismiss this claim.

### 4.        *Fraud and Constructive Fraud*

The parties dispute whether plaintiffs sufficiently pled their fraud and constructive fraud claims under Rule 9(b)'s heightened pleading standard.  *See* Fed. R. Civ. P. 9(b) (requiring a party alleging fraud to state "with particularity the circumstances constituting fraud or mistake").   "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme."  *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)) (cleaned up).

The court finds that plaintiffs allege fraudulent concealment with the particularity required under Rule 9(b).[1]  Plaintiffs allege that these defendants conspired to maintain the secrecy of their

---

[1] The elements of a claim for fraud are: "(1) a false representation, (2) the defendant's knowledge or belief that the representation is false, (3) the defendant's intention to induce the plaintiff's reliance, (3) the defendant's intention to induce the plaintiff's reliance, (4) the plaintiff's justifiable reliance, and (5) damages." *Nevada State*

true business activities in order to procure continued funding, resources, and non-interference, all while owing a fiduciary duty to plaintiffs.  (ECF No. 149 at 12); (ECF No. 69 ¶¶ 33, 75, 85, 86, 109, 221–37).  Plaintiffs were unaware that "Empire would pursue separate business with other gaming companies" and would not have provided Empire financial resources had they known the truth.  (*See* ECF No. 69 ¶ 43).  Plaintiffs detail the roles occupied, actions taken, and timing thereof, of each of defendants Allison, Kiely, and Feng, in the alleged fraudulent scheme.[2]  (ECF No. 149 at 12); (ECF No. 69 ¶¶ 25–28, 33, 50–53, 63–68, 75, 85, 86, 109, 221–37, 283–90).

Defendants' issue with the pleading of constructive fraud is primarily rooted in their contention that plaintiffs have failed to sufficiently allege breach of fiduciary duty.  This court has determined otherwise.  Plaintiffs plead their claim of constructive fraud against the defendants with the particularity required under Rule 9(b).

> 5.    *Civil Conspiracy*

In Nevada, an actionable civil conspiracy "consists of a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage."  *Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 971 P.2d 1251, 1256 (Nev. 1998); *Morris v. Bank of Am. Nev.*, 110 Nev. 1274, 886 P.2d 454, 455 n.1 (Nev. 1994). To state a claim for civil conspiracy a plaintiff must allege that: (1) two or more defendants acted in concert with the intent to

---

*Educ. Ass'n v. Clark Cnty. Educ. Ass'n*, 482 P.3d 665, 675 (Nev. 2021).  Fraudulent concealment is a type of fraud claim, which requires that plaintiffs plausibly allege: "(1) the defendant concealed or suppressed a material fact, (2) the defendant was under a duty to disclose the fact to the plaintiff, (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff was unaware of the fact and would not have acted as he did had he known of the concealed or suppressed fact, and (5) the plaintiff sustained damages as a result of the concealment or suppression of the fact."  *Donovan v. Flamingo Palms Villas, LLC*, No. 2:08-cv-01675, 2009 WL 10693913, at *12 (D. Nev. June 23, 2009) (citing *Dow Chemical Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998)).

[2] Plaintiffs explain that "[G]iven Mr. Feng's position as Empire and Mr. Kiely's position as sole owner and operator of GSL, these entities breached a duty of confidence in their dealings" with plaintiff.  (ECF No. 149 at 16).  Considering the particularized allegations against the individual defendants, this theory of liability is sufficient for the allegations against Empire and GSL to survive this stage of the proceedings.

accomplish an unlawful objective for the purpose of harming another, and (2) damage resulted from the concerted acts. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001); *see also Steele v. EMC Mortg. Corp.*, No. 59490, 2013 WL 5423081, at *1 (Nev. Sept. 20, 2013).

Under Nevada law, a civil wrong must underlie a civil conspiracy claim. *See Atlantic-Pacific Processing Sys. NV Corp. v. Plaut*, No. 2:21-CV-2060, 2023 WL 2744660, at *9 (D. Nev. Mar. 31, 2023). Because plaintiffs base their civil conspiracy claim on fraud, they must satisfy the Rule 9(b) heightened pleading standard. *See Wisdom v. U.S.*, No. 3:06-CV-00094, 2010 WL 3981712, at *7 (D. Nev. Oct. 8, 2010).

Plaintiffs plead facts with the necessary particularity to support a claim for civil conspiracy. An overt act would be any action taken in furtherance of the fraud claim, which has passed Rule 9(b) muster as discussed above. The actions taken by each individual defendant are described in the complaint, and a meeting of the minds can be understood from the face of the allegations.

It is possible that this claim may be barred by the intracorporate conspiracy doctrine. Defendants further argue that the intracorporate conspiracy doctrine prevents plaintiffs from pursuing this claim. Generally, "[a]gents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." *Collins v. Union Fed. S&L Ass'n*, 99 Nev. 284, 662 P.2d 610, 622 (Nev. 1983) (citations omitted).

In arguing that the doctrine is inapplicable, plaintiffs cite to RICO conspiracy and civil rights cases, where limited exceptions have been made, but this authority is inapposite to the claim in issue. (ECF No. 149 at 18). Defendants raise the intracorporate conspiracy doctrine as a defense to plaintiffs' civil conspiracy claim. This court has recognized the application of the doctrine in civil conspiracy cases. *See S. Nev. Fire Prot. Inc. v. Clark Cnty.*, 2:21-CV-1843 JCM (DJA), 2022

WL 19795807, at *2 (D. Nev. Dec. 19, 2022) (ruling that "[b]ecause a corporate entity is a singular legal entity, agents and officers acting on behalf of that corporate entity cannot form a conspiracy with each other or with the entity.") (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984)).

Plaintiffs also argue that the doctrine does not apply because Kiely, Allison, and Feng were not acting in their capacity as Empire employees when they engaged in the alleged conspiracy. Rather, they were employed as LT Game, Inc. corporate officers.  This "scope of employment" argument is best resolved at the summary judgment stage.  Accordingly, the court will not dismiss this claim.

   *6.  Conversion[3]*

To plead a claim for conversion, plaintiffs must sufficiently allege that defendants committed "a distinct act of dominion wrongfully exerted over *another's personal property* in denial of, or inconsistent with his title or rights therein . . ." *New England Life Ins. Co. v. Lee*, No. 2:14-CV-1797, 2015 WL 1413391, at *8 (D. Nev. Mar. 27, 2015) (citing *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 5 P.3d 1043, 1048 (Nev. 2000)) (emphasis added).

The court is inclined to dismiss plaintiff Paradise and LT Game Limited's claim for conversion as to the LTShoe Product because, under the facts alleged, LT Game, Inc. was the sole owner of the smart card shoes in issue.

---

[3] Plaintiffs claim that they plausibly plead their claims for conversion, unjust enrichment, breach of fiduciary duty, breach of contract, and tortious interference with contract, because they have established standing as to at least one of the plaintiffs in each of the claims. However, plaintiffs misunderstand the issue. The court must determine sufficiency of the claims, not standing of the plaintiffs. Defendants may properly argue that one (or more) of the plaintiffs' claims are legally or factually insufficient against one (or more) of the defendants.

7.    *Federal RICO*

Plaintiffs generally allege that "the RICO Defendants committed multiple predicate acts, *i.e.*, crimes, listed in 18 U.S.C. § 1961(1), including but not limited to wire fraud[.]"  (ECF No. 69 ¶ 271); (*see also id.*, Count Eight, generally citing to 18 U.S.C. § 1961, *et seq.*).  The complaint leaves the door open as to which subsection(s) of the statute defendants are accused of violating. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing" entitlement to relief.  Plaintiffs are not compliant with this requirement and the claim is therefore inadequately pled.

8.    *Unjust Enrichment*

To properly plead a claim for unjust enrichment, plaintiffs must plausibly allege that (1) a plaintiff conferred a benefit on a defendant; (2) the appreciation by the defendant of that benefit; and (3) that the defendant accepted and retained that benefit under circumstances that would make it inequitable for him to retain that benefit without payment for the value of the benefit.  *Backman v. Goggin*, No. 2:16-CV-1108, 2017 WL 1015008, at *4 (D. Nev. Mar. 15, 2017) (Mahan, J.) (citing *Takiguchi v. MRI Int'l, Inc.*, 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014)).

Defendants Empire and Feng move to dismiss the unjust enrichment claim as to LT Game Limited, contending that there are no allegations LT Game Limited transferred any funds to, or conferred any benefit on, Empire or Feng.  (ECF No. 136 at 20).  Plaintiffs argue that the complaint sufficiently alleges that LT Game Limited engaged and paid legal counsel for services that benefitted Empire and Feng.  (ECF No. 149 at 22 n.5); (ECF No. 69 ¶¶ 16, 74–75, 277).  The court finds the allegations in the complaint to be sufficient to support a prima facie unjust enrichment claim against Empire and Feng.

### 9.    *Aiding and Abetting*

To state a claim for aiding and abetting breach of fiduciary duty, plaintiffs must allege: "(1) a fiduciary relationship exists, (2) the fiduciary breached the fiduciary relationship, (3) the third party knowingly participated in the breach, and (4) the breach of the fiduciary relationship resulted in damages." *In re Amerco Deriv. Litig.*, 252 P.3d 681, 702 (Nev. 2011).

The first element has plausibly been satisfied. *See supra* Section III.B.3. However, the complaint merely alleges that the defendants "knowingly and actively abetted each other to breach the other's fiduciary duties, acting in concert." (ECF No. 69 ¶ 297). Plaintiffs must clarify how each defendant aid or abetted the other, beyond conclusorily alleging that they did. The court finds that plaintiffs fail to state a claim for aiding and abetting fiduciary duty and accordingly dismisses this claim without prejudice.

### 10.    *Breach of Contract and Tortious Interference*

Defendants argue that the claims for breach of contract and tortious interference by plaintiffs Paradise and LT Game Limited should fail because the relevant contracts at issue are with LT Game[, Inc.], not with Paradise or LT Game Limited. Plaintiffs' only response is that LT Game, Inc. has standing to bring this claim, but that is a separate question from sufficiency of the claims. Because plaintiffs fail to allege that Paradise and LT Game Limited were parties to the relevant contracts, their breach of contract and tortious interference claims are dismissed without prejudice.

### C.    Leave to Amend

Plaintiffs argue that they can amend their pleadings to fix any deficiencies in the proposed first amended complaint. The court is dismissing without prejudice the claims for copyright infringement (by Paradise against GSL, Allison, and Kiely), conversion, aiding and abetting,

breach of contract, and tortious interference. However, amendment does not appear futile. Accordingly, plaintiffs may attempt to cure the deficiencies discussed above by filing an amended complaint within twenty-one days from the date of this order.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' 12(c) motion for judgment on the pleadings (ECF No. 136) be, and the same hereby is, GRANTED in part AND DENIED in part.

Plaintiffs LT Limited and LT Game, Inc.'s copyright infringement claim against all defendants is dismissed *with prejudice*. The following claims are dismissed *without prejudice*:

- Copyright Infringement (by Paradise against Allison, Kiely, and GSL).

- Conversion (by Paradise and LT Game Limited against all defendants)

- Aiding and Abetting (against all defendants)

- Breach of Contract (by Paradise and LT Game Limited against all defendants))

- Tortious Interference (by Paradise and LT Game Limited against all defendants)

Plaintiffs shall have twenty-one days from the entry of this order to file a motion for leave to amend the complaint. If plaintiffs fail to submit the motion within that time, then all of the dismissed claims shall be considered dismissed with prejudice.

DATED March 19, 2026.

_____
UNITED STATES DISTRICT JUDGE