PATRICK J. REILLY, ESQ.
**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, 16th Floor
Las Vegas, Nevada  89106
Telephone:    (702) 382-2101
Facsimile:    (702) 382-8135
preilly@bhfs.com

MARK T. OAKES, ESQ. (*pro hac vice*)
ZACHARY P. MCHENRY, ESQ. (*pro hac vice*)
ETHAN GLENN, ESQ. (*pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, Texas  78701-4255
Telephone:    (512) 474-5201
Facsimile:    (512) 536-4598
mark.oakes@nortonrosefulbright.com
zach.mchenry@nortonrosefulbright.com
ethan.glenn@nortonrosefulbright.com

BRIAN W. STOLARZ, ESQ. (*pro hac vice pending*)
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, DC  20001-4501
Telephone:    (202) 662-0309
Facsimile:    (202) 662-4643
brian.stolarz@nortonrosefulbright.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARADISE ENTERTAINMENT LIMITED, a Bermuda corporation; LT GAME, INC., a Nevada corporation; and LT GAME LIMITED, a British Virgin Islands corporation <br><br> Plaintiffs, <br><br> v. <br><br> EMPIRE TECHNOLOGICAL GROUP LIMITED, a Nevada corporation; GAMING SPECIALIZED LOGISTICS LLC, a Nevada limited liability company; LINYI FENG, an individual; ROY KELCEY ALLISON, an individual; and DARYN KIELY, an individual, <br><br> Defendants. | Case No. 2:24-cv-00428-JCM-BNW <br><br><br> **JOINT STIPULATION TO EXTEND DISPOSITIVE MOTION DEADLINE** <br><br> **[FIFTH REQUEST]** |

Plaintiffs Paradise Entertainment Limited ("**Paradise**"), LT Game, Inc. ("**LT Game**"), and LT Game Limited ("**LTG Limited**") (collectively "**Plaintiffs**") and Defendants Empire Technological Group Limited ("**Empire**"), Linyi (Frank) Feng, Roy Kelcey Allison, Gaming Specialized Logistics LLC ("**GSL**"), and Daryn Kiely (collectively, "**Defendants**") by and through their undersigned counsel of record, hereby stipulate and agree to extend the Parties' deadline to file dispositive motions (and the subsequent briefing schedule) in view of the Court's March 19, 2026 Order (Dkt. No. 155).

The Parties make this request in advance of the current March 27, 2026 dispositive motion deadline and submit that there is good cause for the extension, as discussed below.

### A. Background

On March 19, 2026, the Court issued an Order (Dkt. No. 155) that resolved Defendants' Rule 12(c) motion for judgment on the pleadings (Dkt. No. 136). As part of that order, the Court dismissed certain claims and granted Plaintiffs twenty-one days to move for leave to amend to attempt to cure the deficiencies the Order identified in certain claims. *See* Dkt. No. 155 at 14. The Parties' current dispositive motion deadline is set for this Friday, March 27, 2026 (*see* Dkt. No. 103 at 7), with an extended briefing schedule to follow. *See* Dkt. No. 153 at 3-4.

### B. Statement Concerning Discovery

Fact discovery officially closed in December 2025 (though some document production has occurred since). It included, among other things:

- over 20 depositions, many of which occurred in Hong Kong, and many of which required Chinese interpreters;

- well over 1 million documents collected and reviewed, including extensive resources spent translating Chinese records and recovering text messages from mobile phones;

- hundreds of hours of attorney time spent conferring and resolving discovery disputes;

- hundreds of pages of detailed written discovery responses, including to almost 200 interrogatories.

In January 2026, Plaintiffs served three expert reports. In February 2026, Defendants served five expert reports. Expert depositions are still in progress; one expert will be deposed on Thursday, March 26, 2026, and another expert will likely be deposed next week. The Parties have resolved their remaining

STIPULATION
Case No. 2:24-cv-00428-JCM-BNW

discovery disputes and agree that no motions to compel are forthcoming.

## C.    The Parties' Requested Extension

The Parties have been diligently engaged in litigation to date, and submit that good cause exists supporting the request so as to allow sufficient time for the orderly completion of briefing on these important motions without need for re-briefing, waiver, or duplicative motions.

Specifically, Plaintiffs have represented that they intend to file a motion for leave to amend their complaint in light of the Court's Order.[1]  Right now, Plaintiffs' deadline to file that motion for leave is after the Parties' dispositive motion deadline, which would mean Plaintiffs would file an amended complaint *after* the Parties have filed dispositive motions.  This joint stipulation seeks to invert that schedule and extend the Parties' dispositive motion deadline for a short period so that Plaintiffs' motion for leave can be resolved and Plaintiffs' amended complaint be entered on the docket *before* the Parties file dispositive motions.

If this stipulation is not granted and the Parties must file dispositive motions this Friday before Plaintiffs' forthcoming amended complaint is docketed, it will create a problematic posture and additional work for the Parties and the Court.  In that situation, Defendants will not be able to move for summary judgment on amended claims because those claims have not yet been filed and, without an extension, Defendants would have no ability to assert those arguments later because the dispositive motion deadline will have passed.  If instead Defendants retained the right to assert those arguments to the amended claims but the dispositive deadline is not moved, Defendants would be required to file two dispositive motions (one this Friday and one after the amended complaint is docketed), which may not even be allowable under the local rules (*see* L.R. 7-3(a)) and would be an inefficient use of the Court's time and resources. This is particularly true given that the filing of an amended pleading can moot pending summary judgment motions, especially when some amended claims share allegations and facts with non-amended claims, so any previously-filed dispositive motions (from either Party) may have to be re-filed in their entirety anyway after Plaintiffs' amended complaint is docketed.  *See, e.g.*, *Noland v. Organo Gold Int'l, Inc.*, No. 2:18-cv-01275, 2018 WL 5802333, at *1 (D. Nev. Nov. 6, 2018) (Dorsey, J.) (denying motion for

---

[1] For the sake of efficiency and to advance the case, Defendants have agreed to not oppose Plaintiffs' forthcoming motion for leave while reserving the right to challenge the substance of Plaintiffs' amended complaint in their dispositive motion briefing.

summary judgment as moot after granting motion to amend complaint because "[a]n amended complaint supersedes all prior complaints and moots any motion directed at an earlier version of the complaint.") (citing *Ramirez v. Cnty of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)).

To remedy these issues and prevent that burden and waste, the Parties propose a short extension of the dispositive motion deadline..  To ensure the extension is as short as possible, the Parties have proposed tying it to the entry of Plaintiffs' amended complaint on the docket.  The Parties' proposed revised dispositive and *Daubert* briefing schedule, which matches the framework of the existing briefing schedule and only shifts it forward a modest amount, is shown below:

| Event | Current Deadlines | Parties' Proposal |
|---|---|---|
| Deadline to file dispositive motions | March 27, 2026 | 10 days after entry of Plaintiffs' amended complaint |
| Deadline to file opposition to dispositive motions | April 24, 2026 | 28 days after deadline to file dispositive motions |
| Deadline to file replies to dispositive motions | May 8, 2026 | 14 days after deadline to file opposition to dispositive motions |
| Deadline to file Rule 702 (*Daubert*) motions | May 29 2026 | 21 days after deadline to file replies to dispositive motions |
| Deadline to file opposition to Rule 702 (*Daubert*) motions | June 26, 2026 | 28 days after deadline to file Rule 702 (*Daubert*) motions |
| Deadline to file replies to Rule 702 (*Daubert*) motions | July 10, 2026 | 14 days after deadline to file opposition to Rule 702 (*Daubert*) motions |

IT IS SO STIPULATED.

Dated this 24th day of March, 2026.

/s/ Jean-Paul Ciardullo
OLIVER J. PANCHERI, ESQ. (NBN 7476)
JESSICA M. LUJAN, ESQ. (NBN 14913)
**SPENCER FANE LLP**
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 791-0308 / Fax: (702) 791-1912
Email: opancheri@spencerfane.com
          jlujan@spencerfane.com

JEAN-PAUL CIARDULLO, ESQ. (pro hac vice)
California Bar No. 284170
**FOLEY & LARDNER LLP**
555 Flower Street, Suite 3300
Los Angeles, California 90071
Tel: (213) 972-4500
Fax: (213) 486-0065
Email: jciardullo@foley.com

*Attorneys for Plaintiffs*

Dated this 24th day of March, 2026.

/s/ Patrick J. Reilly
PATRICK J. REILLY, ESQ. (NBN 6103)
**BROWNSTEIN HYATT FARBER
SCHRECK, LLP**
100 North City Parkway, 16th Floor
Las Vegas, Nevada 89106
Tel.: (702) 382-2101 / Fax:  (702) 382-8135
Email: preilly@bhfs.com

Mark Oakes (*pro hac vice*)
Zach McHenry (*pro hac vice*)
Ethan Glenn (*pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas  78701-4255

Brian Stolarz (*pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, DC 20001-4501

*Attorneys for Defendants*

## **ORDER**

The Court, having reviewed the above stipulation of the parties, and good cause appearing therefor, hereby **GRANTS** the above stipulation and **ADOPTS** the proposed dispositive motion deadline and subsequent briefing schedule as set forth herein.

**IT IS SO ORDERED.**

_____
DISTRICT JUDGE

DATED:_____