# EXHIBIT 1-25

# Deposition transcript of Colleen Leda

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
CASE NO. 2:24-CV-00428-JCM-BNW

PARADISE ENTERTAINMENT LIMITED, A BERMUDA CORPORATION; AND LT GAME, INC., A NEVADA CORPORATION,

PLAINTIFFS,

VS.

EMPIRE TECHNOLOGICAL GROUP LIMITED, A NEVADA CORPORATION; GAMING SPECIALIZED LOGISTICS LLC, A NEVADA LIMITED LIABILITY COMPANY; LINYI FENG, AN INDIVIDUAL; ROY KELCEY ALLISON, AN INDIVIDUAL; AND DARYN KIELY, AN INDIVIDUAL,

DEFENDANTS.

VOLUME I

DEPONENT: COLLEEN LEDA

TAKEN: FEBRUARY 24, 2025

REPORTER: DANNIELLE COPELAND
REGISTERED DIPLOMATE REPORTER
CERTIFIED REALTIME REPORTER
CALIFORNIA CSR 14444

STENOGRAPHICALLY REPORTED REMOTELY VIA ZOOM VIDEOCONFERENCE

JOB NUMBER 108163

# I N D E X


| EXAMINATION: | PAGE |
|---|---|
| BY ATTORNEY ANDREWS | 6 |
| CERTIFICATE | 89 |


## E X H I B I T S


| | | |
|---|---|---|
| Exhibit 70 MS. LEDA'S LINKEDIN PAGE TAB 1 | | 10 |
| Exhibit 71 EMAIL COMMUNICATION ETG_94652 | | 19 |
| Exhibit 72 EMAIL COMMUNICATION ETG_104436 | | 21 |
| Exhibit 73 EMAIL COMMUNICATION ETG_120819 | | 27 |
| Exhibit 74 JANUARY 1ST, 2020, AGREEMENT ETG_120821 | | 37 |
| Exhibit 75 EMAIL COMMUNICATION PARADISE8785 | | 48 |
| Exhibit 76 EMAIL COMMUNICATION ETG_159820 | | 62 |

THE VIDEOTAPED DEPOSITION OF COLLEEN LEDA, TAKEN PURSUANT TO NOTICE HERETOFORE FILED, VIA ZOOM VIDEOCONFERENCE, ON FEBRUARY 24, 2025, AT APPROXIMATELY 8:06 A.M., PACIFIC TIME, UPON ORAL EXAMINATION, AND TO BE USED IN ACCORDANCE WITH THE CALIFORNIA CODE OF CIVIL PROCEDURE.

*** *** ***

APPEARANCES

VIA ZOOM VIDEOCONFERENCE

FOR THE PLAINTIFFS:
HANNAH ANDREWS, ESQ.
FOLEY & LARDNER LLP
95 SOUTH STATE STREET, SUITE 2500
SALT LAKE CITY, UTAH 84111
HANDREWS@FOLEY.COM

AND

JEAN-PAUL CIARDULLO, ESQ.
FOLEY & LARDNER LLP
555 FLOWER STREET, SUITE 3300
LOS ANGELES, CALIFORNIA 90071
JCIARDULLO@FOLEY.COM

*** *** ***

APPEARANCES

VIA ZOOM VIDEOCONFERENCE

FOR THE DEFENDANTS EMPIRE TECHNOLOGICAL GROUP LLIMITED, LINYI (FRANK) FENG, ROY KELCEY ALLISON, DARYN KIELY, AND GAMING SPECIALIZED LOGISTICS:
BRIAN STOLARZ, ESQ.
NORTON ROSE FULBRIGHT US LLP
799 9TH ST NW, SUITE 1000
WASHINGTON, DC 20001
BRIANT.STOLARZ@NORTONROSEFULBRIGHT.COM

ALSO PRESENT:
JAKE DIBBLE, VIDEOGRAPHER

and Empire was separated, would this clause then be implemented?

ATTORNEY STOLARZ: Object to the form.

**THE WITNESS: With the way it reads, I would say yes. But I do not recall how that transition happened.**

BY ATTORNEY ANDREWS:

Q. Do you recall if any LT Game employees were recruited to work for Empire?

**A. Well, at one time all the employees were under LT Game.**

Q. Right.

But were any of them recruited to then go work for Empire as Empire began to separate?

**A. Basically, from my understanding, is you now work for Empire, and that's what we were told.**

Q. So did you -- were you formally not employees of LT Game anymore?

**A. Correct.**

Q. And do you recall who you were getting your paychecks from; was it still LT Game?

**A. I would have to -- I don't have any of those documents to tell you. That would be something I would have to look up in our payroll system we were using at the time.**

Q. So do you -- I guess back to my initial question.
Do you recall any LT Game employees being recruited by Empire employees to work just for Empire?
ATTORNEY STOLARZ: Object to the form.
**THE WITNESS: Well, like I said, a lot of the employees, myself included, were hired by LT Game, and then we were told "you now work for Empire."**
BY ATTORNEY ANDREWS:
Q. So all LT Game employees were -- then became Empire employees?
ATTORNEY STOLARZ: Object to the form.
**THE WITNESS: Not all. There were -- oh, my gosh. I'm trying to think of the gentleman's name.**
**For example, I think his name was Damon, he worked on shoes, so that -- he definitely stayed with LT Game because he worked on the shoes. And he was the one that would go to a California casino quite often because of that part of the business.**
BY ATTORNEY ANDREWS:
Q. Okay. And he was an LT Game employee?
**A. Yes. And he did -- still there at least when I was still there.**
Q. Okay. And was he -- was he located in the Empire office space that you talked about?

**A. No. He stayed at the LT Game office space.**
Q. Okay.
ATTORNEY ANDREWS: If we can bring up Tab 10.
ATTORNEY STOLARZ: I'm sorry, Hannah.
Jake, can you put up 5 and 6 into the chat?
You had 1, 3, and 4. I don't know if you were doing them all or --
THE VIDEOGRAPHER: Oh, of course.
ATTORNEY STOLARZ: If you can't, that's fine, too. I just saw you had some other ones in the chat.
THE VIDEOGRAPHER: Coming right up.
ATTORNEY STOLARZ: Thank you.
THE VIDEOGRAPHER: And then I'm sorry. What was the -- the new one?
ATTORNEY STOLARZ: She said 10. She said 10 for the new one.
THE VIDEOGRAPHER: Great. Thank you.
And that's going in the chat as well.
ATTORNEY STOLARZ: Thank you.
(Exhibit 75 WAS MARKED FOR IDENTIFICATION.)
ATTORNEY ANDREWS: Zoom this in as well.
BY ATTORNEY ANDREWS:
Q. All right. Do you recognize your email

REPORTER'S CERTIFICATE

I, DANNIELLE COPELAND, RDR, CRR, DO HEREBY CERTIFY THAT THE FOREGOING DEPOSITION OF COLLEEN LEDA WAS TAKEN BEFORE ME AT THE TIME AND PLACE AND FOR THE PURPOSE IN THE CAPTION STATED; THAT THE WITNESS WAS FIRST DULY SWORN TO TELL THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH; THAT THE DEPOSITION WAS TAKEN BEFORE ME STENOGRAPHICALLY AND AFTERWARDS TRANSCRIBED UNDER MY DIRECTION; THAT THE FOREGOING IS A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE SAID DEPOSITION SO GIVEN; THAT THERE WAS A REQUEST THAT THE WITNESS READ AND SIGN THE TRANSCRIPT; THAT THE APPEARANCES WERE AS STATED IN THE CAPTION.

I FURTHER CERTIFY THAT I AM NEITHER OF COUNSEL NOR OF KIN TO ANY OF THE PARTIES TO THIS ACTION, AND AM IN NO WAY INTERESTED IN THE OUTCOME OF SAID ACTION.

WITNESS MY SIGNATURE ON MARCH 12, 2025.

Dannielle Copeland

DANNIELLE COPELAND, RDR, CRR
CALIFORNIA CSR 14444
TENNESSEE LICENSE 807
WASHINGTON CSR 22000824